# EXHIBIT 9

Case 1:25-cv-04248-NGG-PK    Document 79-11    Filed 04/30/26    Page 1 of 4 PageID #: 2447

# WILLKIE FARR & GALLAGHER LLP

DAN C. KOZUSKO
212-728-8694
dkozusko@willkie.com

787 Seventh Avenue
New York, NY 10019-6099
Tel:  212 728 8000
Fax: 212 728 8111

**VIA EMAIL**

February 6, 2026

David W. Bowker, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC 20037

Re:   *Finan, et al. v. Lafarge S.A., et al.*, No. 1:22-cv-07831-NGG-PK;
      *Shirley, et al. v. Lafarge S.A., et al.*, No. 1:25-cv-04248-NGG-PK;
      *Murad, et al v. Lafarge S.A., et al.*, No. 1:23-cv-09186-NGG-PK.

Dear David:

I am Deputy General Counsel of Willkie Farr & Gallagher LLP ("Willkie" or the "Firm") and write in response to your January 22, 2026 letter and January 26, 2026 email to Lee Wolosky concerning Willkie's representation of Plaintiffs in the above-referenced actions (collectively, the "Actions") against Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria, S.A. (collectively, "Lafarge"). Contrary to Lafarge's suggestion, Willkie can and will continue to represent Plaintiffs in the Actions because Willkie's representation is fully consistent with its professional obligations.

First, Lafarge asserts that the Willkie team representing non-party Bruno Lafont in connection with criminal and civil proceedings in France "gained access to Lafarge's privileged and other protected information, participated in privileged and protected discussions with Lafarge and its counsel, and helped to develop the facts and defenses." (Letter at 1.)  However, Lafarge does not identify what this information supposedly is, even in the most general terms, much less offer any evidence to support these sweeping assertions.  Our investigation to date has not revealed any indication that the Willkie team representing Mr. Lafont gained access to any "privileged and other protected information" from Lafarge.  This makes sense given that neither Lafarge nor Mr. Lafont was part of a privileged joint defense agreement in the French criminal proceedings.  On the contrary, Lafarge and Mr. Lafont have been directly adverse to each other since at least 2022, before the commencement of the Actions.  Moreover, your letter does not explain how Willkie lawyers representing Mr. Lafont could have accessed "Lafarge's privileged and other protected information" without a waiver of privilege by Lafarge.

Even if Lafarge's unsubstantiated assertion were true, it does not affect Willkie's right to represent Plaintiffs in the Actions because an effective screen has been in place at Willkie throughout the relevant time period.  In 2018 (for reasons unrelated to Willkie's representation of Plaintiffs), the Firm established

an ethical wall around Willkie's representation of Mr. Lafont to ensure that only the lawyers representing Mr. Lafont can gain access to documents and files on his matter. None of those lawyers are part of the team that represents Plaintiffs in the Actions. As an additional safeguard, after Willkie began representing Plaintiffs in early 2025, the Firm created a second wall that prohibits both (i) any lawyers working on the Actions from accessing documents and files relating to the Paris office's representation of Mr. Lafont and (ii) any lawyers representing Mr. Lafont from accessing documents and files relating to the Firm's representation of Plaintiffs in the Actions. As a result, no Willkie lawyer representing Plaintiffs can access any information that lawyers in Paris may have obtained in the course of representing Mr. Lafont, nor can the team representing Mr. Lafont access any information that Willkie lawyers have obtained in the course of representing Plaintiffs here.

Second, your letter suggests that the Firm's representation of Plaintiffs in the Actions is somehow inappropriate because "Willkie's core allegations are directed specifically and adversely at Mr. Lafont." (Letter at 1.) Mr. Lafont, of course, is not a party to any of the Actions, and Lafarge (which is a party to the Actions) has no legal right to dispute the allegations in the complaints about Mr. Lafont because those allegations track, in some cases verbatim, the text of Lafarge's guilty plea. As a matter of law, Lafarge cannot contest facts to which it pleaded guilty.[1]

Moreover, Lafarge's entire conflicts argument is predicated on the claim that Willkie's representation of Plaintiffs constitutes a breach of Willkie's duty of loyalty to Mr. Lafont. Lafarge, however, has no standing to make such an objection, and Lafarge has waited almost a year since Willkie became involved in the Actions, which suggests that Lafarge is raising this issue now for tactical reasons. In any case, even if the representation of Plaintiffs in the Actions were somehow to become adverse to non-party Mr. Lafont (such as through Mr. Lafont's deposition or examination at trial), Willkie would not be involved because Willkie's co-counsel would handle that aspect of the representation.

Third, your assertion that the complaints' allegations relating to Mr. Lafont and Willkie's representation of Mr. Lafont in France involve the "advancement of contradictory factual and legal positions—on two diametrically opposed sides of these disputes" is factually and legally flawed. (Letter at 2.) There is no conflict between (i) the issues at stake in the Actions, namely, Lafarge's civil liability under the federal Anti-Terrorism Act on the basis of its admitted criminal conduct under U.S. law, and (ii) the defense of Mr. Lafont against French criminal charges and civil indemnification claims that Lafarge has brought, all of which have different elements than the claims asserted by Plaintiffs here and are pending before different tribunals in different countries under different governing law than the Actions.

In short, Lafarge has not offered a legitimate basis to question Willkie's representation of Plaintiffs. We look forward to continuing this work and obtaining a successful resolution of our clients' claims against Lafarge. In the meantime, Willkie reserves all rights.[2]

---

[1]    For example, your letter quotes paragraph 14 of the amended complaint in *Shirley*, whose allegations mirror in substance those in paragraph 15 of Lafarge's guilty plea. Your letter also relies on the allegation on page 11 of the same pleading "that Mr. Lafont was a 'principal co-conspirator[]'" (*id.* at 2), which echoes the first page of Lafarge's guilty plea, which lists Mr. Lafont among "the Principal Co-Conspirators."

[2]    Your January 26, 2026 email asks various questions about communications between Willkie and its clients, all of which are privileged and confidential.

- 2 -

134327312.v4

\*\*\*

Very truly yours,

*/s/ Dan C. Kozusko*

Dan C. Kozusko

cc:    William H. Gump, Esq.
       Lee Wolosky, Esq.
       Andrew J. Lichtman, Esq.

- 3 -

134327312.v4