# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARISS FINAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAFARGE S.A., *et al.*, <br><br> Defendants. | Case No. 22-cv-07831-NGG-PK |
| NADIA MURAD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAFARGE S.A., *et al.*, <br><br> Defendants. | Case No. 23-cv-09186-NGG-PK |
| SUSAN SHIRLEY, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAFARGE S.A., *et al.*, <br><br> Defendants. | Case No. 25-cv-04248-NGG-PK |

**DECLARATION OF LEE WOLOSKY**

I, LEE WOLOSKY, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a member of the bar of this Court and a partner of the law firm of Willkie Farr & Gallagher LLP ("Willkie").  I submit this declaration in support of Willkie's Opposition to Defendants' Motion to Disqualify.

2.      I joined Willkie in February 2025 from Jenner & Block LLP ("Jenner"), where I was a partner and served as co-Chair of the Litigation Department and a member of the Management Committee.

3.      In 2022, while still at Jenner, I developed the first of the civil actions filed against Lafarge and its subsidiaries for their support of ISIS and al-Nusfra Front.  As part of this effort I met with many of the families who are now Plaintiffs in what became the first of the nine related cases pending before this Court against Defendants, the *Finan* matter.  I believe these families retained Jenner in significant part based on my relevant expertise and experience.

4.      My experience related to terrorism is extensive in both the private and public sectors.  I served in four separate administrations in various positions all of which touched on issues of terrorism.  Under President Bill Clinton and George W. Bush, I served as the Director for Transnational Threats on the National Security Council (NSC) at the White House.  This is or was the Directorate at the NSC responsible for counter-terrorism policy.  Under President Barack Obama I served as Special Envoy for Guantánamo Closure at the United States Department of State, with the personal rank of Ambassador.  Finally, under President Joseph R. Biden Jr., I served as Special Counsel to the President of the United States, with responsibilities related to the U.S. withdrawal from Afghanistan.

5.      In the private sector I have also had extensive experience litigating major cases under the Antiterrorism Act (18 U.S.C. §§ 2333) and similar statutes.  For example, I served as lead counsel to Plaintiffs whose family members had been killed and injured as a result of a suicide bombing in litigation against the Bank of China in *Wultz et al. v. Bank of China*, 11-cv-01266 (S.D.N.Y.).  I serve as lead counsel to hundreds of U.S. citizen victims of October 7 in two pending cases, *Balva et al. v. Binance Holdings Limited et al.*, 25-cv-00266 (D.N.D) and *Shalom et al. v.*

*Masri et al.*, 25-cv-23837 (S.D. Fla.), and I serve as lead counsel to U.S. servicemen and their families suing Standard Chartered Bank in *Bonacasa et al. v. Standard Chartered PLC et al.*, 22-cv-03320 (S.D.N.Y). I serve as co-lead counsel in another terrorism case that is currently under seal. I also served as counsel to families whose loved ones were killed on September 11th in connection with judgment enforcement efforts against Iran for its funding of the September 11th attacks. *See Havlish v. Clearstream Banking, S.A. et al.*, 16-cv-08075 (S.D.N.Y.).

6.      I have never accessed or reviewed any confidential information regarding Willkie's representation of Bruno Lafont.

7.      I have never had any communications with anyone at Willkie regarding confidential information obtained in connection with Willkie's representation of Mr. Lafont (although I have had communications with Willkie's General Counsel and Deputy General Counsel about the walls the Firm put in place as described in the Declaration of Dan Kozusko attached to Willkie's Opposition as Ex. A).

8.      In February and early March 2026, Willkie and its co-counsel emailed all the nearly 1,000 Plaintiffs in the above-captioned actions to inform them about Lafarge's motion to disqualify and provide them with a copy of the motion.

9.      No Plaintiff has expressed support for disqualification. To the contrary, all the responses Willkie has received have expressed a desire for me and Willkie to remain in the case.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: April 30, 2026


*/s/ Lee Wolosky*
Lee Wolosky

3