# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARISS FINAN, *et al.*, | |
| Plaintiffs, | Case No. 22-cv-07831-NGG-PK |
| v. | |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| DIANE FOLEY, *et al.*, | |
| Plaintiffs, | Case No. 23-cv-05691-NGG-PK |
| v. | |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| JASON BLACK, *et al.*, | |
| Plaintiffs, | Case No. 24-cv-08901-NGG-PK |
| v. | |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| SUSAN SHIRLEY, *et al.*, | |
| Plaintiffs, | Case No. 25-cv-04248-NGG-PK |
| v. | |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |

- 1 -

| | |
|---|---|
| NADIA MURAD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAFARGE S.A., *et al.*, <br><br> Defendants. | Case No. 23-cv-09186-NGG-PK |
| ESTATE OF AVRAHAM GOLDMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAFARGE S.A., *et al.*, <br><br> Defendants. | Case No. 24-cv-01043-NGG-PK |
| HELEN JANE WILSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAFARGE S.A., *et al.*, <br><br> Defendants. | Case No. 25-cv-01975-NGG-PK |
| CHRISTINE STALLTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LAFARGE S.A., *et al.*, <br><br> Defendants. | Case No. 25-cv-06749-DLI-VMS |

| TAMARA FIELDS, *et al.*, | |
| --- | --- |
| Plaintiffs, | |
| v. | Case No. 23-cv-00169-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |

## LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE IN THE APPOINTMENT OF A COMMISSIONER PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN <u>CIVIL OR COMMERCIAL MATTERS</u>

A request is hereby made by the United States District Court for the Eastern District of New York, at 225 Cadman Plaza East, Brooklyn, NY 11201, United States of America, to the Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Département de l'entraide, du droit international privé et européen (DEDIPE), 13, Place Vendôme, 75042 Paris Cedex 01, France, for assistance in obtaining deposition and document discovery from Hélène Seguin (the "Witness"), a former employee of Defendant Lafarge S.A.  This request is made pursuant to Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters.

| 1. | Sender | The Honorable Peggy Kuo<br>United States Magistrate Judge<br>United States District Court<br>Eastern District of New York<br>225 Cadman Plaza East<br>Brooklyn, New York 11201<br>UNITED STATES OF AMERICA |
| --- | --- | --- |
| 2. | Central Authority of the Requested State | Ministère de la Justice<br>Direction des Affaires Civiles et du Sceau<br>Département de l'entraide, du droit international privé et européen<br>13, Place Vendôme |

- 3 -

| | | |
|---|---|---|
| | | 75042 Paris Cedex 01 <br> FRANCE |
| 3. | Person to whom the executed request is to be returned | David W. Bowker <br> Wilmer Cutler Pickering Hale and Dorr LLP <br> 2100 Pennsylvania Avenue, N.W. <br> Washington, DC 20036 <br> Tel: (202) 663-6000 <br> Fax: (202) 663-6363 <br> david.bowker@wilmerhale.com <br> UNITED STATES OF AMERICA <br><br> Defendants also designate the appointed Commissioner, Mr. Alexander Blumrosen, to accept service of the Hague Convention authorization and notifications from the French governmental authorities related to the Hague Convention proceedings on Defendants' behalf. The Commissioner shall transmit such authorization and notifications to counsel for both Defendants and Plaintiffs simultaneously. |

In conformity with Chapter II, Article 17 of the Hague Convention, the United States District Court for the Eastern District of New York presents its compliments to the Ministère de la Justice and has the honor to submit the following request:

| | | |
|---|---|---|
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Request for International Judicial Assistance ("Request for Assistance") | The requesting authority would greatly appreciate a response to the Request for Assistance within 21 days, or as soon thereafter as is practicable. |
| 5. | Requesting Authority | United States District Court <br> Eastern District of New York <br> 225 Cadman Plaza East <br> Brooklyn, New York 11201 <br> UNITED STATES OF AMERICA |
| 6. | To the competent authority of | The Republic of France |
| 7. | Name of the case and any identifying number | Foley, *et al.* v. Lafarge S.A., *et al.*, No. 23-cv-05691-NGG-PKK; <br><br> Finan, *et al.* v. Lafarge S.A., *et al.*, No. 22-cv-07831- |

- 4 -

| | | |
|---|---|---|
| | | NGG-PK; |
| | | Black, *et al.* v. Lafarge S.A., *et al.*, No. 24-cv-08901-NGG-PKK; |
| | | Shirley, *et al.* v. Lafarge S.A., *et al.*, No. 25-cv-004248-NGG-PKK; |
| | | Goldman, *et al.* v. Lafarge S.A., *et al.*, No. 24-cv-01043-NGG-PKK; |
| | | Murad, *et al.* v. Lafarge S.A., *et al.*, No. 23-cv-09186-NGG-PKK; |
| | | Stallter, *et al.* v. Lafarge S.A., *et al.*, No. 25-cv-06749-NGG-PKK; |
| | | Fields, *et al.* v. Lafarge S.A., *et al.*, No. 23-cv-00169-NGG-PKK; |
| | | Wilson, *et al.* v. Lafarge S.A., *et al.*, No. 25-cv-01975-NGG-PKK |
| 8. | Names of Plaintiffs | *Foley Plaintiffs*: Estate of James Foley, Diane Foley, John W. Foley, John E. Foley, Mark Foley, Kathryn Simpson, Michael Foley, Estate of Kayla Mueller, Richard Mueller II, Marsha Mueller, Eric Mueller, Estate of Steven Sotloff, Arthur Sotloff, Shirley Sotloff, Lauren Sotloff, Ashley Wheeler, D.W. (by and through Ashley Wheeler), Heather Harbour-Quackenbush, Rachel Quackenbush, Scotty Quackenbush, Tatira Wade, Zachariah Wheeler, Frederick Cardin, Hayley Simpkin, Nellie Cardin, Pollyanna Dhanani, Vincent Cardin, Ali Madina, Tatsiana Neudakh, A.M. (by and through Ali Madina), L.M. (by and through Ali Madina), Ryan Galdes, C.G. (by and through Ryan Galdes, Nathan Stallter, Estate of Weston Lee, Aldene Lee, Zakery Spicer, Megan Spicer, J.S. (by and through Zakery Spicer), W.A.S. (by and through Zakery Spicer), W.C.S. (by and through Zakery Spicer), Beth Rosen, Jerrod Spicer, Lauranna Eifert, Nathan Spicer, Tanner Spicer, William Raak, Michelle Black, Henry Black, Karen Black, Addie Johnson, Elisa Johnson, John Johnson, |

Jennifer Johnson, Jo-Anne Johnson, and Richshama Johnson.

*Finan Plaintiffs*: Chariss Finan, Gloria Finan-Bacon, Shawn Bacon, Kristin Dayton, Hailey Dayton, Cole Dayton, Kenton Stacy, Lindsey Stacy, L.S., M.S., S.S., A.S., Charles Keating III, William Keating, Cassandra Keating, Elizabeth Berry Jacek, Andrew Berry, Nathan Berry, A.B., N.B., Mohamad El Hajj Hassan, Zeinab El Hajj Hassan, Ayda Ahmad, and Leyla Ekren

*Black Plaintiffs*: Jason Black, Ezekiel Black, I.B. (by and through Michelle Black), Estate of Nohemi Gonzalez, Beatriz Gonzalez, Paul Gonzalez, Reynaldo Gonzalez, Ron Greenfield, Pnina Greenfield, Gili Greenfield, Liron Greenfield, Shere Greenfield, Shye Greenfield, and Myeshia Johnson

*Shirley Plaintiffs*: Susan Shirley, Caitlin Shirley, Francisco Molinar, Frank Molinar, Debra Austrum, Elizabeth Ashley Molinar, Destiny English, Porter Goodman, Dale Goodman, Teresa Goodman, Ian Goodman, Levi Goodman, Erika Tannis Goodman, Jessica Wagner, Freeman Stevenson, Robert Stevenson, Paige Atwood, Meghan Stevenson, Chelsea Niehaus *as next friend* to M. N-K, a minor, and L.N-K, a minor, Reginald Savage, Brenna Savage, David Todd, Rachel Todd, Ricardo Todd, Tammy Grodt, Kaylee Dedrick *as next friend* to T.G., a minor, Meghann Conforti, Stephanie Dawson, Emily Grodt, John Grodt, Kaitlyn Doxie, David Taylor, Sr., Lauren Samuels, Daniel Kitchens, Mathew Hughes, Paul W. Hughes, Sherri L. Hughes, Daniel D. Hughes, and Jonathan P. Hughes

*Goldman Plaintiffs*: Estate of Avraham Goldman, Nitzhiya Goldman, Maya Goldman Cohen, Sharon Goldman-Najman, Gila Nissenbaum, Nathan Goldman, Estate of Yonatan Suher, Inbal Merom, G.S., a  minor, by his legal guardian Inbal Merom, U.S., a minor, by his legal guardian Inbal Merom, Randolph Suher, Yael Suher, Amir Suher, Eyal Suher, Eran Suher, and Edeete Suher

*Murad Plaintiffs*: Nadia Murad, A.A., A.A., A.A., A.B., A.K., A.P, Abas Alhami, Abas Zaghla, Abeer

|  |  | Kareem, Abid Kassim, Abla Amy, Abrahim Qaso, Adib Ayzden, Adil Khalaf, Adil Murad, Adla Hasan, Adnan Shamo, Adool A Abdi, Adoulla Matto, Adula Mato, Aede Aldukhi, Aeid Hamo, Ahlam Albobo, Ahmed Hamo, Ahmed Ibrahim, Ahmed Mastto, Ahmed Omar, Aishan Bashar, Aishan Hassan, Aishe Murad, Akram Ezdeen, Al.M.K., Alan Elias Ibrahim, Alan Hasckan, Alan Murad, Alex Ismail, Ali Murad Azeez Barkhash, Ali Turki, Alias Aldakhi, Aliefa Avdi Rasho, Alifa Khalaf, Almas Alhainto, Alvin Khidir, Alya Ido, Alya Maroo, Alyas Aldakhi, Alyas Saydo, Am. K., Amal Hasan, Amal Kheder, Amal Osman, Ameen B Omar, Ameen Babeir Khudidah, Ameen Eedo, Ameera Khaleel Hussein, Ameera S Naif, Amena Maao, Amer Hasan, Amer Khudher, Amir Aldarwish, Ammar Mato, Amsha Hussein Ali, Angel Abrahim Qaso, Ansam Zaito, Anwar Elias, Arkan Adee, Armaan Bargish, Asaad Qasim, Asad Naif, Ashti Al Hamka, Ashwaq Naif Rashawka, Asia Ezeden, Asia Haji, Asia K Ali, Asinja Badeel, Asmar Eedo, Aveen Hussein, Awaz Smoqi, Ay.M.K., Ayad Khurmish, Ayaz Hasan, Azad Aadi, Azad Ziyad Murad Smoqi, Azeer Ismael, Azeez Haskan, Azeezah Arab, Azzat Aldake, B.K., Babeir Khudidah Khibil, Badal Khalaf, Badri Namo, Bahar Hamo, Bahar Mourad, Bahar Sulaiman, Bakir Murad, Banas Dna, Bannaz Shamo, Barack Abraham, Barakat Ali, Barakat Aslan, Barakat Hussein Rasho, Barakat Khalaf, Barakat Mahko, Barakat Mato, Barfi Hamo, Bari Blasiny, Barvi Mirza Ali, Basam Aldakhi, Base Awsman, Basee Naser, Baseh Shamo, Basel Shamo, Bashar Mourad, Basil Auso, Basim Alali, Basim Khalaf, Basim Namr, Basima A Hami, Basima Auso, Basima Kurtan, Basima Pir Ali, Basima Qasim Mtro, Baslan Allaw, Basma Zido Shekh, Basman Z Darweesh, Basseh Osman, Bassemah Shamo, Bayan Haydar, Bezar Ahmad, Bilqeez Khalaf, Bizi Misqri, Bsaam Alali, D.A., D.A., D.K., Dahham L Haji, Dakheel Sulaiman, Dakheel Zandinan, Dakhil Elias, Dakhil Odi, Dalal Semoqi, Dalia Kalo, Dalia Khairo, Dalshad Khudhur, Dalya Zndinan, Dani Hadgi, Daran Khamo, Darweesh Qasim, Darwesh Khalaf, Darwish Darwish, David Khaleel, David Majo, Dawood Basi Haji, Dawood Knjo, Dawood Masto, Dawood Murad, Dejin Khidir, Deleer Khudada, Diksa K Alkahalaf, Dilher Othman, Diyana Khairo, Dler Almahama, Edo |

| | | Hammo, Eeda Hussain, Eedo Khalaf, Eedo Khalaf, Eedo Osman, Elias Eedo, Elyas Zaito, Evan Bibo, Ezzat Kolo, F.K., Fadi Khaleel, Fadi Taalo Pirali, Fadia Al Dakhi, Fadwa Daher, Fadwa Yousif, Faeza Murad Maroo, Faeza Osso, Fahad Naif, Fahad Qassim, Faisal Khalaf Smoqi, Faisal Osso, Faisal Rasho, Faisal Saydo, Faisal Yazdeen, Faiz Al Sloo, Faiza Shamo Kari, Fakhri Kassem, Falah Alpishimam, Falah Osman, Falah Rashoka, Falah Salo, Faleeha H Barehamy, Fareda Kader, Fareeda Aldakhi, Fares Dahhar, Farhan Alyas, Farida Khalaf, Faris Auso, Faris Bakr, Faris Khether, Faris Pirali, Faris Saado, Farooq Ibrahim, Fatima Ali, Fatin Kassem, Fawaz Blasiny, Fawziya Darweesh Hami, Faysal Khudir, Feryal D Khairo, Feryal Pirali, Firas Arab, Firdaus Kari, G.A., Gawri Al Dakhi, Gawry Salih Shamo, George Ibrahim, Ghalya Samokee, Ghandi Allaw, Ghanim Masto, Gharib Kheder, Ghassan Kheder, Ghazal Bashar Kassem, Ghazal Smoqy, Ghazalah Hesso, Ghazalah Mourad, Ghazalah Sulaiman, Guli Mahko, Guli Qasim, Guli Rasho, Gulistan Haji, H.D., H.K., Habeeb Mtro, Hadeel Pirali, Hadeel Sarhan, Hadi H Zagla, Hadi Majow Qassim, Hadi Pir, Hadia Smoqi, Hadiya Hadgi, Hadji H Khalaf, Hadji Kheder, Hadyah Murad, Haidar Hesso, Haidar Shamo Kari, Haider Elias, Haifaa Haji, Haifaa Khurmish, Haifaa Osman, Haiveen Blasiny, Hajar Ali, Haji A Blasiny, Haji Hameka, Haji Hasan Biso Mirza, Haji Hassan Smouki, Haji Salih Saido, Hakim Osman, Hakima Antar, Hala Rashoka, Halah Blasiny, Haleema Khalaf, Halfeen Khudada, Halimah F Hasan, Hammood Ali Aleeso, Hamo Hamo, Hamy M Hamdan,  Hanaa Abass, Hanaa Darwish, Hanaa Khalaf, Hanan Ibrahim, Hanan Jundi, Hanan Omar, Hanan Smoqy, Hanan Thanoon, Haneef Smoqi, Harbi Izdeen, Haroon Al Hayder, Harry Hasckan, Hasan Fandi, Hasan K Khalil, Hashim Ido, Hassan Alassaf, Hassan Ali, Hassan Hassan, Hassan Hussein, Hassan J. Hassan, Hasso Bakr, Hatem Alali, Hatim Ido, Hawri Darweesh Elias Jndo, Hayder Yousif Murad, Hazem Al Yezidi, Hazim Aldakhi, Hazim Avdal, Hazim Ezdeen, Hazim Murad Maroo, Hazim Rashawka, Hazo Omar, Hazrat Ali, Hazzo Besho, Heivi Khalaf, Hend Z Atallah, Hiba Nawaf Assi, Hikmat Khalaf, Hinar K Kochi, Hiyam Omar, Hozhin Suliman, Huda Jasso, Humoom Darweesh, Husayn Joko, Husein Hesso, Husein |

| | | Osman, Hussein Alisso, Hussein Hafi Ezdeen, Hussein Haji, Hussein Hskan, Hussein Khalaf, Hussein Kheder, Hussein M Maroo, Hussein Rasho, I.N., I.T., Ibrahim Ali, Ibrahim Alkhalaf, Ibrahim Khaleel Ghanim Zandinan, Ibrahim Khilla, Ibrahim Mourad, Ibrahim Oso, Ikhelas Mirza, Ilham Alijomir, Imad Matto, Inam Omar, Inas Al Aode, Isaac Abrahim Qaso, Isam M Maroo, Isam Nafkosh, Ismaeil Hesso, Ismael Hammo, Ismael Khro, Ismael Maajo, Ismail Heskan, Ismail Khalaf, Izdeen Smoqy, Izdihar Sheikh, J.A., J.K., Jad K Khurmish, Jadaan Khalaf, Jakleen Smo, Jalal Alhasan, Jalal Khalaf, Jalal Rasho, Jallal Isa, Jamal Karee Rasho, Jamal Mastu, Jamal Murad, Jamal Sedoo Al Dakhi, Jameel Khalaf Darweesh, James Abdy, Jamila Al Jndo, Janan Al Omar, Jane Doe, Janet Doe, Jani Al Dakhee, Jani Dawood, Jihad Khalaf, Jndy Smoqi, Joanne Osman, John Zalfow, Jolyana Khammoo, Jono Ahmed, Joza Shikho, Jwane Hasan, Jwani Hadi, Jyan Haji, Kafia Masto, Kali Pirali, Kamal Ali, Kamal Hasan Bakr, Kamal Ismail, Kamiran Choko, Kamla Ido, Kamla Shammo, Kamo Shammo, Kasim Hamo, Kawa Murad, Kawi Khalaf Kasem, Kawkab Rasho, Kawry Omar, Kawwal Hasan, Kejjan K Hesso, Khadeeda Sharo, Khaeiri Khoudeida, Khaeri Hadgi, Khaeri Hamo, Khairi Alpishimam, Khairi Alsattam, Khairi Darweesh, Khairi Elias, Khairi Heskan, Khairi Hesso, Khairi Khudher, Khairi Masto, Khairi Shammo, Khairi Smoqy, Khairi Zandinan, Khalaf Ahmed, , Khalaf Kasem Amsikh, Khalaf Khalaf, Khalaf Murad, Khalaf Shammo, Khalaf Smoqi, Khalaf Sulaiman, Khaled Mourad, Khaled Shamo, Khaleel Ali, Khaleel Assaf, Khaleel K Khalaf, Khaleel Kamo Elias Haskan, Khaleel Mark, Khaleel Samo, Khaleel Sulaiman, Khalid Arab, Khalid Haider, Khalid I Khalaf, Khalid Jendo, Khalid Juko, Khalida Khalaf, Khalida Simoqi, Khalida Zndinan, Khalidah Hussein, Khalil Hakan, Khalil Sinjari, Khani Rafo, Khani Sheebo Sharo, Khansa Hasan, Khansa Khalaf, Khaton Abas, Khatoon Haskan, Khaula Saeed, Khawla Al Aisso, Khawlah H Maleko, Kheder Darweesh, Kheder Hadji, Kheder Shamo Kheder, Khedir Qassim, Khero Khalaf, Khero Edo, Khidhir Ido, Khifshi Hassan, Khifshi Khudeeda Sulaiman, Khokhee Ahmed, Khokhi Alpishimam, Khokhi Khider Khudeeda, Khokhi Naif Rashawka, Khokhy Elias Omer, Khonaf Haskan, Khonav Qary, Khoudeida K |

- 9 -

| | | |
|---|---|---|
| | | Saadoon, Khounaf Shammo, Khudaidah Havend, Khudayda Aldakhi, Khudedah Murad, Khudhur Abdal Azzo Dnai, Khudhur Ali, Khudhur Sulaiman, Khudidah S Maleko, Khunaf Salaja, Kiret Haji, Kitbiya Haidar, Klestan Ali Alhasan, Kochar Mhko, Kolo H Dahar, Kori Abdullah Ahmed, Kori Omar, Kori Sharro, Koulan Mourad, Kouli Khalaf, Kozi Hussein, Kudida H Shamo, Kuliar Jumaah, Laila Halo, Laila Hesso, Laila Kassem, Laila Khdir Ayub, Laila Khoudeida, Laila Mardos Miho, Laila Rasho Saleh, Laith Saleem, Layla H Karee, Layla Ibrahim, Layla Mourad, Layla Omar Elias Barghash, Layla Shamo, Leza Alali, Linda Osman, Lozina Alkhalaf, Lozniya Zandinan, Luis Alyas Kosa, M.A., M.G., M.K., M.K., Ma. K., Madina Aldakhi, Madleen Murad Maroo, Maged Hadgi, Maha Izdeen, Mahabad Darweesh, Mahabat Ali, Mahdi Hussein, Maher K Zandinan, Maherah Khille, Mahmood Hamo, Mahmood Kheder Ayoob, Mahya Alqasim, Majjo Hamo Khalaf, Majow Kaso, Manal Kuly, Mando Mtro, Manji Ibrahim Dahhar, Marenah Khalaf, Marvin Sulaiman, Marwan Khalaf, Maryam Naif, Maryna Shallal, Maya K Lavin, Mayada S M Malham, Mayan H Ali, Mayan Murad Mulhem Smoki, Maysoon Borali, Mazen Suleiman, Mazin Faeedi, Meser Haje, Mihi Zaghla, Mirza B Bakr, Mirza Khalaf, Misry Adi, Miyan Khalaf, Miyasar Kalo, Miyo Murad, Mo. K., Mohsin Ali Hasan, Mohsin Alsalo, Mohsin Khudaydah Haji, Mokhles Kheder, Mourad Hesso, Muayad Yousif, Mubad Rashow, Muhand Kheder, Muhsin Aljando, Muhsin Holki, Mulhim Abdullah, Mumtaz Blasiny, Munefah Murad, Muntasir Khudhur, Muqdad Alhamy, Murad Ismael, Murad M Mousa, Murad Qasim, Murad Qizly, Murad Smoqy, N.A., Naam Joko, Naam Simoqy, Nabilyoon Nawaf Allaw, Nada Hasan Bargish, Nada Osman, Nadia Ibrahim, Nadima Mirza, Nadin Elias, Nadira Keti Broka, Naeemah Nimr, Naeif Majjo Hamo, Nafeh Kassem, Nafiya Khoudeida, Nahidah Hasan, Nahrein Kassem, Naif Alsilo, Naif Yousif Murad, Naji Majo, Najma Khalaf, Nancy Khoudieda Khalil, Nanssy Elias, Naseema Kamal Abda Dinai, Nashwan Khudidah, Nasima Haskaan, Nasima Osman, Natiq Atto Shamo, Navin Khalaf, Navin Naif, Nawaf Dahar, Nawaf Haskan, Nawaf Khalaf, Nawaf Sulaiman, Nawal Haji, Nawfee Khadeeda, Nawras Elias, Nawroz Sulaiman, |

|  |  | Nayif Ibrahim, Nayyef Abdo, Nazar Kheder, Neam Mahmood, Nermeen Elias, Nibras Basitkey, Nidema Malko, Nissani Jndo, Nizar Rasho, Nofa Dena, Nofa Kareem Ismael, Nofa Kasem, Nora Yazdeen, Nori Khalaf, Noura Osman, Omar Haider, Omar Hussein, Omar Ismail, Omar Rashsho, Oras Osso, Ozair Al Jndo, P.K., Paiman Dna, Paris Allaw, Parker Burjus, Parween Chiyan, Pasha Rasho, Qadisyah Hussein, Qaisar Haji Ali Blasiny, Qaseema Ali, Qasim Barakat Guly, Qasim Pir, Qasim Shaabo Sulaiman Samoqi, Qassim Chomer, Ra. K., Rae. K., Raeda Ghanem, Raeed Khadida, Raghda Al Saydo, Rahan Alali, Rana Alali, Rana Khairo, Randa Khodida, Rashed Khder, Rashid Murad, Rasho Haso, Rasimia Smoqy, Rasmia Khalaf, Reema Alhamy, Ricky Namer, Rifaah Hussein, Riham Jndo, Rima Hadgi, Riyad Hesso, Roh. K., Rojeen Almahama, Rojgar Dna, Ronza Fehed, Rosa Nahamat, Rose Osman, Roza Shamo, S.A., S.A., S.K., S.S., Sa. D., Sa. H., Sa. K., Saad Faraz, Saad Ibrahim, Saad Khodida, Saada Murad, Saadi Aloso, Saado Ali, Saadoon Khudidah, Saadoon Smoqi, Saadun Issa, Saeed Salo, Sabah Barakat, Sabah Hussein, Sabah Mirzan Hasan, Sabah Qasim, Sabah Zaido, Sabreen Mahmah, Sabri Elias, Sabri Nafkosh, Saeed Bakr, Saeed Hamo, Saeed Issa, Saeed Kalo, Saeed Khalaf, Saeed Murad, Saeed Qasim, Sahar Nafkhosh, Sahira Majoo, Saido Hesso, Saidow M Zandinan, Saifi H Smouki, Salah Omar, Salah Osman, Salam Sheikh, Salar Badeel, Saleh Khalaf, Saleh Saffuk, Saleh Saleh, Salema Merza, Salih Hasckan, Salih Rashki, Salih Saado, Salim Ido, Salim Kheder, Salim Merza, Salim Sulaiman, Sally Rashid, Salman Elias, Salwa Adee, Salwan Khodida, Sam Lincoln, Sam Qasim Mirza, Saman Ali, Saman Khalil, Saman Khodida, Samea Merza, Sameer Darweesh, Sameer Khudhur, Sameer Zandinan, Sameera Darweesh, Sameera Rasho, Samerah Osman, Sami Smoqi, Samia Findi Ahmed, Samia Smoqi, Samir Eizdin, Samirah Osman, Samo Samo, Sanaa Osman, Sanan Aldakhi, Sarab Nafkosh, Sarah Joko, Sardar Almahama, Sardar Rashid, Sari O Meskin, Sari Turki, Sarkawt Badeel, Savey Meesho Khro, Sawsan Afdi, Seno Murad, Serdar Auso, Sevi Mourad, Shafiq Shabo Abdullah, Shaha Malo, Shaha Mohammed, Shahab Bashar, Shahab Khudeeda, Shahla Alhamy, Shahnaz Alhamy, Shahnaz Murad, Shahnaz Osso, Shahrazad Jumaah, |

- 11 -

Shahrstan A Hami, Shaima A Abrahim, Shaima Shamo Kari, Shami Ibraheem, Shamia Maao, Shamo Alhamy, Shareef Murad, Sharifa Khalil, Sharo Smoqy, Sharro Gebbo, Sharro Khalaf, Shawqi Sulaiman, Shazo Al Saleem, Sheelan Jadaan, Shereen Murad, Sheren Auso, Sheren Qaso, Sherevan Alhamy, Shihab Hami, Shiri Elias Khalaf, Shirwan Chicho, Shkur Eedo, Si. D., Si. K., Siham Merza, Sinobar Badeel, Skfan Al Niamo, Sleman Smoqi, So. H., Solaf Eido Kheder Alsadun, Souriya Osman, Sozan Ajol, Sozan Khalaf, Sr. H, Stefan Khodida, Steven Alnahmo, Steven Auso, Suaad Shammo, Suad Keti, Suad Khalaf, Suad Khider, Suad Nafkosh, Sulaf Darweesh, Sulaiman Allaw, Sulaiman Antar, Sulaiman Hamo, Sulaiman Hasan, Sulaiman Sido, Sultan M Maroo, Suriyah Haji, Sy. H., Taalo Khudhur, Taha A Abdullah, Tahseen Osman, Tahsin Jihan, Talal Rasho, Tareq Darweesh, Tariq Qasim, Tawaf Merza, Thaura Smoqi, Thawra Rashawka, Trko Omar, Turkia Mahko, Ubayd Salih Nafkosh, Umayah Murad, Valentina Abrahim Qaso, Vinal Halaja, W.A., Wa. A., Wadhhah Alesou, Wadhhah Dawood, Wahida Havend, Wansa Aldkhi, Wansa Rashki, Wardah Hasan, Waseem Breem, Wisam Saado, Wlid Qaro, Y.H., Y.T., Yousif M A Zandinan, Yousif Muhamd Beeso, Yousif Nimr, Yusra Aldakhi, Zaaim Ali, Zaedo Ali, Zaeeton Haji, Zahra Hamo, Zahra Osman, Zaidan Kheder Sulaiman, Zainab Eazden, Zaitoun Aldakhi, Zaizo Ali, Zeed Alale, Zeidan Khalaf Kasem, Zeri Hesso, Zeyed Khudhur, Zina Yazdeen, Zinah Muhi, Zirvan Alaode, Ziyad Faeedi, Ziyad Khudir, Ziyad Smoqi, Zoher Alali, Zozan Hiskan, Zubada Khudada

*Stallter Plaintiffs*: Christine Stallter, Chester Lee, Peter Padnos, Brent Bartels, Michelle Black for the estate of Bryan Black, Debra Gannon, Raymond Gannon, Myeshia Johnson for the estate of LaDavid Johnson, A.J. by and through her next friend Myesia Johnson, L.S.J. by and through her next friend Myeshia Johnson, L.T.J. by and through his next friend Myeshia Johnson, Cowanda Johnson, Richard Johnson, Quanika Johnson, Rishshawnda Johnson, and Michael Perozeni

*Fields Plaintiffs*: Tamara Fields, Estate of Lloyd Carl Fields Jr., by and through Tamara Fields as Personal Representative, Heather Gavino, Estate of James

- 12 -

Damon Creach, by and through Heather Gavino as Personal Representative, Jackson Creach, Samantha Creach, Jayedon Creach, Kimberly Harris, Estate of Sean Copeland, by and through Kimberly Harris as Personal Representative, Estate of Brodie Copeland, by and through Kimberly Harris as Personal Representative, Austin Copeland, Maegan Copeland, Kenneth Ressman, Jerri Faye Eaves, Khalesi Love, Rhasia Love, Veda Love, Estate of Nicholas Vittorio Leslie, by and through Conrado Ignacio Leslie as Personal Representative, Conrado Ignacio Leslie, and Paola Ana Maria Leslie

*Wilson Plaintiffs*: Helen Jane Wilson, Valerie Wilson-Hudson, Cynthia Lahne, Melanie Ann Nicholson, Tim William Russell, Chaim Winternitz, A.W. (By And Through His Parents and Guardians Chaim Winternitz and Esther Winternitz), B.W. (By and Through Her Parents and Guardians Chaim Winternitz and Esther Winternitz), D.W. (By and Through Her Parents and Guardians Chaim Winternitz and Esther Winternitz), M.W. (By and Through Her Parents and Guardians Chaim Winternitz and Esther Winternitz), M.W. (By and Through His Parents and Guardians Chaim Winternitz and Esther Winternitz), Ester Winternitz, Faige Winternitz, Jacob Winternitz, Moshe Winternitz, Yitel Winternitz, Estate Of Justin Shults (By and Through Its Administratrix, Sheila Shell), Sheila Shell, Jeffrey Shults, Tiffany Shults-Ristine, Levi Sutton, Estate Of Stephanie Moore-Shults (By and Through Its Executor Carolyn G. Moore), Carolyn G. Moore, Geary Moore, Holly E. Wood, Estate Of James Logan Gragg (By and Through Its Executrix Glenda S. Gragg), Trella Elizabeth Newsom, Estate Of Gail Minglana Martinez (By and Through Its Heir Melchizedek Martinez), Melchizedek Martinez, Kianni Martinez, Ka.M. (By and Through Her Parent and Guardian Melchizedek Martinez), Kimo Martinez, N.M. (By and Through Her Parent and Guardian Melchizedek Martinez), Rosie T. Martinez, Maria Luisa Martinez, Angelito Minglana, Sr., Teofista Minglana, Gerard Minglana, Gilda Minglana-Harwood, Angelito Minglana, Jr., Angelo Minglana, Joseph D. Empey, Amber Orton-Empey, Joseph C. Empey, Dorothy Empey, Henry Empey, Isabelle Empey, Abraham Empey, Richard I. Norby, Pamela J. Norby, Tiffany Allred, Jason Norby, Chelsea Snell,

- 13 -

| | | |
|---|---|---|
| | | Mason Wells, Chad S. Wells, Kymberly E. Wells, Porter J. Wells, Mia Wells, T.W. (By and Through Her Parents and Natural Guardians Chad S. Wells and Kymberly Wells), and Colby S. Wells |
| 9. | Names and addresses of Plaintiffs' representatives | Joshua D. Branson, Andrew E. Goldsmith, Lillian V. Smith, Christopher C. Goodnow, James A. Ruck, Eric J. Maier, Chase H. Robinett, Kaleb J. LeGore Kellogg, Hansen, Todd, Figel & Frederick, PLLC 1615 M St. NW Ste. 400 Washington, DC 20036 (202) 326-7945 UNITED STATES OF AMERICA<br><br>Ryan R. Sparacino, Adam J. Goldstein, Stacy Wilson Sparacino PLLC 1920 L Street NW Ste. 835 Washington, DC 20036 UNITED STATES OF AMERICA<br><br>Matthew Jason Fisher Sparacino PLLC 150 South Wacker Drive Suite 2400 Chicago, IL 60606 312-216-5111 UNITED STATES OF AMERICA<br><br>Lee Wolosky, Andrew J. Lichtman, Kathryn Bolas Willkie Farr & Gallagher LLP 787 Seventh Avenue New York, NY 10019 Tel: (212) 728-8000 Fax: (212) 728-8111 UNITED STATES OF AMERICA<br><br>Todd C. Toral Jenner & Block LLP |

|  |  | 2029 Century Park East<br>Ste 1450<br>Los Angeles, CA 90067-2901<br>213-239-2294<br>UNITED STATES OF AMERICA<br><br>Brent Caslin<br>Jenner & Block LLP<br>515 S Flower Street<br>Suite 3300<br>Los Angeles, CA 90071<br>213-239-5100<br>UNITED STATES OF AMERICA<br><br>Jason P. Hipp, Sarah Ann Purtill<br>Jenner & Block LLP<br>1155 Avenue of the Americas<br>New York, NY 10036<br>212-891-1600<br>UNITED STATES OF AMERICA<br><br>Alyssa Bernstein, J.E. Shreve Ariail, Kyle N. Tramonte<br>Jenner & Block LLP<br>1099 New York Avenue, NW<br>Suite 900<br>Washington, DC 20001<br>202-639-6029<br>UNITED STATES OF AMERICA<br><br>Craig W. Carlson<br>Langdon D. Southworth<br>The Carlson Law Firm<br>100 East Central Texas Expressway<br>Killeen, TX 76541<br>254-526-5688<br>UNITED STATES OF AMERICA<br><br>Kevin L. Attridge, Jonathan E. Missner, Robert B. Gilmore, Melissa Fox<br>Stein Mitchell Beato & Missner LLP<br>2000 K Street, NW, Suite 600<br>Washington, D.C. 20006<br>Tel: (202) 737-7777<br>Fax: (202) 296-8312<br>UNITED STATES OF AMERICA |
|---|---|---|

- 15 -

Gavriel Mairone, Oceane Maher
MM~LAW LLC
875 North Michigan Avenue, Suite 3100
Chicago, IL 60611
Tel: (312) 253-7444
Fax: (312) 275-8590
UNITED STATES OF AMERICA

Amal Clooney, Alisha Mathew
Law Office of Amal Clooney
54 Doughty Street
London
United Kingdom of Great Britain and Northern
Ireland
(44) 204 526 1185

Joseph Tipograph, Richard D Heideman, Tracy R.
Kalik, Noel J. Nudelman
Heideman Nudelman & Kalik, PC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
703-447-3804
UNITED STATES OF AMERICA

Joshua D. Arisohn
Arisohn LLC
513 8th Avenue, #2
Brooklyn, NY 11215
Telephone: (917) 656-0569
UNITED STATES OF AMERICA

Matthew A. Girardi
Bursor & Fisher, P.A.
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
UNITED STATES OF AMERICA

T. Michael Guiffre, John L. Murino (pro hac pending),
Aryeh S. Portnoy (pro hac pending),
Michael J. Williams (pro hac pending)
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595

| | | Telephone: (202) 624-2500<br>UNITED STATES OF AMERICA |
|---|---|---|
| 10. | Names of Defendants | Lafarge S.A.,<br>Lafarge Cement Holding Ltd.,<br>and Lafarge Cement Syria S.A. |
| 11. | Names and addresses of Defendants' representatives | David W. Bowker, Jonathan E. Paikin, Albinas Prizgintas, Michaela S. Wilkes Klein<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>2100 Pennsylvania Avenue, N.W.<br>Washington, DC 20036<br>UNITED STATES OF AMERICA<br><br>Alyson Zureick<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>7 World Trade Center<br>250 Greenwich Street<br>UNITED STATES OF AMERICA |
| 12. | Name and address of person to be examined (the "Deponent") | Hélène Seguin, 263 boulevard Jean Jaurès 92100 Boulogne-Billancourt France |
| 13. | Names and addresses of Deponents' representatives, if known | Unknown. |
| 14. | Nature and purpose of the proceedings and summary of the facts | These proceedings consist of nine related civil actions before the United States District Court for the Eastern District of New York.  Plaintiffs seek civil damages under the U.S. Anti-Terrorism Act, as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"), for alleged injuries arising from attacks carried out by two designated foreign terrorist organizations ("FTOs"), the Islamic State of Iraq and Syria ("ISIS") and the al-Nusrah Front ("ANF"), between 2012 and 2017 in Syria, Iraq, Jordan, Turkey, France, Belgium, Spain, Libya, Niger, and Lebanon.[1] Plaintiffs claim that Lafarge S.A., Lafarge Cyprus, and LCS ("Defendants") are civilly liable for Plaintiffs' injuries based on Defendants' alleged conduct |

---

[1] *See Foley v. Lafarge et al.*, No. 1:23-cv-05691 (E.D.N.Y. Aug. 5, 2024), Dkt. No. 68; *Finan v. Lafarge et al.*, No. 1:22-cv-07831 (E.D.N.Y. Mar. 4, 2026), Dkt. No. 140; *Fields v. Lafarge et al.*, No. 1:23-cv-00169 (E.D.N.Y. Mar. 23, 2026), Dkt. No. 119; *Murad v. Lafarge et al.*, No. 1:23-cv-09186 (E.D.N.Y. Aug. 1, 2024), Dkt. No. 37; *Goldman v. Lafarge et al.*, No. 1:24-cv-01043 (E.D.N.Y. Feb. 9, 2024), Dkt. No. 1; *Black v. Lafarge et al.*, No. 1:24-cv-08901 (E.D.N.Y. Dec. 30, 2024), Dkt. No. 1; *Shirley v. Lafarge et al.*, No. 1:25-cv-04248 (E.D.N.Y. Dec. 10, 2025), Dkt. No. 38; *Wilson v. Lafarge et al.*, No. 1:25-cv-01975 (E.D.N.Y. Apr. 9. 2025), Dkt. No. 1; and *Stallter v. Lafarge et al.*, No. 1:25-cv-06749 (E.D.N.Y. Dec. 5, 2025), Dkt. No. 1.

| | | connected to LCS's operation of a cement plant in northern Syria during the early years of the Syrian civil war.  Plaintiffs allege that Defendants made payments through intermediaries and made further arrangements with ISIS and ANF, thereby forming the basis of a civil conspiracy under the U.S. Anti-Terrorism Act.<br><br>Defendants deny that they are civilly liable to Plaintiffs.  In Answers to Plaintiffs' respective Complaints, Defendants have asserted affirmative defenses to Plaintiffs' claims, including that any interactions with armed groups were taken by necessity or under duress, and that Defendants withdrew from any alleged conspiracy by no later than September 2014.  *See Foley v. Lafarge et al.*, No. 1:23-cv-05691 (E.D.N.Y. Mar. 3, 2026), <u>Dkt. No. 155 at 158-61</u>.[2]<br><br>The parties are now conducting discovery regarding Plaintiffs' claims. |
|---|---|---|
| 15. | Evidence to be obtained | Plaintiffs seek two forms of evidence: (1) the Witness's deposition testimony and (2) the Witness's documents and other materials relevant to Plaintiffs' claims and Defendants' defenses thereto.<br><br>*Deposition testimony*: Ms. Seguin served as a member of the Security Committee of Lafarge.  In this capacity, she traveled with Frédéric Jolibois to Turkey in October 2014 to gather information from former LCS employees about the evacuation of the cement plant in northern Syria.  As such, Defendants seek to examine the Witness regarding her knowledge of and involvement in matters bearing on Defendants' operations and security conditions in Syria, both before and after Defendants abandoned the cement plant.  Defendants also seek to examine the Witness regarding her employment at Lafarge S.A. and other |

---

[2]Defendants asserted similar or identical affirmative defenses in Answers to Plaintiffs' operative Complaints in each of the above-captioned actions.  *See Finan v. Lafarge et al.*, No. 1:22-cv-07831 (E.D.N.Y. Mar. 25, 2026), <u>Dkt. No. 148 at 140-42</u>; *Fields v. Lafarge et al.*, No. 1:23-cv-00169 (E.D.N.Y. Mar. 25, 2026), <u>Dkt. No. 124 at 148-51</u>; *Murad v. Lafarge et al.*, No. 1:23-cv-09186 (E.D.N.Y. Feb. 28, 2026), <u>Dkt. No. 86 at 537-39</u>; *Goldman v. Lafarge et al.*, No. 1:24-cv-01043 (E.D.N.Y. Mar. 18, 2026), <u>Dkt. No. 55 at 102-04</u>; *Black v. Lafarge et al.*, No. 1:24-cv-08901 (E.D.N.Y. Mar. 25, 2026), <u>Dkt. No. 53 at 133-36</u>; *Shirley v. Lafarge et al.*, No. 1:25-cv-04248 (E.D.N.Y. Mar. 25, 2026), <u>Dkt. No. 63 at 146-49</u>; *Wilson v. Lafarge et al.*, No. 1:25-cv-01975 (E.D.N.Y. Mar. 18, 2026), <u>Dkt. No. 53 at 152-54</u>; and *Stallter v. Lafarge et al.*, No. 1:25-cv-06749 (E.D.N.Y. Feb. 20, 2026), <u>Dkt. No. 10 at 135-38</u>.

| | | facts relevant to Plaintiffs' claims and Defendants' defenses.<br><br>*Documents*: Defendants seek the Witness's documents relevant to her work for Lafarge S.A., including documents reflecting her activities, observations, and communications concerning Defendants' operations and security conditions in Syria, both before and after Defendants abandoned their cement plant in northern Syria.  This includes, amongst other documents, those relating to the Witness's visit to Gaziantep, Turkey from October 12-14, 2014, together with any additional notes taken during interviews of Defendants' current or former employees.  Attached as Exhibit 2 are the specific categories of documents that Defendants seek. |
|---|---|---|
| 16. | Whether the Plaintiffs, Defendants, and Deponents have consented to discovery. | Defendants have consented to the deposition and document requests.  Plaintiffs in the *Foley*, *Black*, *Stallter*, *Goldman*, *Finan*, *Shirley*, and *Murad* actions have consented to the deposition and document requests.  Plaintiffs in the *Fields* and *Wilson* actions do not oppose the deposition and document requests.<br><br>Defendants, with the assistance of Commissioner Blumrosen, will contact Deponent to secure her consent to the deposition and document requests. |
| 17. | Special methods or procedure to be followed | The deposition will be conducted subject to the Confidentiality Order (*see*, *e.g.*, *Foley v. Lafarge et al.*, No. 1:23-cv-05691 (E.D.N.Y.), Dkt. No. 42-1), as well as the Order and Stipulation Amending the Confidentiality Order, which is identical across each of the nine above-captioned actions and was entered by the Court on April 6, 2026.  *See, e.g.*, *Foley v. Lafarge et al.*, No. 1:23-cv-05691 (E.D.N.Y.), Dkt. No. 165, attached as Exhibit 3 (submitted as a representative example).[3]  The deposition will likewise be conducted in conformity with the |

---

[3] The same Order and Stipulation Amending the Confidentiality Order was entered on April 6, 2026, in each of the above-captioned actions, including: *Finan v. Lafarge et al.*, No. 1:22-cv-07831 (E.D.N.Y.), Dkt. No. 157; *Fields v. Lafarge et al.*, No. 1:23-cv-00169 (E.D.N.Y.), Dkt. No. 130; *Murad v. Lafarge et al.*, No. 1:23-cv-09186 (E.D.N.Y.), Dkt. No. 108; *Goldman v. Lafarge et al.*, No. 1:24-cv-01043 (E.D.N.Y.), Dkt. No. 69; *Black v. Lafarge et al.*, No. 1:24-cv-08901 (E.D.N.Y.), Dkt. No. 62; *Shirley v. Lafarge et al.*, No. 1:25-cv-04248 (E.D.N.Y.), Dkt. No. 72; *Wilson v. Lafarge et al.*, No. 1:25-cv-01975 (E.D.N.Y.), Dkt. No. 62; and *Stallter v. Lafarge et al.*, No. 1:25-cv-06749 (E.D.N.Y.), Dkt. No. 39.

| | | |
|---|---|---|
| | | deposition protocol, which is identical across each of the nine above-captioned actions and was entered by the Court on March 27, 2026. *See, e.g.*, *Foley v. Lafarge et al.*, No. 1:23-cv-05691 (E.D.N.Y.), Dkt. No. 162, attached as Exhibit 4 (representative example).[4]  The deposition will further proceed in accordance with the Federal Rules of Civil Procedure, to the extent permitted under French law.  Further, the deposition will be convened and conducted by Commissioner Alexander Blumrosen in Paris in accordance with the protocols entered by this Court and any conditions imposed by the French Ministry of Justice. |
| 18. | Suggested date by which the discovery must be completed | The deadline for completing discovery is September 11, 2026.  The parties have agreed to conduct the depositions on the earliest convenient date on which the Commissioner, the Deponent, and the parties' representatives are available. |
| 19. | Specification of privilege or duty to refuse to produce under the law of the State of origin | Neither this Request, the depositions, nor the participation of the Commissioner in the depositions, shall waive, or be deemed or argued to have waived, the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections or prohibitions that may apply under the laws of France, the United States, or the State of New York. Questions of privilege (including French legal professional privilege, U.S. attorney-client privilege, the U.S. work-product doctrine, and the U.S. Fifth Amendment privilege against self-incrimination) shall be raised before the Commissioner in the first instance, with any unresolved question reserved for determination by the Court that issued the present Request. |
| 20. | Authority appointing Commissioner, pending approval of the Ministère de la Justice | United States District Court Eastern District of New York 225 Cadman Plaza East Brooklyn, New York 11201 UNITED STATES OF AMERICA |

---

[4] The same deposition protocol was entered on March 27, 2026, in each of the related actions, including *Finan v. Lafarge et al.*, No. 1:22-cv-07831 (E.D.N.Y.), Dkt. No. 155; *Fields v. Lafarge et al.*, No. 1:23-cv-00169 (E.D.N.Y.), Dkt. No. 128; *Murad v. Lafarge et al.*, No. 1:23-cv-09186 (E.D.N.Y.), Dkt. No. 106; *Goldman v. Lafarge et al.*, No. 1:24-cv-01043 (E.D.N.Y.), Dkt. No. 65; *Black v. Lafarge et al.*, No. 1:24-cv-08901 (E.D.N.Y.), Dkt. No. 60; *Shirley v. Lafarge et al.*, No. 1:25-cv-04248 (E.D.N.Y.), Dkt. No. 70; *Wilson v. Lafarge et al.*, No. 1:25-cv-01975 (E.D.N.Y.), Dkt. No. 60; and *Stallter v. Lafarge et al.*, No. 1:25-cv-06749 (E.D.N.Y.), Dkt. No. 37.

| 21. | Commissioner | Mr. Alexander Blumrosen, Polaris Law<br>4, Avenue Hoche<br>75008 Paris, France<br>T: + 33 1 43 18 02 60<br>a.blumrosen@polarislaw.eu<br><br>Attached as Exhibit 1 hereto is the Order of the United States District Court for the Eastern District of New York, appointing Mr. Alexander Blumrosen as Commissioner, pending the approval of the Ministère de la Justice. |
| 22. | Costs | All costs of this Hague Convention process, including, without limitation, the fees of the Commissioner, translation fees for these motion papers, and any additional costs associated with the deposition, will be borne by the parties.  Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process. |

This Court expresses its appreciation to the Ministére de la Justice for its courtesy and assistance in this matter.

Dated:
_____*June 30*_____, 2026
Brooklyn, New York

_signature_
The Hon. Peggy Kuo
United States Magistrate Judge
Eastern District of New York



# Exhibit 1

**Intentionally Left Blank.**

**To be Replaced with Signed Proposed Order.**

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

**DEFENDANTS' REQUESTS FOR PRODUCTION FROM
A CERTAIN NON-PARTY WITNESS**

Pursuant to the Letter of Request to which these Requests are attached, Defendants request that Hélène Seguin (the "Witness") serve written responses to these Requests for Production and produce for inspection or copying the Documents set forth below that are in the Witness's possession, custody, or control, whether or not prepared by the Witness or any other Person, as soon as possible, to the offices of the duly appointed Commissioner, Mr. Alexander Blumrosen, Polaris Law, located at 4, Avenue Hoche 75008 Paris.

**DEFINITIONS**

1. Defendants hereby adopt by reference all uniform definitions provided by Local Civil Rule 26.3.

2. "Agent" means any Person acting on Your behalf or empowered to act on Your behalf, whether expressly or impliedly authorized. "Agent" includes, but is not limited to, all Financial Institutions with whom You hold, held, maintain, or maintained an Account.

3. "ANF" means the al-Nusrah Front and all aliases and predecessors thereof, including al-Qaeda in Iraq ("AQI"), Jabhat al-Nusrah, Jabhet al-Nusra, The Victory Front, and Al-Nusrah Front for the People of the Levant, or any alias You used internally to refer to this foreign terrorist organization, including all members or Agents of this organization.

4. "Defendants" refers to Lafarge S.A. ("Lafarge"), Lafarge Cement Holding Limited ("Lafarge Cyprus"), and Lafarge Cement Syria S.A. ("LCS"), collectively and separately, including, but not limited to, any predecessors or successors, any direct or indirect parents, subsidiaries, or Affiliates, and other Related entities, Agents, or other Person(s) acting or purporting to act with or on its or their behalf.

- 1 -

5.    "French Proceeding" means, without limitation as to time period, every civil, criminal, arbitral, governmental, regulatory or other legal proceeding, investigation, lawsuit, prosecution, or trial in France, inclusive of investigations that may or may not have led to a proceeding, concerning, in any way, Your relationship with Defendants, Tlass, Taleb, ISIS, ANF, LCS, or any Person affiliated with or controlled by any of them.

6.    "Including" is used to emphasize certain types of Documents requested and should not be construed as limiting the Request in any way.

7.    "ISIS" means the Islamic State of Iraq and Syria and all aliases and predecessors thereof, including AQI, Islamic State of Iraq and the Levant, Islamic State, and ISIL, or any alias You used internally to refer to this foreign terrorist organization, including all members or Agents of any of these organizations.

8.    "Personnel" means any of Your employees, contractors, consultants, Agents, or intermediaries.

9.    "Related to" or "relating to" means, without limitation, the following concepts: concerning, constituting, regarding, referring to, describing, discussing, embodying, evidencing, memorializing, mentioning, recording, studying, analyzing, evaluating, estimating, reflecting, pertaining to, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, supporting, refuting, responsive to, or otherwise involving, in whole or in part.

10.    "You" or "Your" refers to the Witness individually and any Agents or other Person(s) acting or purporting to act with or on behalf of the Witness.

11.    The definitions set forth above shall apply to all Requests.

- 2 -

**GENERAL INSTRUCTIONS**

12.    Pursuant to Federal Rule of Civil Procedure Rule 26(e)(1)(A), these Requests are continuing in nature so that if You subsequently discover or obtain possession, custody, or control of any Document covered by these Requests, You shall promptly make any such Document(s) available to the Commissioner as supplemental responses to these Requests.

13.    You are to produce all Documents and other materials in Your actual or constructive possession, custody, or control, regardless of whether such Documents or materials are possessed directly by You or Your Agents, or by Your attorneys or their employees, agents, or investigators.  The term "possession" includes, without limitation, actual possession by You, actual possession by You with another, or constructive possession by You in that You are legally entitled or able to obtain actual possession from another Person.

14.    The singular form shall include the plural and vice versa wherever such dual construction will serve to bring within the scope of these Requests any Document that would otherwise not be brought within their scope.

15.    The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices as necessary to bring within the scope of a topic all information that might otherwise be construed to be outside of its scope.

16.    The original or an exact copy of each Document should be produced.  Any copy of a Document that varies in any way from the original or from any other copy of the Document, whether by reason of handwritten (or other) notation or any omission, shall constitute a separate Document that must be produced (regardless of whether the original of such Document is within Your possession, custody, or control).  Each Document includes any addenda, attachments, appendices, and drafts, as found or located in Your files, together with a copy of any physical descriptive file folder.  Electronically Stored Information ("ESI") responsive to these Requests

- 3 -

shall be produced in electronic form according to the format specifications and with the accompanying metadata fields to be agreed to by the parties and/or as ordered by the Court.

17.    Documents attached to one another should not be separated. All attachments and appended or embedded links or files shall be produced if the Document or any of the attachments is responsive to any of these Document Requests. If any portion of any Document is responsive to any portion of the Requests below, then the entire Document must be produced.

18.    In the event You object to any Request, definition, or instruction, You should: (i) clearly indicate to which part or portion of the Request, definition, or instruction the objection is directed; (ii) state the grounds for the objection; (iii) clearly indicate whether any Documents have been or will be withheld based upon the objection; and (iv) provide all Documents to which the objection is not made.

19.    In the event You seek to withhold any Document, or portions thereof, on the basis that it is properly entitled to some privilege or other limitation on discovery, You are requested at the time of responding to these Requests to state with specificity the claim of privilege or other reason used to withhold the Document. You are further requested to provide portions of all requested Documents that are not subject to a claim of privilege or other reason for non-production by redacting or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the portions for which some privilege is asserted. For each Document or portion of a Document that You withhold based on a claim of privilege or other protection from disclosure, You are instructed to identify all such Documents or portions thereof in a manner sufficient to allow the Documents to be described to the Court for ruling on the privilege or other reason for the non-production, including a numerical list of the Documents for which a privilege or limitation of discovery is claimed, indicating: (i) the form of the Document (e.g., memorandum, letter, note, email, etc.); (ii) the name of each Person who

- 4 -

authored, wrote, sent, created, or initiated the Document; (iii) the name of each Person to whom the Document is addressed or who otherwise received the Document; (iv) the date of such Communication; (v) the general subject matter of such Communication (such description shall not be considered a waiver of Your claimed privilege); (vi) the identity of any Document that was the subject of such Communication and the present location of any such Document; (vii) the identity of any Document which records, refers, or relates to such Communication and the present location of any such Document; (viii) the Request(s) to which such information is responsive; and (ix) the claimed ground(s) for privilege or limitation of discovery, including, if relevant, the attorney and client involved.

20.     Each Document requested herein should be produced in its entirety and without deletion, redaction, or excisions, regardless of whether You consider the entire Document or only part of it to be relevant or responsive to these Requests.

21.     All Documents should be Bates-numbered sequentially, with a unique number on each page, and with a prefix identifying the party producing the Document.

22.     These Requests are not intended to be duplicative.  Each Request should be construed independently and, therefore, no Request shall be construed to limit any other Request. Each Request should be responded to fully and to the extent not covered by another Request.

23.     Questions regarding the interpretation of these Requests should be resolved in favor of the broadest possible construction.

24.     If any Request for a Document cannot be complied with in full, please comply to the extent possible, with an explanation as to why full compliance is not possible.

25.     If You object to any of the Requests for Documents set forth below, You must fully set forth Your objections in writing.  If You object to any Request for any Document, the

part should be specified.  If You object to any Request or part of any Request, You must produce all Documents to which Your objection does not apply.

26.    Unless otherwise indicated, the relevant time period for the Requests is from January 1, 2011, until the present (the "Relevant Time Period").

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

All filings, pleadings, and Documents You produce, have produced, receive from other parties, or have received from other parties in connection with any French Proceeding arising from Defendants' activities in Syria or Defendants' direct or indirect funding of ISIS or ANF, and any Communications You had with the French government, judiciary, or law enforcement, or any department, division, or officer thereof in connection with such civil case, investigation and/or prosecution.

**Request for Production No. 2**

Phone records or other Documents sufficient to identify all telephone calls made or received by You between January 1, 2012, and December 31, 2014.

**Request for Production No. 3**

All of Your calendar entries or schedules for any part of the period between January 1, 2012, and December 31, 2014.

**Request for Production No. 4**

All Documents and Communications concerning Ahmad Jamal, Mohammed Taweel (aka Mohammed al Taweel Bin Ibrahim), Abu Bakr al-Baghdadi, or Abu Luqman (aka Ali Musa al-Shawakh).

**Request for Production No. 5**

All Communications between You and Defendants regarding Your or Defendants' Personnel's personal safety in Syria.

**Request for Production No. 6**

All Documents and Communications discussing any real or perceived risks, threats, or danger to You or Defendants' Personnel in Syria from any terrorist or other armed groups

- 7 -

operating in Syria or Iraq, including all Documents and Communications about any steps You or

Defendants took or considered taking to protect against those risks, threats, or dangers.

**Request for Production No. 7**

All Documents and Communications concerning the termination or end of Your

employment with the Defendants.

**Request for Production No. 8**

All Documents and Communications relating to any instance in which ISIS or ANF

inflicted or threatened physical injury or death on You or any of Defendants' Personnel.

**Request for Production No. 9**

All Documents and Communications relating to the visit to Gaziantep, Turkey on

October 12-14, 2014, including, but not limited to, additional notes taken during interviews of

Defendants' employees.

# Exhibit 3

Case Name:   <u>Foley v. Lafarge S.A.</u>   Case Number: <u>1:23</u>-CV-<u>    05691   </u> (NGG) (PK)
Case Name:   <u>Finan v. Lafarge S.A.</u>   Case Number: <u>1:22</u>-CV-<u>    07831   </u> (NGG) (PK)
Case Name:   <u>Fields v. Lafarge S.A.</u>   Case Number: <u>1:23</u>-CV-<u>    00169   </u> (NGG) (PK)

## <u>CONFIDENTIALITY ORDER</u>

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

(a)    The following documents and information may be designated as "confidential," provided such documents are not public [check all that apply]:

☒    Sensitive Commercial Data, such as confidential or proprietary research, development, manufacturing, or commercial or business information, trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data.

☒    Sensitive Personal Data, such as personal identifiers, financial information, tax records, and employer personnel records.

☒    Medical and Legal Records, including medical files and reports.

_____   Non-public criminal history.

(b)    If any party believes a document not described in the above paragraph should nevertheless be considered confidential, it may make application to the Court. Such application shall only be granted for good cause shown.

(c)    An attorney for the producing party may designate documents or parts thereof as confidential by stamping the word "confidential" on each page.

If such information is provided in an answer to an interrogatory, the attorney may separately append the information to the main body of the interrogatory responses, mark such appendices "confidential," and incorporate by reference the appended material into the responses.

At the time of a deposition or within 10 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon all counsel. No objection shall be interposed at deposition that an answer would elicit confidential information. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. The confidential portion of the

1

transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "Confidential Information" by the reporter.

(d)     Documents designated "confidential" shall be shown only to the attorneys, parties, experts, actual or proposed witnesses, court personnel and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents, who is not a party or an attorney for a party, shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(e)     Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(f)     The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality. If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated as "confidential," the party may so designate by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(g)     If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(h)     The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, if they wish to move to file a document under seal.

(i)     Within a reasonable period after the conclusion of the litigation, all confidential material shall be returned to the respective producing parties or destroyed by the recipients.

(j)     In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

2

(k)     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

Dated: April __, 2024

_____
Joshua D. Branson
Andrew E. Goldsmith
Christopher C. Goodnow
James A. Ruck
Chase H. Robinett
Eric J. Maier
Kellogg, Hansen, Todd, Figel &
 Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

Ryan R. Sparacino
Adam J. Goldstein
SPARACINO PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
Fax: (202) 629-3658

*Counsel for the Foley Plaintiffs*

_____
Lee Wolosky
Andrew Joshua Lichtman
Katya T. Jestin
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036

Alyssa Bernstein
J.E. Shreve Ariail
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001

Todd C. Toral
Jenner & Block LLP

3

515 South Flower Street
Ste 3300
Los Angeles, CA 90071-2246

*Counsel for the Finan Plaintiffs*


_____

Joshua D. Arisohn
Matthew A. Girardi
Bursor & Fisher, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019

*Counsel for the Fields Plaintiffs*


_____

Jay K. Musoff
John Piskora
Sarah Levitan Perry
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154

*Counsel for Defendants Lafarge S.A.,*
*Lafarge Cement Holding Limited, and*
*Lafarge Cement Syria S.A.*



**SO ORDERED:**


Dated: Brooklyn, New York
      April _____, 2024          _____

PEGGY KUO
United States Magistrate Judge

4

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matters entitled *Foley v. Lafarge S.A.*, No. 1:23-cv-05691-NGG-PK, *Finan v. Lafarge S.A.*, No. 1:22-cv-07831-NGG-PK, and *Fields v. Lafarge S.A.*, No. 1:23-cv-00169-NGG-PK have been designated as confidential. I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____          DATED: _____
[Signature]

Signed in the presence of:


_____
(Attorney)

5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DIANE FOLEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:23-cv-05691-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| CHARISS FINAN, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:22-cv-07831-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| JASON BLACK, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:24-cv-08901-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| SUSAN SHIRLEY, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:25-cv-04248-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |

| | |
|---|---|
| AVRAHAM GOLDMAN, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:24-cv-01043-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| NADIA MURAD, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:23-cv-09186-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| CHRISTINE STALLTER, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:25-cv-06749-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| TAMARA FIELDS, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:23-cv-00169-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |
| HELEN JANE WILSON, *et al.*, | |
| Plaintiffs, | |
| v. | Civil No. 1:25-cv-01975-NGG-PK |
| LAFARGE S.A., *et al.*, | |
| Defendants. | |

2

# ORDER AND STIPULATION AMENDING THE CONFIDENTIALITY ORDER

The parties, by and through their undersigned counsel, hereby stipulate and respectfully request that the Court enter the following Order amending the Confidentiality Order previously entered in this Action (ECF No. 42-1) (the "Confidentiality Order")[1]:

WHEREAS, the Court entered the Confidentiality Order (ECF No. 42-1) governing the treatment of confidential discovery material in this Action;

WHEREAS, the Court has entered a Stipulation and Order Regarding Electronic Discovery Procedure (ECF No. 120) (the "ESI Protocol"), which governs the format, processing, redaction, metadata, and security of electronically stored information, and the parties intend that this amendment be construed consistently with, and not to alter, the ESI Protocol;

WHEREAS, discovery in this Action includes documents and ESI that may contain personal data, including medical records and special category personal data and criminal convictions and offenses data as defined by Articles 9 and 10 of the General Data Protection Regulation (European Union Regulation (EU) 2016/679, the "GDPR"), respectively, and including data that may be subject to European Union Member State and Swiss data protection, confidentiality, and employment law regimes;

WHEREAS, the Defendants believe that, in light of the nature and volume of personal data involved in this Action, the relevant Controllers (as defined in Article 4(7) GDPR) should, with respect to the processing of such Personal Data that is protected by GDPR, implement additional safeguards in line with the principles of the GDPR;

WHEREAS, the parties have conferred in good faith and agree that limited amendments to the Confidentiality Order are appropriate to facilitate and expedite discovery involving large volumes of documents while protecting highly sensitive personal information.

"Attorneys' Eyes Only" or "AEO" Information means a subset of Confidential Information that is highly sensitive and that includes, without limitation:

(a) sensitive personal data related to European Union and Swiss individuals other than that already specified in the Confidentiality Order;

(b) medical data, including without limitation, psychologist notes, medical records, and diagnostic testing;

(c) special category personal data within the meaning of Article 9 of the GDPR;

---

[1] Unless otherwise noted, ECF references are to the docket for *Foley v. Lafarge, S.A.*, Case No. 1:23-cv-05691-NGG-PK.

(d) personal data relating to criminal convictions or offenses within the meaning of Article 10 of the GDPR; and

(e) comparable categories of personal data protected under European Union Member State, UK, or Swiss data protection, confidentiality, or employment laws.

Materials designated ATTORNEYS' EYES ONLY may not be produced with redactions for "personal data requiring protection under applicable foreign data privacy laws," as that phrase is used in the ESI Protocol, Part IV(3). For the avoidance of doubt, materials designated ATTORNEYS' EYES ONLY may be produced with redactions for "(1) privileged information, including information protected by the attorney-client and work product privileges; and (2) sensitive personal identifying information ("PII"), including social security numbers, personal bank account information about bank accounts that Defendants reasonably and in good faith believe are not connected to the alleged misconduct whether produced in redacted or unredacted form, consistent with the ESI Protocol." *Id*.

To maximize protection and avoid inadvertent production, the Parties agree that Defendants may mark all documents in forthcoming productions as ATTORNEYS' EYES ONLY.

"**Data Incident**" shall mean a breach of security leading to the accidental or unlawful unauthorized disclosure of, or access to, Personal Data or Special Category Data transmitted, or stored in the course of this Action.

"**Personal Data**" shall have the meaning set out under Article 4(1) of the GDPR, *i.e.*, any information relating to an identified or identifiable individual; an identifiable individual is one who can be identified, directly or indirectly, in particular by reference to an identifier such as a name, an identification number, location data, an online identifier or to one or more factors specific to the physical, physiological, genetic, mental, economic, cultural or social identity of that individual.

"**Receiving Party**" shall mean any counsel or other authorized person who receives or accesses Personal Data or AEO Information under the Confidentiality Order.

A producing party may designate discovery material as ATTORNEYS' EYES ONLY where the material contains AEO Information and disclosure beyond the restrictions set forth herein would create a substantial risk of harm, including risks arising under applicable data-protection or confidentiality laws.

**Unredacted Production.** Where discovery materials contain AEO Information, a producing party may elect to produce such materials unredacted subject to an ATTORNEYS' EYES ONLY designation, in lieu of redaction. Nothing in this Order shall be construed to require redaction under the Confidentiality Order or the ESI Protocol where the producing party reasonably determines that an AEO designation provides appropriate protection.

Unless otherwise ordered by the Court or agreed in writing by the producing party, material designated ATTORNEYS' EYES ONLY may be disclosed only to:

4

(a) outside counsel of record and their litigation support personnel;

(b) in-house counsel and their litigation support personnel;

(c) experts or consultants retained for this Action who have executed Exhibit A and are not officers, directors, or employees of a party; and

(d) the Court and court personnel.

Material designated ATTORNEYS' EYES ONLY may be used in unredacted form during depositions if the witness appears on the face of the document and previously had access to the material in the course of their professional role.

**Purpose Limitation.** Consistent with the principle of purpose limitation set out under Article 5 of the GDPR, all AEO Information disclosed in discovery in this Action shall be used solely for the purposes of prosecuting, defending, or resolving the claims in this Action, and shall not be used for any secondary purpose. Without limitation, no Receiving Party shall use Personal Data obtained through discovery for commercial purposes, marketing, profiling, automated decision-making, journalistic publication, research unrelated to this Action, or any purpose other than the conduct of this litigation. No Receiving Party shall copy, reproduce, or duplicate Personal Data or AEO Information except to the extent reasonably necessary for the conduct of this Action. Any such copies shall be subject to the same protections as the original material.

**Requests for Redactions and Reduced Designations.** To the extent any party would like to use materials designated ATTORNEYS' EYES ONLY for any purpose inconsistent with its designation, the party shall identify a reasonable number of materials and make a request to the producing party to apply redactions and revise the confidentiality designation. A reproduction of the materials with redactions and a revised confidentiality designation shall be provided within five (5) business days.

**ESI Treatment.** Documents produced pursuant to the ESI Protocol that are designated ATTORNEYS' EYES ONLY shall be branded and identified using the same mechanisms applicable to other confidentiality designations, including stamping on TIFF images, identification on native file placeholders, and population of the confidentiality metadata field, consistent with the ESI Protocol.

**Security and Use of ATTORNEYS' EYES ONLY Information.** Consistent with the principle of integrity and confidentiality set out under Article 5 of the GDPR, all material designated ATTORNEYS' EYES ONLY ("AEO Information") shall be handled, transmitted, processed, and stored using reasonable and appropriate administrative, technical, and physical safeguards consistent with industry-standard security practices for highly sensitive data.

Such safeguards shall include at a minimum, access controls limiting availability to authorized persons under this Order, secure authentication, encryption of AEO Information in transit and, where technically feasible at rest, and measures designed to prevent unauthorized access, disclosure, alteration, or loss.

5

AEO Information shall not be uploaded to, processed by, summarized by, embedded in, vectorized, classified using, translated by, or otherwise disclosed to any publicly available generative artificial intelligence, machine learning large language model (LLM), or similar automated tools or services, including systems that retain inputs or outputs or other derivatives for training, tuning, service improvement, or cross-customer use. Any permitted use of artificial intelligence or automated tools must be limited to systems controlled by, or contractually restricted to, the receiving party or its counsel, experts or consultants, and configured to prevent retention, secondary use, or disclosure of AEO Information or any derivative thereof beyond what is permitted under this Order and the ESI Protocol.

**Data Incident Notification.**  Consistent with the principles of transparency, confidentiality and integrity set out under Article 5 of the GDPR, in the event that any Receiving Party becomes aware of a Data Incident involving AEO Information, the Receiving Party shall notify the producing party in writing without undue delay.

Such notification shall include, to the extent then known: (i) a description of the nature of the Data Incident, including, where possible, the categories and approximate number of data subjects and data records concerned; (ii) the name and contact details of a designated point of contact from whom further information may be obtained; (iii) a description of the likely consequences of the Data Incident; and (iv) a description of the measures taken or proposed to be taken to address the Data Incident, including, where appropriate, measures to mitigate its possible adverse effects.

The Receiving Party shall cooperate fully with the producing party in investigating and remediating the Data Incident and shall take all reasonable steps to contain the Data Incident and mitigate any harm to affected data subjects.

**Deletion and Destruction of Personal Data.**  Consistent with the principle of storage limitation set out under Article 5 of the GDPR, within sixty (60) days of the final resolution of this Action (or longer if there is a legal basis to retain the data concerned for a longer period), each Receiving Party shall securely destroy all AEO Information received during discovery. Destruction shall be carried out using methods reasonably designed to render the data permanently unrecoverable, including, where applicable, secure deletion of electronic files and shredding of physical documents.

Dated: April 3, 2026

Alyson Zureick
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8875 (t)
(212) 230-8888 (f)
alyson.zureick@wilmerhale.com

Respectfully submitted,

/s/ *David W. Bowker*
David W. Bowker
Jonathan E. Paikin
Albinas Prizgintas (*pro hac vice*)
Michaela S. Wilkes Klein (*pro hac vice*)
WILMER CUTLER PICKERING
HALE AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, D.C.  20037
(202) 663-6000 (t)
(202) 663-6363 (f)
david.bowker@wilmerhale.com
jonathan.paikin@wilmerhale.com
albinas.prizgintas@wilmerhale.com
michaela.wilkesklein@wilmerhale.com

*Attorneys for Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria S.A.*

*/s/ Lee Wolosky*
Lee Wolosky
Andrew J. Lichtman
Kathryn Bolas
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
lwolosky@willkie.com
alichtman@willkie.com
kbolas@willkie.com

Todd C. Toral
JENNER & BLOCK LLP
2029 Century Park East
Ste 1450
Los Angeles, CA 90067-2901
213-239-2294
ttoral@jenner.com

Brent Caslin
JENNER & BLOCK LLP
515 S Flower Street
Suite 3300
Los Angeles, CA 90071
213-239-5100

*/s/ Joshua D. Branson*
Andrew E. Goldsmith
Joshua D. Branson (*pro hac vice*)
Lillian V. Smith (*pro hac vice*)
Christopher C. Goodnow (*pro hac vice*)
James A. Ruck (*pro hac vice*)
Eric J. Maier (*pro hac vice*)
Chase H. Robinett (*pro hac vice*)
KELLOGG, HANDSEN, TODD,
 FIGEL & FREDERICK PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7945
agoldsmith@kellogghansen.com
jbranson@kellogghansen.com
lsmith@kellogghansen.com
cgoodnow@kellogghansen.com
jruck@kellogghansen.com
emaier@kellogghansen.com
crobinett@kellogghansen.com

Adam J. Goldstein
Ryan R. Sparacino (*pro hac vice*)
Stacey Wilson (*pro hac vice*)
SPARACINO PLLC
1920 L Street, N.W., Suite 835
Washington, D.C. 20036

bcaslin@jenner.com

Jason P. Hipp
Sarah Ann Purtill
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1600
jhipp@jenner.com
spurtill@jenner.com

Alyssa Bernstein (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6029
abernstein@jenner.com
sariail@jenner.com

Kyle N. Tramonte (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel: (202) 639-6000
ktramonte@jenner.com

*Attorneys for the Finan Plaintiffs*

/s/ Joshua D. Branson
Andrew E. Goldsmith
Joshua D. Branson (*pro hac vice*)
KELLOGG, HANDSEN, TODD,
 FIGEL & FREDERICK PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7945
agoldsmith@kellogghansen.com
jbranson@kellogghansen.com

Adam J. Goldstein
SPARACINO PLLC
1920 L Street, N.W., Suite 835
Washington, D.C. 20036
(202) 629-3530
adam.goldstein@sparacinopllc.com

(202) 629-3530
adam.goldstein@sparacinopllc.com

Matthew Jason Fisher (*pro hac vice*)
SPARACINO PLLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
312-216-5111
matt.fisher@sparacinopllc.com

*Attorneys for the Foley Plaintiffs*

/s/ Lee Wolosky
Lee Wolosky
Andrew J. Lichtman
Kathryn Bolas
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
lwolosky@willkie.com
alichtman@willkie.com
kbolas@willkie.com

Todd C. Toral
JENNER & BLOCK LLP
2029 Century Park East
Ste 1450

8

Matthew Jason Fisher (*pro hac vice*)
SPARACINO PLLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
312-216-5111
matt.fisher@sparacinopllc.com

*Attorneys for the Black Plaintiffs*

Los Angeles, CA 90067-2901
213-239-2294
ttoral@jenner.com

Brent Caslin (*pro hac vice*)
JENNER & BLOCK LLP
515 S Flower Street
Suite 3300
Los Angeles, CA 90071
213-239-5100
bcaslin@jenner.com

Jason P. Hipp
Sarah Ann Purtill
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1600
jhipp@jenner.com
spurtill@jenner.com

Alyssa Bernstein (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6029
abernstein@jenner.com

Kyle N. Tramonte  (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel: (202) 639-6000
ktramonte@jenner.com

Craig W. Carlson  (*pro hac vice*)
Langdon D. Southworth (*pro hac vice*)
THE CARLSON LAW FIRM
100 East Central Texas Expressway
Killeen, TX 76541
254-526-5688
ccarlson@carlsonattorneys.com
lsouthworth@carlsonattorneys.com

*Attorneys for the Shirley Plaintiffs*

9

*/s/ Lee Wolosky*

Lee Wolosky
Andrew J. Lichtman
Kathryn Bolas
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
lwolosky@willkie.com
alichtman@willkie.com
kbolas@willkie.com

Todd C. Toral
JENNER & BLOCK LLP
2029 Century Park East
Ste 1450
Los Angeles, CA 90067-2901
213-239-2294
ttoral@jenner.com

Jason P. Hipp
Sarah Ann Purtill
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1600
jhipp@jenner.com
spurtill@jenner.com
Alyssa Bernstein (*pro hac vice*)
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6029
abernstein@jenner.com

Kyle N. Tramonte (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel: (202) 639-6000
ktramonte@jenner.com

Amal Clooney (*pro hac vice*)
Alisha Mathew (*pro hac vice*)

*/s/ Kevin L. Attridge*

Kevin L. Attridge  (*pro hac vice*)
Melissa Fox
Jonathan E. Missner  (*pro hac vice*)
Robert B. Gilmore  (*pro hac vice*)
STEIN MITCHELL BEATO
& MISSNER LLP
2000 K Street, NW, Suite 600
Washington, D.C. 20006
Tel: (202) 737-7777
Fax: (202) 296-8312
kattridge@steinmitchell.com
mfox@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com

Gavriel Mairone
MM~LAW LLC
875 North Michigan Avenue, Suite 3100,
Chicago IL 60611
Tel: (312) 253-7444
Fax: (312) 275-8590
Ctlaw@mm-Law.com

Andrew E. Goldsmith
Joshua D. Branson  (*pro hac vice*)
KELLOGG, HANDSEN, TODD,
 FIGEL & FREDERICK PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7945
agoldsmith@kellogghansen.com
jbranson@kellogghansen.com

*Attorneys for the Goldman Plaintiffs*

10

OFFICE OF AMAL CLOONEY
54 Doughty Street
London
United Kingdom of Great Britain and
Northern Ireland
(44) 204 526 1185
YazidiUS@amalclooney.co.uk
am@officeofac.co.uk

*Attorneys for the Murad Plaintiffs*

/s/ Noel J. Nudelman
Noel J. Nudelman
Joseph Tipograph
Richard D. Heideman (*pro hac vice*)
Tracy R. Kalik (*pro hac vice*)
HEIDEMAN NUDELMAN & KALIK, PC
5335 Wisconsin Avenue, NW, Suite 440
Washington, DC 20015
703-447-3804
njnudelman@hnklaw.com
jhtipograph@hnklaw.com
rdheideman@hnklaw.com
trkalik@hnklaw.com

*Attorneys for the Wilson Plaintiffs*

/s/ Joshua D. Arisohn
Joshua D. Arisohn
ARISOHN LLC
513 8th Avenue, #2
Brooklyn, NY 11215
Telephone: (917) 656-0569
Email: josh@arisohnllc.com

Matthew A. Girardi
BURSOR & FISHER, P.A.
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
Email: mgirardi@bursor.com

T. Michael Guiffre
John L. Murino (*pro hac vice pending*)
Aryeh S. Portnoy (*pro hac vice pending*)
Michael J. Williams (*pro hac vice pending*)

/s/ Joshua D. Branson
Andrew E. Goldsmith
Joshua D. Branson (*pro hac vice*)
KELLOGG, HANDSEN, TODD,
 FIGEL & FREDERICK PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7945
agoldsmith@kellogghansen.com
jbranson@kellogghansen.com

Adam J. Goldstein
Ryan R. Sparacino (*pro hac vice forthcoming*)
Matthew J. Fisher (*pro hac vice forthcoming*)
SPARACINO PLLC
1920 L Street, N.W., Suite 835
Washington, D.C. 20036
(202) 629-3530
adam.goldstein@sparacinopllc.com
ryan.sparacino@sparacinopllc.com
matt.fisher@sparacinopllc.com

*Attorneys for the Stallter Plaintiffs*

11

CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: mguiffre@crowell.com
jmurino@crowell.com
aportnoy@crowell.com
mwilliams@crowell.com

*Attorneys for the Fields Plaintiffs*

SO ORDERED.

Dated: Brooklyn, New York
      April 6, 2026

*Peggy Kuo*
_____
PEGGY KUO
United States Magistrate Judge

# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

<table>
<tr>
<td>

CHARISS FINAN, *et al.*,

                Plaintiffs,

       v.

LAFARGE S.A., *et al.*,

                Defendants.

</td>
<td rowspan="4">

Case No. 22-cv-07831-NGG-PK

Case No. 23-cv-05691-NGG-PK

Case No. 24-cv-08901-NGG-PK

Case No. 25-cv-04248-NGG-PK

</td>
</tr>
<tr>
<td>

DIANE FOLEY, *et al.*,

                Plaintiffs,

       v.

LAFARGE S.A., *et al.*,

                Defendants.

</td>
</tr>
<tr>
<td>

JASON BLACK, *et al.*,

                Plaintiffs,

       v.

LAFARGE S.A., *et al.*,

                Defendants.

</td>
</tr>
<tr>
<td>

SUSAN SHIRLEY, *et al.*,

                Plaintiffs,

       v.

LAFARGE S.A., *et al.*,

                Defendants.

</td>
</tr>
</table>

NADIA MURAD, *et al.*,

        Plaintiffs,

    v.

LAFARGE S.A., *et al.*,

        Defendants.

Case No. 23-cv-09186-NGG-PK

---

ESTATE OF AVRAHAM GOLDMAN, *et al.*,

        Plaintiffs,

    v.

LAFARGE S.A., *et al.*,

        Defendants.

Case No. 24-cv-01043-NGG-PK

---

HELEN JANE WILSON, *et al.*,

        Plaintiffs,

    v.

LAFARGE S.A., *et al.*,

        Defendants.

Case No. 25-cv-01975-NGG-PK

---

CHRISTINE STALLTER, *et al.*,

        Plaintiffs,

    v.

LAFARGE S.A., *et al.*,

        Defendants.

Case No. 25-cv-06749-NGG-PK

| | |
|---|---|
| TAMARA FIELDS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LAFARGE S.A., *et al.*,<br><br>Defendants. | Case No. 23-cv-00169-NGG-PK |

**STIPULATION AND ORDER**
**ESTABLISHING DEPOSITION PROTOCOL AND USE OF DISCOVERY IN**
**RELATED ACTIONS**

Consistent with Federal Rule of Civil Procedure ("FRCP") 30, the Parties in the nine above-captioned matters (the "Related Actions") jointly proposed a protocol (the "Protocol") to govern depositions and use of discovery in these Actions. After reviewing the Protocol, this Court adopts the Parties' proposal. The following Stipulation and Order Establishing Deposition Protocol And Use Of Discovery In Related Actions ("Order") shall apply to and govern depositions, document productions, interrogatory responses, and responses to requests for admission in the Related Actions.

\*\*\*

## I. GENERAL PROVISIONS

1. Except as specifically set forth herein, this Order does not alter or affect the applicability of the FRCP, Local Rules for the United States District Court for the Eastern District of New York ("LR"), Federal Rules of Evidence ("FRE") or applicable law.

2. All documents that have been or will be produced by a Party in any Related Action are hereby deemed produced in all Related Actions, except that documents that are specifically designated by the producing Party as being produced in only one or more Actions shall not be deemed produced in any other Related Action. The Parties shall endeavor to share responses to

- 1 -

interrogatories and requests for admission that they provide in each Related Action with counsel in the other Related Actions. Interrogatories and requests for admission and the responses to them served in any of the *Finan*, *Foley*, *Black*, *Shirley*, *Murad*, *Goldman*, and *Stallter* Actions are effective in each of those actions, but not in the *Wilson* and *Fields* Actions. Interrogatories and requests for admission and the responses to them served in either of the *Wilson* and *Fields* Actions are effective in both of those actions, but not in the *Finan*, *Foley*, *Black*, *Shirley*, *Murad*, *Goldman*, and *Stallter* Actions.

3. A fact or third-party deposition taken in any Related Action is hereby deemed taken in all Related Actions. An expert deposition taken in any Action is hereby deemed taken in all the Related Actions where that expert is designated as an expert.

4. All depositions, documents, interrogatory responses, and responses to requests for admission are subject to the Court's Confidentiality Orders in each Related Action.

## II.   DEPOSITIONS

5. Absent special circumstances or unless otherwise modified by mutual agreement, the terms set forth in this Order govern all depositions in each of the Related Actions, including but not limited to fact depositions (including 30(b)(6) depositions) and expert depositions (to the extent an expert is designated to testify in more than one Related Action), except that nothing in this Order is intended to or shall be a basis for rescheduling the already-scheduled deposition of Guillaume Roux.

6. The Parties will work cooperatively and in good faith to schedule depositions. Parties shall provide reasonable written notice stating the date, time, place, witness[1] identity, and any document requests pursuant to FRCP 30. Parties will use their best efforts to make witnesses

---

[1] The term "witness" as used in the Protocol is equivalent to deponent.

available for deposition at a mutually agreeable time and without undue delay.  As a general matter, fact witnesses will be deposed in the vicinity of their home or work.  If a witness is a former employee of any Party and is not represented by counsel to any Party, upon receipt of a deposition notice for the former employee, that Party shall, within 14 business days of the deposition notice, provide the date of departure and last known address of the former employee, whether the Party's counsel can accept service of the notice or whether a subpoena to the former employee will be necessary, whether the Party's counsel will be representing that Party in connection with the deposition and, if not, the name and contact information for the witness's counsel or that the witness is unrepresented (or that the representation status is unknown).  Nothing in the foregoing sentence is intended to or shall prevent any Party from seeking to obtain the deposition of such a witness by subpoena or other means.

7. All deposition subpoenas will be served on all Parties simultaneously with service on the witness.  If the subpoena also calls for the production of documents, electronically stored information, or tangible things, then in accordance with FRCP 45(a)(4), the Party serving the subpoena must first provide a notice and copy of the subpoena to each Party before the subpoena is served on the person to whom it is directed.  If a Party serves a subpoena for the production of documents and commanding attendance at a deposition, the Party serving that subpoena must schedule the deposition for a date at least 14 days after the return date for the document subpoena, and if the Party serving that subpoena agrees to extend the date of production for the document subpoena in a way that would result in fewer than 14 days between the extended production date and the date scheduled for the deposition, the date scheduled for the deposition must be postponed to be at least 14 days following the extended production date, unless all parties consent to fewer than 14 days.

8.  Unless otherwise stipulated by the Parties, depositions will be conducted in-person; the Parties are free to provide video conference access during the deposition, so long as the defending and any questioning counsel attend in-person.

9.  Other than for expert and named plaintiffs' depositions, counsel for all Parties and their experts are entitled to attend all depositions, including any non-Party depositions, and may cross-examine witnesses in accordance with the terms of the Protocol below and obtain a copy of the deposition transcript thereof.  Fact witnesses are not permitted to attend the depositions of any other witness, except that any minor who is deposed may be accompanied by a parent or guardian, even if that parent or guardian is also an actual or potential fact witness.  If the witness is an expert, only Parties and their counsel in the Related Action in which the expert is designated may attend.

10.  If information is subject to the Confidentiality Order such that it cannot be disclosed to certain attendees or participants in a deposition, the attendee or participant shall not be permitted to participate in the portions of the deposition where such information subject to the Confidentiality Order is discussed and shall not be entitled to obtain a copy of the portion of the transcript containing such information and testimony.

11.  The first noticing or subpoenaing Party will be responsible for securing and covering any fees and costs for the deposition location, videographer, and court reporter.  The first noticing or subpoenaing Party will ensure that a video or audio link to the live deposition is available for counsel who are permitted to attend but do not intend to examine the witness.  No participant in a deposition—i.e., no deponent, defending counsel, or questioning counsel—may participate in an in-person deposition remotely, except by consent of the Parties.

## A. Number & Time Limits for Depositions

12.  The Parties agree to meet and confer regarding modifications to the limits on the number of depositions set forth in Fed. R. Civ. P. 30(a)(2)(A)(i).

- 4 -

13.     As a general matter, Party depositions, which include 30(b)(6) depositions, and expert depositions shall last no more than **7** hours.[2]  If there are Plaintiffs from more than one Related Action seeking to ask questions, they shall coordinate and divide the available time among themselves.  The non-noticing side may cross-examine the witness at the conclusion of direct examination for up to 1 hour regardless of whether the cross-examination extends past the applicable hour limit.  The Parties may agree to extend the 7-hour limit in a particular case, and may seek relief from the limit from the Court if they cannot agree.

14.     As a general matter, depositions of third-party witnesses, including former employees of a Party, shall last no more than 7 hours.  The non-subpoenaing side may cross-examine the witness at the conclusion of direct examination for up to 1 hour regardless of whether the cross-examination extends past the applicable hour limit.  If there are Plaintiffs from more than one Action seeking to ask questions, they will coordinate and divide the available time among themselves.  The Parties may agree to extend the 7-hour limit in a particular case, and may seek relief from the limit from the Court if they cannot agree.  Further, if Plaintiffs and Defendants each seek to depose a third-party witness, the deposition shall last no more than 14 hours and will be divided equally between Defendants on one side and Plaintiffs in all Related Actions on the other.  If a third-party's counsel conducts an examination of the witness, the time spent shall not count against the time limits for any Party.

15.     If the total on-record portion of the deposition goes beyond 7 hours in a day, the remaining portion of the deposition will take place on a second day, unless the Parties, witness, court reporter, and videographer otherwise agree.

---

[2] All time periods for depositions refer to time on the record.

16. Once a witness has been noticed or subpoenaed by any Plaintiff, they shall not be noticed or subpoenaed again by Plaintiffs in any of the Related Actions absent agreement of all Parties. Similarly, if a witness has been noticed or subpoenaed by Defendants, they shall not be noticed or subpoenaed again by Defendants absent agreement of the Parties. If both Plaintiffs and Defendants notice or subpoena the same witness, the Parties shall make best efforts for the deposition to occur on consecutive days.

17. All time limits for depositions shall be increased by half in the event that the witness requires a translator. *See infra* Section II.D.

### B. In-Room Logistics

18. Unless otherwise agreed by the questioning Parties and the witness, witnesses are permitted to have their defending attorney physically present. If the witness is an expert, the witness is additionally permitted to have his or her staff physically present. The presence of such persons must comply with any applicable LR and shall be stated on the record. If the deposition takes place via video conference, the defending attorney or staff present with the witness must also appear on camera throughout the testimony.

19. The Parties agree that an accredited or certified videographer shall be retained to create a video record of each deposition. The video recording of the deposition shall frame the witness so that a reasonable distance around the witness on each side is visible. The video recording of the deposition shall not include counsel or others attending a deposition.

### C. Deposition Exhibits

20. For all depositions, the Parties shall make reasonable efforts to disclose attendees in advance. Questioning counsel must provide hard copies of all exhibits they seek to mark, including one for the court reporter, one for the witness, one for defending counsel, and one each for up to seven other counsel present, excluding the questioner. The exhibits do not otherwise

need to be provided to the court reporter, defending counsel, or other counsel prior to being marked for the record.

21.     For all depositions, exhibits shall be sequentially marked with a prefix including "Defendant" or "Plaintiff" with the next available number after the last exhibit marked at the prior deposition (e.g., Defendant Ex. 1).  The Parties shall make best efforts not to designate an exhibit marked at a prior deposition with a different exhibit number, but rather to use the previously marked exhibit.  The court reporter or designated vendor will maintain the official exhibit log.

22.     For all depositions, questioning counsel will identify the exhibit by its starting and ending Bates number for the record.  Native review may be requested by the witness for spreadsheets, CAD files, or similar items, and questioning counsel does not otherwise need to provide these native files as physical copies, but may do so.

23.     The witness will be given adequate time to review the exhibit prior to answering any question associated with the exhibit.

24.     Any documents reviewed, or notes made, by a witness at any point after the deposition commences, and before it is concluded, shall be preserved and either made available to all Parties' counsel or made a deposition exhibit.

25.     Upon conclusion of the deposition, the vendor responsible for handling the exhibits will circulate the stamped copies to the court reporter and all counsel attending.

### D.     Interpreters

26.     The Parties shall meet and confer concerning the circumstances warranting the use of Party-selected or neutral interpreters at depositions, including the appropriate notice period and the number of interpreters.

27.     All depositions will take place in English.  Absent the Parties' agreement, for any witness who, at least 14 days before the deposition, states that he or she lacks sufficient familiarity

with English to understand questions asked in English or to respond to questions in English, the Parties will secure a neutral interpreter.

28.     The noticing Party bears the cost of securing a qualified and official translator for the deposition for any witness who needs a translator to respond to questions in English.  Counsel for any Party may bring its own translator to the deposition for the purpose of assisting that counsel. If a Party insists on use of its own interpreter at a deposition, then that Party shall bear the cost of that interpreter.

29.     Any objection to the translation must be mindful of the requirements of Federal Rule of Civil Procedure 30(c)(2).

**E.      Miscellaneous**

30.     The witness may review and sign the official transcript provided by the court reporter, providing any errata within the time permitted by FRCP 30(e).

31.     Where a witness is represented by counsel who does not represent a Party to the Related Actions (*e.g.*, a third party or an employee of a Party with separate counsel), then the noticing Party shall provide a copy of the governing Confidentiality Order to such witness's counsel along with the deposition subpoena or notice.  The Parties will use their best efforts to have non-Party witnesses and their counsel comply with the Protocol.

32.     The Parties may modify these procedures as appropriate by mutual agreement and reserve their rights to seek reasonable modifications of these procedures as appropriate in individual instances.

Dated: March 26, 2026

- 8 -

Respectfully submitted,

/s/ *David W. Bowker*

| | |
|---|---|
| Alyson Zureick | David W. Bowker |
| WILMER CUTLER PICKERING | Jonathan E. Paikin |
|   HALE AND DORR LLP | Albinas Prizgintas (*pro hac vice*) |
| 7 World Trade Center | Michaela S. Wilkes Klein (*pro hac vice*) |
| 250 Greenwich Street | WILMER CUTLER PICKERING |
| New York, NY 10007 |   HALE AND DORR LLP |
| (212) 230-8875 (t) | 2100 Pennsylvania Avenue, N.W. |
| (212) 230-8888 (t) | Washington, D.C.  20037 |
| alyson.zureick@wilmerhale.com | (202) 663-6000 (t) |
| | (202) 663-6363 (f) |
| | david.bowker@wilmerhale.com |
| | jonathan.paikin@wilmerhale.com |
| | albinas.prizgintas@wilmerhale.com |
| | michaela.wilkesklein@wilmerhale.com |

*Attorneys for Lafarge S.A., Lafarge Cement Holding Limited, and Lafarge Cement Syria S.A.*


/s/ *Lee Wolosky*                                /s/ *Andrew E. Goldsmith*

| | |
|---|---|
| Lee Wolosky | Andrew E. Goldsmith |
| Andrew J. Lichtman | Joshua D. Branson (*pro hac vice*) |
| Kathryn Bolas | Lillian V. Smith (*pro hac vice*) |
| WILLKIE FARR & GALLAGHER LLP | Christopher C. Goodnow (*pro hac vice*) |
| 787 Seventh Avenue | James A. Ruck (*pro hac vice*) |
| New York, NY 10019 | Eric J. Maier (*pro hac vice*) |
| Tel: (212) 728-8000 | Chase H. Robinett (*pro hac vice*) |
| Fax: (212) 728-8111 | KELLOGG, HANDSEN, TODD, |
| lwolosky@willkie.com |   FIGEL & FREDERICK PLLC |
| alichtman@willkie.com | 1615 M Street, N.W., Suite 400 |
| kbolas@willkie.com | Washington, D.C. 20036 |
| | (202) 326-7945 |
| Todd C. Toral | agoldsmith@kellogghansen.com |
| JENNER & BLOCK LLP | jbranson@kellogghansen.com |
| 2029 Century Park East | lsmith@kellogghansen.com |
| Ste 1450 | cgoodnow@kellogghansen.com |
| Los Angeles, CA 90067-2901 | jruck@kellogghansen.com |
| 213-239-2294 | emaier@kellogghansen.com |
| ttoral@jenner.com | crobinett@kellogghansen.com |

Brent Caslin
JENNER & BLOCK LLP
515 S Flower Street
Suite 3300
Los Angeles, CA 90071
213-239-5100
bcaslin@jenner.com

Jason P. Hipp
Sarah Ann Purtill
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1600
jhipp@jenner.com
spurtill@jenner.com

Alyssa Bernstein (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6029
abernstein@jenner.com
sariail@jenner.com

Kyle N. Tramonte (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel: (202) 639-6000
ktramonte@jenner.com

*Attorneys for the Finan Plaintiffs*

Adam J. Goldstein
Ryan Sparacino (*pro hac vice*)
Stacey Wilson (*pro hac vice*)
SPARACINO PLLC
1920 L Street, N.W., Suite 835
Washington, D.C. 20036
(202) 629-3530
adam.goldstein@sparacinopllc.com
ryan.sparacino@sparacinopllc.com
stacey.wilson@sparacinopllc.com

Matthew Jason Fisher (*pro hac vice*)
SPARACINO PLLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
312-216-5111
matt.fisher@sparacinopllc.com

*Attorneys for the Foley Plaintiffs*

/s/ Andrew E. Goldsmith
Andrew E. Goldsmith
Joshua D. Branson (*pro hac vice*)
KELLOGG, HANDSEN, TODD,
 FIGEL & FREDERICK PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7945
agoldsmith@kellogghansen.com
jbranson@kellogghansen.com

Adam J. Goldstein
SPARACINO PLLC
1920 L Street, N.W., Suite 835
Washington, D.C. 20036
(202) 629-3530
adam.goldstein@sparacinopllc.com

Matthew Jason Fisher (*pro hac vice*)
SPARACINO PLLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
312-216-5111
matt.fisher@sparacinopllc.com

*Attorneys for the Black Plaintiffs*

/s/ Lee Wolosky
Lee Wolosky
Andrew J. Lichtman
Kathryn Bolas
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
lwolosky@willkie.com
alichtman@willkie.com
kbolas@willkie.com

Todd C. Toral
JENNER & BLOCK LLP
2029 Century Park East
Ste 1450
Los Angeles, CA 90067-2901
213-239-2294
ttoral@jenner.com

Brent Caslin (*pro hac vice*)
JENNER & BLOCK LLP
515 S Flower Street
Suite 3300
Los Angeles, CA 90071
213-239-5100
bcaslin@jenner.com

Jason P. Hipp
Sarah Ann Purtill
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1600
jhipp@jenner.com
spurtill@jenner.com

Alyssa Bernstein (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6029
abernstein@jenner.com

- 11 -

Kyle N. Tramonte  (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel: (202) 639-6000
ktramonte@jenner.com

Craig W. Carlson  (*pro hac vice*)
Langdon D. Southworth (*pro hac vice*)
THE CARLSON LAW FIRM
100 East Central Texas Expressway
Killeen, TX 76541
254-526-5688
ccarlson@carlsonattorneys.com
lsouthworth@carlsonattorneys.com

*Attorneys for the Shirley Plaintiffs*

/s/ Lee Wolosky
Lee Wolosky
Andrew J. Lichtman
Kathryn Bolas
WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 728-8000
Fax: (212) 728-8111
lwolosky@willkie.com
alichtman@willkie.com
kbolas@willkie.com

Todd C. Toral
JENNER & BLOCK LLP
2029 Century Park East
Ste 1450
Los Angeles, CA 90067-2901
213-239-2294
ttoral@jenner.com

/s/ Robert B. Gilmore
Robert B. Gilmore  (*pro hac vice*)
Kevin L. Attridge  (*pro hac vice*)
Melissa Fox
Jonathan E. Missner  (*pro hac vice*)
STEIN MITCHELL BEATO
& MISSNER LLP
2000 K Street, NW, Suite 600
Washington, D.C. 20006
Tel: (202) 737-7777
Fax: (202) 296-8312
kattridge@steinmitchell.com
mfox@steinmitchell.com
jmissner@steinmitchell.com
rgilmore@steinmitchell.com

Gavriel Mairone
MM~LAW LLC
980 North Michigan Avenue, Suite 1400
Chicago, IL 60611
Tel: (312) 253-7444
Fax: (312) 275-8590
Ctlaw@mm-Law.com

- 12 -

Jason P. Hipp
Sarah Ann Purtill
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1600
jhipp@jenner.com
spurtill@jenner.com

Alyssa Bernstein (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6029
abernstein@jenner.com

Kyle N. Tramonte (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue NW
Washington, D.C. 20001
Tel: (202) 639-6000
ktramonte@jenner.com

Amal Clooney (*pro hac vice*)
Alisha Mathew (*pro hac vice*)
OFFICE OF AMAL CLOONEY
54 Doughty Street
London
United Kingdom of Great Britain and
Northern Ireland
(44) 204 526 1185
YazidiUS@amalclooney.co.uk
am@officeofac.co.uk

*Attorneys for the Murad Plaintiffs*

Andrew E. Goldsmith
Joshua D. Branson  (*pro hac vice*)
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7945
agoldsmith@kellogghansen.com
jbranson@kellogghansen.com

*Attorneys for the Goldman Plaintiffs*

- 13 -

/s/ Tracy R. Kalik
Tracy R. Kalik (*pro hac vice*)
Noel J. Nudelman
Joseph Tipograph
Richard D Heideman (*pro hac vice*)
HEIDEMAN NUDELMAN & KALIK, PC
5335 Wisconsin Avenue, NW
Suite 440
Washington, DC 20015
703-447-3804
trkalik@hnklaw.com
njnudelman@hnklaw.com
jhtipograph@hnklaw.com
rdheideman@hnklaw.com

*Attorneys for the Wilson Plaintiffs*


/s/ Andrew E. Goldsmith
Andrew E. Goldsmith
Joshua D. Branson (*pro hac vice*)
KELLOGG, HANDSEN, TODD,
 FIGEL & FREDERICK PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7945
agoldsmith@kellogghansen.com
jbranson@kellogghansen.com

Adam J. Goldstein
Ryan R. Sparacino (*pro hac vice forthcoming*)
Matthew J. Fisher (*pro hac vice forthcoming*)
SPARACINO PLLC
1920 L Street, N.W., Suite 835
Washington, D.C. 20036
(202) 629-3530
adam.goldstein@sparacinopllc.com
ryan.sparacino@sparacinopllc.com
matt.fisher@sparacinopllc.com

*Attorneys for the Stallter Plaintiffs*


/s/ Joshua D. Arisohn
Joshua D. Arisohn
ARISOHN LLC
513 8th Avenue, #2
Brooklyn, NY 11215
Telephone: (917) 656-0569
josh@arisohnllc.com

Matthew A. Girardi
BURSOR & FISHER, P.A
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0708
mgirardi@bursor.com

- 14 -

T. Michael Guiffre
John L. Murino (*pro hac pending*)
Aryeh S. Portnoy (*pro hac pending*)
Michael J. Williams (*pro hac pending*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
mguiffre@crowell.com
jmurino@crowell.com
aportnoy@crowell.com
mwilliams@crowell.com

*Attorneys for the Fields Plaintiffs*


SO ORDERED.


Dated:  Brooklyn, New York

_____  ____, 2026
   March 27

*Peggy Kuo*
_____

PEGGY KUO

United States Magistrate Judge

- 15 -

**Pièce A**

**TRIBUNAL FÉDÉRAL DE DISTRICT DES ÉTATS-UNIS POUR LE DISTRICT EST DE NEW YORK**

CHARISS FINAN, et al.,
Demandeurs,
c.
LAFARGE S.A., et al.,
Défendeurs.
Affaire n° 22-cv-07831-NGG-PK

_____

DIANE FOLEY, et al.,
Demandeurs,
c.
LAFARGE S.A., et al.,
Défendeurs.
Affaire n° 23-cv-05691-NGG-PK

_____

JASON BLACK, et al.,
Demandeurs,
c.
LAFARGE S.A., et al.,
Défendeurs.
Affaire n° 24-cv-08901-NGG-PK

_____

SUSAN SHIRLEY, et al.,
Demandeurs,
c.
LAFARGE S.A., et al.,
Défendeurs.
Affaire n° 25-cv-04248-NGG-PK

_____

NADIA MURAD, et al.,
Demandeurs,
c.
LAFARGE S.A., et al.,
Défendeurs.
Affaire n° 23-cv-09186-NGG-PK

_____

SUCCESSION D'AVRAHAM GOLDMAN, et al.,
Demandeurs,
c.
LAFARGE S.A., et al.,
Défendeurs.
Affaire n° 24-cv-01043-NGG-PK

_____

2

*Traduction libre*
*Demande d'Entraide Chapitre II (Seguin)*

HELEN JANE WILSON, et al.,
Demandeurs,
c.
LAFARGE S.A., et al.,
Défendeurs.
Affaire n° 25-cv-01975-NGG-PK

_____

CHRISTINE STALLTER, et al.,
Demandeurs,
c.
LAFARGE S.A., et al.,
Défendeurs.
Affaire n° 25-cv-06749-DLI-VMS

_____

TAMARA FIELDS, et al.,
Demandeurs,
c.
LAFARGE S.A., et al.,
Défendeurs.
Affaire n° 23-cv-00169-NGG-PK

## DEMANDE D'ENTRAIDE JUDICIAIRE INTERNATIONALE AUX FINS DE DÉSIGNATION D'UN COMMISSAIRE EN VERTU DE LA CONVENTION DE LA HAYE DU 18 MARS 1970 SUR L'OBTENTION DES PREUVES À L'ÉTRANGER EN MATIÈRE CIVILE OU COMMERCIALE

Le Tribunal fédéral de district des États-Unis pour le District Est de New York, situé au 225 Cadman Plaza East, Brooklyn, NY 11201, États-Unis d'Amérique, adresse par la présente une demande au Ministère de la Justice, Direction des Affaires Civiles et du Sceau, Département de l'entraide, du droit international privé et européen (DEDIPE), 13, Place Vendôme, 75042 Paris Cedex 01, France, afin d'obtenir son concours pour recueillir le témoignage et obtenir la communication de pièces de Hélène Seguin (le « Témoin »), ancienne employée de la défenderesse Lafarge S.A. La présente demande est formulée en vertu du chapitre II de la Convention de La Haye du 18 mars 1970 sur l'obtention des preuves à l'étranger en matière civile ou commerciale.

### 1. Expéditeur

L'honorable Peggy Kuo
Juge fédérale (Magistrate Judge)
Tribunal fédéral de district des États-Unis
District Est de New York
225 Cadman Plaza East
Brooklyn, New York 11201
ÉTATS-UNIS D'AMÉRIQUE

### 2. Autorité centrale de l'État requis

Ministère de la Justice
Direction des Affaires Civiles et du Sceau Département de l'entraide, du droit international privé et

3

européen
13, Place Vendôme
75042 Paris Cedex 01
FRANCE

**3. Personne à qui la demande exécutée doit être renvoyée**

David W. Bowker
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC 20036
Tél. : (202) 663-6000
Fax : (202) 663-6363
david.bowker@wilmerhale.com
ÉTATS-UNIS D'AMÉRIQUE

Les défendeurs désignent également le commissaire désigné, M. Alexander Blumrosen, pour recevoir, en leur nom, la signification de l'autorisation au titre de la Convention de La Haye et des notifications émanant des autorités gouvernementales françaises relatives à la procédure engagée en vertu de ladite convention. Le commissaire transmettra simultanément cette autorisation et ces notifications aux avocats des défendeurs et des demandeurs.

Conformément au chapitre II, article 17 de la Convention de La Haye, le Tribunal fédéral de district des États-Unis pour le District Est de New York présente ses compliments au Ministère de la Justice et a l'honneur de soumettre la demande suivante :

**4. Précision de la date à laquelle l'autorité requérante souhaite recevoir la réponse à la demande d'entraide judiciaire internationale (« demande d'entraide »)**

L'autorité requérante apprécierait grandement de recevoir une réponse à la demande d'entraide dans un délai de 21 jours, ou dès que possible par la suite.

**5. Autorité requérante**

Tribunal fédéral de district des États-Unis
District Est de New York
225 Cadman Plaza East
Brooklyn, New York 11201
ÉTATS-UNIS D'AMÉRIQUE

**6. À l'autorité compétente de**

République française

**7. Intitulé de l'affaire et numéro d'identification éventuel**

Foley et al. c. Lafarge S.A. et al., n° 23-cv-05691-NGG-PK ;

4

*Traduction libre*
*Demande d'Entraide Chapitre II (Seguin)*

Finan et al. c. Lafarge S.A. et al., n° 22-cv-07831-NGG-PK ;

Black, et al. c. Lafarge S.A., et al., n° 24-cv-08901-NGG-PK ;

Shirley, et al. c. Lafarge S.A., et al., n° 25-cv-04248-NGG-PK ;

Goldman, et al. c. Lafarge S.A., et al., n° 24-cv-01043-NGG-PK ;

Murad, et al. c. Lafarge S.A., et al., n° 23-cv-09186-NGG-PK ;

Stallter, et al. c. Lafarge S.A., et al., n° 25-cv-06749-NGG-PK ;

Fields, et al. c. Lafarge S.A., et al., n° 23-cv-00169-NGG-PK ;

Wilson et al. c. Lafarge S.A. et al., n° 25-cv-01975-NGG-PK

## 8. Noms des demandeurs

*Demandeurs Foley* : Succession de James Foley, Diane Foley, John W. Foley, John E. Foley, Mark Foley, Kathryn Simpson, Michael Foley, Succession de Kayla Mueller, Richard Mueller II, Marsha Mueller, Eric Mueller, Succession de Steven Sotloff, Arthur Sotloff, Shirley Sotloff, Lauren Sotloff, Ashley Wheeler, D.W. (par l'intermédiaire d'Ashley Wheeler), Heather Harbour-Quackenbush, Rachel Quackenbush, Scotty Quackenbush, Tatira Wade, Zachariah Wheeler, Frederick Cardin, Hayley Simpkin, Nellie Cardin, Pollyanna Dhanani, Vincent Cardin, Ali Madina, Tatsiana Neudakh, A.M. (par l'intermédiaire d'Ali Madina), L.M. (par l'intermédiaire d'Ali Madina), Ryan Galdes, C.G. (par l'intermédiaire de Ryan Galdes, Nathan Stallter, Succession de Weston Lee, Aldene Lee, Zakery Spicer, Megan Spicer, J.S. (par l'intermédiaire de Zakery Spicer), W.A.S. (par l'intermédiaire de Zakery Spicer), W.C.S. (par l'intermédiaire de Zakery Spicer), Beth Rosen, Jerrod Spicer, Lauranna Eifert, Nathan Spicer, Tanner Spicer, William Raak, Michelle Black, Henry Black, Karen Black, Addie Johnson, Elisa Johnson, John Johnson, Jennifer Johnson, Jo-Anne Johnson et Richshama Johnson.

*Demandeurs Finan* : Chariss Finan, Gloria Finan-Bacon, Shawn Bacon, Kristin Dayton, Hailey Dayton, Cole Dayton, Kenton Stacy, Lindsey Stacy, L.S., M.S., S.S., A.S., Charles Keating III, William Keating, Cassandra Keating, Elizabeth Berry Jacek, Andrew Berry, Nathan Berry, A.B., N.B., Mohamad El Hajj Hassan, Zeinab El Hajj Hassan, Ayda Ahmad et Leyla Ekren

*Demandeurs Black* : Jason Black, Ezekiel Black, I.B. (représenté par Michelle Black), Succession de Nohemi Gonzalez, Beatriz Gonzalez, Paul Gonzalez, Reynaldo Gonzalez, Ron Greenfield, Pnina Greenfield, Gili Greenfield, Liron Greenfield, Shere Greenfield, Shye Greenfield et Myeshia Johnson

*Demandeurs Shirley* : Susan Shirley, Caitlin Shirley, Francisco Molinar, Frank Molinar, Debra Austrum, Elizabeth Ashley Molinar, Destiny English, Porter Goodman, Dale Goodman, Teresa Goodman, Ian Goodman, Levi Goodman, Erika Tannis Goodman, Jessica Wagner, Freeman Stevenson, Robert Stevenson, Paige Atwood, Meghan Stevenson, Chelsea Niehaus *en tant que représentante légale* de M. N-K, mineur, et de L.N-K, mineure, Reginald Savage, Brenna Savage, David Todd, Rachel Todd, Ricardo Todd, Tammy Grodt, Kaylee Dedrick *en tant que représentante légale* de T.G., mineur, Meghann Conforti, Stephanie Dawson, Emily Grodt, John Grodt, Kaitlyn Doxie, David Taylor, Sr., Lauren Samuels, Daniel Kitchens, Mathew Hughes, Paul W. Hughes, Sherri L. Hughes, Daniel D. Hughes et Jonathan P. Hughes

5

*Traduction libre*
*Demande d'Entraide Chapitre II (Seguin)*

---

*Demandeurs Goldman* : Succession d'Avraham Goldman, Nitzhiya Goldman, Maya Goldman Cohen, Sharon Goldman-Najman, Gila Nissenbaum, Nathan Goldman, Succession de Yonatan Suher, Inbal Merom, G.S., mineur, représenté par sa tutrice légale Inbal Merom, U.S., mineur, représenté par sa tutrice légale Inbal Merom, Randolph Suher, Yael Suher, Amir Suher, Eyal Suher, Eran Suher et Edeete Suher

*Murad Demandeurs* : Nadia Murad, A.A., A.A., A.A., A.B., A.K., A.P., Abas Alhami, Abas Zaghla, Abeer Kareem, Abid Kassim, Abla Amy, Abrahim Qaso, Adib Ayzden, Adil Khalaf, Adil Murad, Adla Hasan, Adnan Shamo, Adool A Abdi, Adoulla Matto, Adula Mato, Aede Aldukhi, Aeid Hamo, Ahlam Albobo, Ahmed Hamo, Ahmed Ibrahim, Ahmed Mastto, Ahmed Omar, Aishan Bashar, Aishan Hassan, Aishe Murad, Akram Ezdeen, Al.M.K., Alan Elias Ibrahim, Alan Hasckan, Alan Murad, Alex Ismail, Ali Murad Azeez Barkhash, Ali Turki, Alias Aldakhi, Aliefa Avdi Rasho, Alifa Khalaf, Almas Alhainto, Alvin Khidir, Alya Ido, Alya Maroo, Alyas Aldakhi, Alyas Saydo, Am. K., Amal Hasan, Amal Kheder, Amal Osman, Ameen B Omar, Ameen Babeir Khudidah, Ameen Eedo, Ameera Khaleel Hussein, Ameera S Naif, Amena Maao, Amer Hasan, Amer Khudher, Amir Aldarwish, Ammar Mato, Amsha Hussein Ali, Angel Abrahim Qaso, Ansam Zaito, Anwar Elias, Arkan Adee, Armaan Bargish, Asaad Qasim, Asad Naif, Ashti Al Hamka, Ashwaq Naif Rashawka, Asia Ezeden, Asia Haji, Asia K Ali, Asinja Badeel, Asmar Eedo, Aveen Hussein, Awaz Smoqi, Ay.M.K., Ayad Khurmish, Ayaz Hasan, Azad Aadi, Azad Ziyad Murad Smoqi, Azeer Ismael, Azeez Haskan, Azeezah Arab, Azzat Aldake, B.K., Babeir Khudidah Khibil, Badal Khalaf, Badri Namo, Bahar Hamo, Bahar Mourad, Bahar Sulaiman, Bakir Murad, Banas Dna, Bannaz Shamo, Barack Abraham, Barakat Ali, Barakat Aslan, Barakat Hussein Rasho, Barakat Khalaf, Barakat Mahko, Barakat Mato, Barfi Hamo, Bari Blasiny, Barvi Mirza Ali, Basam Aldakhi, Base Awsman, Basee Naser, Baseh Shamo, Basel Shamo, Bashar Mourad, Basil Auso, Basim Alali, Basim Khalaf, Basim Namr, Basima A Hami, Basima Auso, Basima Kurtan, Basima Pir Ali, Basima Qasim Mtro, Baslan Allaw, Basma Zido Shekh, Basman Z Darweesh, Basseh Osman, Bassemah Shamo, Bayan Haydar, Bezar Ahmad, Bilqeez Khalaf, Bizi Misqri, Bsaam Alali, D.A., D.A., D.K., Dahham L Haji, Dakheel Sulaiman, Dakheel Zandinan, Dakhil Elias, Dakhil Odi, Dalal Semoqi, Dalia Kalo, Dalia Khairo, Dalshad Khudhur, Dalya Zndinan, Dani Hadgi, Daran Khamo, Darweesh Qasim, Darwesh Khalaf, Darwish Darwish, David Khaleel, David Majo, Dawood Basi Haji, Dawood Knjo, Dawood Masto, Dawood Murad, Dejin Khidir, Deleer Khudada, Diksa K Alkahalaf, Dilher Othman, Diyana Khairo, Dler Almahama, Edo Hammo, Eeda Hussain, Eedo Khalaf, Eedo Khalaf, Eedo Osman, Elias Eedo, Elyas Zaito, Evan Bibo, Ezzat Kolo, F.K., Fadi Khaleel, Fadi Taalo Pirali, Fadia Al Dakhi, Fadwa Daher, Fadwa Yousif, Faeza Murad Maroo, Faeza Osso, Fahad Naif, Fahad Qassim, Faisal Khalaf Smoqi, Faisal Osso, Faisal Rasho, Faisal Saydo, Faisal Yazdeen, Faiz Al Sloo, Faiza Shamo Kari, Fakhri Kassem, Falah Alpishimam, Falah Osman, Falah Rashoka, Falah Salo, Faleeha H Barehamy, Fareda Kader, Fareeda Aldakhi, Fares Dahhar, Farhan Alyas, Farida Khalaf, Faris Auso, Faris Bakr, Faris Khether, Faris Pirali, Faris Saado, Farooq Ibrahim, Fatima Ali, Fatin Kassem, Fawaz Blasiny, Fawziya Darweesh Hami, Faysal Khudir, Feryal D Khairo, Feryal Pirali, Firas Arab, Firdaus Kari, G.A., Gawri Al Dakhi, Gawry Salih Shamo, George Ibrahim, Ghalya Samokee, Ghandi Allaw, Ghanim Masto, Gharib Kheder, Ghassan Kheder, Ghazal Bashar Kassem, Ghazal Smoqy, Ghazalah Hesso, Ghazalah Mourad, Ghazalah Sulaiman, Guli Mahko, Guli Qasim, Guli Rasho, Gulistan Haji, H.D., H.K., Habeeb Mtro, Hadeel Pirali, Hadeel Sarhan, Hadi H Zagla, Hadi Majow Qassim, Hadi Pir, Hadia Smoqi, Hadiya Hadgi, Hadji H Khalaf, Hadji Kheder, Hadyah Murad, Haidar Hesso, Haidar Shamo Kari, Haider Elias, Haifaa Haji, Haifaa Khurmish, Haifaa Osman, Haiveen Blasiny, Hajar Ali, Haji A Blasiny, Haji Hameka, Haji Hasan Biso Mirza, Haji Hassan Smouki, Haji Salih Saido, Hakim Osman, Hakima Antar, Hala Rashoka, Halah Blasiny, Haleema Khalaf, Halfeen Khudada, Halimah F Hasan, Hammood Ali Aleeso, Hamo Hamo, Hamy M Hamdan,  Hanaa Abass, Hanaa Darwish, Hanaa Khalaf, Hanan Ibrahim, Hanan Jundi, Hanan Omar, Hanan Smoqy, Hanan Thanoon, Haneef Smoqi, Harbi Izdeen, Haroon Al Hayder, Harry Hasckan, Hasan Fandi, Hasan K Khalil, Hashim Ido, Hassan Alassaf, Hassan Ali, Hassan Hassan,

6

Hassan Hussein, Hassan J. Hassan, Hasso Bakr, Hatem Alali, Hatim Ido, Hawri Darweesh Elias Jndo, Hayder Yousif Murad, Hazem Al Yezidi, Hazim Aldakhi, Hazim Avdal, Hazim Ezdeen, Hazim Murad Maroo, Hazim Rashawka, Hazo Omar, Hazrat Ali, Hazzo Besho, Heivi Khalaf, Hend Z Atallah, Hiba Nawaf Assi, Hikmat Khalaf, Hinar K Kochi, Hiyam Omar, Hozhin Suliman, Huda Jasso, Humoom Darweesh, Husayn Joko, Husein Hesso, Husein Osman, Hussein Alisso, Hussein Hafi Ezdeen, Hussein Haji, Hussein Hskan, Hussein Khalaf, Hussein Kheder, Hussein M Maroo, Hussein Rasho, I.N., I.T., Ibrahim Ali, Ibrahim Alkhalaf, Ibrahim Khaleel Ghanim Zandinan, Ibrahim Khilla, Ibrahim Mourad, Ibrahim Oso, Ikhelas Mirza, Ilham Alijomir, Imad Matto, Inam Omar, Inas Al Aode, Isaac Abrahim Qaso, Isam M Maroo, Isam Nafkosh, Ismaeil Hesso, Ismael Hammo, Ismael Khro, Ismael Maajo, Ismail Heskan, Ismail Khalaf, Izdeen Smoqy, Izdihar Sheikh, J.A., J.K., Jad K Khurmish, Jadaan Khalaf, Jakleen Smo, Jalal Alhasan, Jalal Khalaf, Jalal Rasho, Jallal Isa, Jamal Karee Rasho, Jamal Mastu, Jamal Murad, Jamal Sedoo Al Dakhi, Jameel Khalaf Darweesh, James Abdy, Jamila Al Jndo, Janan Al Omar, Jane Doe, Janet Doe, Jani Al Dakhee, Jani Dawood, Jihad Khalaf, Jndy Smoqi, Joanne Osman, John Zalfow, Jolyana Khammoo, Jono Ahmed, Joza Shikho, Jwane Hasan, Jwani Hadi, Jyan Haji, Kafia Masto, Kali Pirali, Kamal Ali, Kamal Hasan Bakr, Kamal Ismail, Kamiran Choko, Kamla Ido, Kamla Shammo, Kamo Shammo, Kasim Hamo, Kawa Murad, Kawi Khalaf Kasem, Kawkab Rasho, Kawry Omar, Kawwal Hasan, Kejjan K Hesso, Khadeeda Sharo, Khaeiri Khoudeida, Khaeri Hadgi, Khaeri Hamo, Khairi Alpishimam, Khairi Alsattam, Khairi Darweesh, Khairi Elias, Khairi Heskan, Khairi Hesso, Khairi Khudher, Khairi Masto, Khairi Shammo, Khairi Smoqy, Khairi Zandinan, Khalaf Ahmed, , Khalaf Kasem Amsikh, Khalaf Khalaf, Khalaf Murad, Khalaf Shammo, Khalaf Smoqi, Khalaf Sulaiman, Khaled Mourad, Khaled Shamo, Khaleel Ali, Khaleel Assaf, Khaleel K Khalaf, Khaleel Kamo Elias Haskan, Khaleel Mark, Khaleel Samo, Khaleel Sulaiman, Khalid Arab, Khalid Haider, Khalid I Khalaf, Khalid Jendo, Khalid Juko, Khalida Khalaf, Khalida Simoqi, Khalida Zndinan, Khalidah Hussein, Khalil Hakan, Khalil Sinjari, Khani Rafo, Khani Sheebo Sharo, Khansa Hasan, Khansa Khalaf, Khaton Abas, Khatoon Haskan, Khaula Saeed, Khawla Al Aisso, Khawlah H Maleko, Kheder Darweesh, Kheder Hadji, Kheder Shamo Kheder, Khedir Qassim, Khero Khalaf, Khero Edo, Khidhir Ido, Khifshi Hassan, Khifshi Khudeeda Sulaiman, Khokhee Ahmed, Khokhi Alpishimam, Khokhi Khider Khudeeda, Khokhi Naif Rashawka, Khokhy Elias Omer, Khonaf Haskan, Khonav Qary, Khoudeida K Saadoon, Khounaf Shammo, Khudaidah Havend, Khudayda Aldakhi, Khudedah Murad, Khudhur Abdal Azzo Dnai, Khudhur Ali, Khudhur Sulaiman, Khudidah S. Maleko, Khunaf Salaja, Kiret Haji, Kitbiya Haidar, Klestan Ali Alhasan, Kochar Mhko, Kolo H Dahar, Kori Abdullah Ahmed, Kori Omar, Kori Sharro, Koulan Mourad, Kouli Khalaf, Kozi Hussein, Kudida H Shamo, Kuliar Jumaah, Laila Halo, Laila Hesso, Laila Kassem, Laila Khdir Ayub, Laila Khoudeida, Laila Mardos Miho, Laila Rasho Saleh, Laith Saleem, Layla H Karee, Layla Ibrahim, Layla Mourad, Layla Omar Elias Barghash, Layla Shamo, Leza Alali, Linda Osman, Lozina Alkhalaf, Lozniya Zandinan, Luis Alyas Kosa, M.A., M.G., M.K., M.K., Ma. K., Madina Aldakhi, Madleen Murad Maroo, Maged Hadgi, Maha Izdeen, Mahabad Darweesh, Mahabat Ali, Mahdi Hussein, Maher K Zandinan, Maherah Khille, Mahmood Hamo, Mahmood Kheder Ayoob, Mahya Alqasim, Majjo Hamo Khalaf, Majow Kaso, Manal Kuly, Mando Mtro, Manji Ibrahim Dahhar, Marenah Khalaf, Marvin Sulaiman, Marwan Khalaf, Maryam Naif, Maryna Shallal, Maya K Lavin, Mayada S M Malham, Mayan H Ali, Mayan Murad Mulhem Smoki, Maysoon Borali, Mazen Suleiman, Mazin Faeedi, Meser Haje, Mihi Zaghla, Mirza B Bakr, Mirza Khalaf, Misry Adi, Miyan Khalaf, Miyasar Kalo, Miyo Murad, Mo. K., Mohsin Ali Hasan, Mohsin Alsalo, Mohsin Khudaydah Haji, Mokhles Kheder, Mourad Hesso, Muayad Yousif, Mubad Rashow, Muhand Kheder, Muhsin Aljando, Muhsin Holki, Mulhim Abdullah, Mumtaz Blasiny, Munefah Murad, Muntasir Khudhur, Muqdad Alhamy, Murad Ismael, Murad M Mousa, Murad Qasim, Murad Qizly, Murad Smoqy, N.A., Naam Joko, Naam Simoqy, Nabilyoon Nawaf Allaw, Nada Hasan Bargish, Nada Osman, Nadia Ibrahim, Nadima Mirza, Nadin Elias, Nadira Keti Broka, Naeemah Nimr, Naeif Majjo Hamo, Nafeh Kassem, Nafiya Khoudeida, Nahidah Hasan, Nahrein Kassem, Naif Alsilo, Naif Yousif Murad, Naji Majo, Najma Khalaf, Nancy Khoudieda Khalil, Nanssy Elias, Naseema Kamal Abda Dinai, Nashwan

7

Khudidah, Nasima Haskaan, Nasima Osman, Natiq Atto Shamo, Navin Khalaf, Navin Naif, Nawaf Dahar, Nawaf Haskan, Nawaf Khalaf, Nawaf Sulaiman, Nawal Haji, Nawfee Khadeeda, Nawras Elias, Nawroz Sulaiman, Nayif Ibrahim, Nayyef Abdo, Nazar Kheder, Neam Mahmood, Nermeen Elias, Nibras Basitkey, Nidema Malko, Nissani Jndo, Nizar Rasho, Nofa Dena, Nofa Kareem Ismael, Nofa Kasem, Nora Yazdeen, Nori Khalaf, Noura Osman, Omar Haider, Omar Hussein, Omar Ismail, Omar Rashsho, Oras Osso, Ozair Al Jndo, P.K., Paiman Dna, Paris Allaw, Parker Burjus, Parween Chiyan, Pasha Rasho, Qadisyah Hussein, Qaisar Haji Ali Blasiny, Qaseema Ali, Qasim Barakat Guly, Qasim Pir, Qasim Shaabo Sulaiman Samoqi, Qassim Chomer, Ra. K., Rae. K., Raeda Ghanem, Raeed Khadida, Raghda Al Saydo, Rahan Alali, Rana Alali, Rana Khairo, Randa Khodida, Rashed Khder, Rashid Murad, Rasho Haso, Rasimia Smoqy, Rasmia Khalaf, Reema Alhamy, Ricky Namer, Rifaah Hussein, Riham Jndo, Rima Hadgi, Riyad Hesso, Roh. K., Rojeen Almahama, Rojgar Dna, Ronza Fehed, Rosa Nahamat, Rose Osman, Roza Shamo, S.A., S.A., S.K., S.S., Sa. D., Sa. H., Sa. K., Saad Faraz, Saad Ibrahim, Saad Khodida, Saada Murad, Saadi Aloso, Saado Ali, Saadoon Khudidah, Saadoon Smoqi, Saadun Issa, Saeed Salo, Sabah Barakat, Sabah Hussein, Sabah Mirzan Hasan, Sabah Qasim, Sabah Zaido, Sabreen Mahmah, Sabri Elias, Sabri Nafkosh, Saeed Bakr, Saeed Hamo, Saeed Issa, Saeed Kalo, Saeed Khalaf, Saeed Murad, Saeed Qasim, Sahar Nafkhosh, Sahira Majoo, Saido Hesso, Saidow M Zandinan, Saifi H Smouki, Salah Omar, Salah Osman, Salam Sheikh, Salar Badeel, Saleh Khalaf, Saleh Saffuk, Saleh Saleh, Salema Merza, Salih Hasckan, Salih Rashki, Salih Saado, Salim Ido, Salim Kheder, Salim Merza, Salim Sulaiman, Sally Rashid, Salman Elias, Salwa Adee, Salwan Khodida, Sam Lincoln, Sam Qasim Mirza, Saman Ali, Saman Khalil, Saman Khodida, Samea Merza, Sameer Darweesh, Sameer Khudhur, Sameer Zandinan, Sameera Darweesh, Sameera Rasho, Samerah Osman, Sami Smoqi, Samia Findi Ahmed, Samia Smoqi, Samir Eizdin, Samirah Osman, Samo Samo, Sanaa Osman, Sanan Aldakhi, Sarab Nafkosh, Sarah Joko, Sardar Almahama, Sardar Rashid, Sari O Meskin, Sari Turki, Sarkawt Badeel, Savey Meesho Khro, Sawsan Afdi, Seno Murad, Serdar Auso, Sevi Mourad, Shafiq Shabo Abdullah, Shaha Malo, Shaha Mohammed, Shahab Bashar, Shahab Khudeeda, Shahla Alhamy, Shahnaz Alhamy, Shahnaz Murad, Shahnaz Osso, Shahrazad Jumaah, Shahrstan A Hami, Shaima A Abrahim, Shaima Shamo Kari, Shami Ibraheem, Shamia Maao, Shamo Alhamy, Shareef Murad, Sharifa Khalil, Sharo Smoqy, Sharro Gebbo, Sharro Khalaf, Shawqi Sulaiman, Shazo Al Saleem, Sheelan Jadaan, Shereen Murad, Sheren Auso, Sheren Qaso, Sherevan Alhamy, Shihab Hami, Shiri Elias Khalaf, Shirwan Chicho, Shkur Eedo, Si. D., Si. K., Siham Merza, Sinobar Badeel, Skfan Al Niamo, Sleman Smoqi, So. H., Solaf Eido Kheder Alsadun, Souriya Osman, Sozan Ajol, Sozan Khalaf, Sr. H, Stefan Khodida, Steven Alnahmo, Steven Auso, Suaad Shammo, Suad Keti, Suad Khalaf, Suad Khider, Suad Nafkosh, Sulaf Darweesh, Sulaiman Allaw, Sulaiman Antar, Sulaiman Hamo, Sulaiman Hasan, Sulaiman Sido, Sultan M Maroo, Suriyah Haji, Sy. H., Taalo Khudhur, Taha A Abdullah, Tahseen Osman, Tahsin Jihan, Talal Rasho, Tareq Darweesh, Tariq Qasim, Tawaf Merza, Thaura Smoqi, Thawra Rashawka, Trko Omar, Turkia Mahko, Ubayd Salih Nafkosh, Umayah Murad, Valentina Abrahim Qaso, Vinal Halaja, W.A., Wa. A., Wadhhah Alesou, Wadhhah Dawood, Wahida Havend, Wansa Aldkhi, Wansa Rashki, Wardah Hasan, Waseem Breem, Wisam Saado, Wlid Qaro, Y.H., Y.T., Yousif M A Zandinan, Yousif Muhamd Beeso, Yousif Nimr, Yusra Aldakhi, Zaaim Ali, Zaedo Ali, Zaeeton Haji, Zahra Hamo, Zahra Osman, Zaidan Kheder Sulaiman, Zainab Eazden, Zaitoun Aldakhi, Zaizo Ali, Zeed Alale, Zeidan Khalaf Kasem, Zeri Hesso, Zeyed Khudhur, Zina Yazdeen, Zinah Muhi, Zirvan Alaode, Ziyad Faeedi, Ziyad Khudir, Ziyad Smoqi, Zoher Alali, Zozan Hiskan, Zubada Khudada

*Demandeurs Stallter* : Christine Stallter, Chester Lee, Peter Padnos, Brent Bartels, Michelle Black pour la succession de Bryan Black, Debra Gannon, Raymond Gannon, Myeshia Johnson pour la succession de LaDavid Johnson, A.J., représentée par sa tutrice ad litem Myeshia Johnson, L.S.J., représentée par sa tutrice ad litem Myeshia Johnson, L.T.J., représenté par sa tutrice ad litem Myeshia Johnson, Cowanda Johnson, Richard Johnson, Quanika Johnson, Rishshawnda Johnson et Michael Perozeni

*Demandeurs Fields* : Tamara Fields, Succession de Lloyd Carl Fields Jr., représentée par Tamara Fields en qualité d'exécutrice testamentaire, Heather Gavino, Succession de James Damon Creach, représentée par Heather Gavino en qualité d'exécutrice testamentaire, Jackson Creach, Samantha Creach, Jayedon Creach, Kimberly Harris, Succession de Sean Copeland, représentée par Kimberly Harris en tant que représentante personnelle, Succession de Brodie Copeland, représentée par Kimberly Harris en tant que représentante personnelle, Austin Copeland, Maegan Copeland, Kenneth Ressman, Jerri Faye Eaves, Khalesi Love, Rhasia Love, Veda Love, Succession de Nicholas Vittorio Leslie, représentée par Conrado Ignacio Leslie en tant que représentant personnel, Conrado Ignacio Leslie et Paola Ana Maria Leslie

*Demandeurs Wilson* : Helen Jane Wilson, Valerie Wilson-Hudson, Cynthia Lahne, Melanie Ann Nicholson, Tim William Russell, Chaim Winternitz, A.W. (par l'intermédiaire de ses parents et tuteurs Chaim Winternitz et Esther Winternitz), B.W. (par l'intermédiaire de ses parents et tuteurs Chaim Winternitz et Esther Winternitz), D.W. (par l'intermédiaire de ses parents et tuteurs Chaim Winternitz et Esther Winternitz), M.W. (par l'intermédiaire de ses parents et tuteurs Chaim Winternitz et Esther Winternitz), M.W. (par l'intermédiaire de ses parents et tuteurs Chaim Winternitz et Esther Winternitz), Ester Winternitz, Faige Winternitz, Jacob Winternitz, Moshe Winternitz, Yitel Winternitz, Succession de Justin Shults (par l'intermédiaire de son administratrice, Sheila Shell), Sheila Shell, Jeffrey Shults, Tiffany Shults-Ristine, Levi Sutton, Succession de Stephanie Moore-Shults (par l'intermédiaire de son exécuteur testamentaire Carolyn G. Moore), Carolyn G. Moore, Geary Moore, Holly E. Wood, Succession de James Logan Gragg (par l'intermédiaire de son exécuteur testamentaire Glenda S. Gragg), Trella Elizabeth Newsom, succession de Gail Minglana Martinez (par l'intermédiaire de son héritier Melchizedek Martinez), Melchizedek Martinez, Kianni Martinez, Ka.M. (par l'intermédiaire de son parent et tuteur Melchizedek Martinez), Kimo Martinez, N.M. (par l'intermédiaire de son parent et tuteur Melchizedek Martinez), Rosie T. Martinez, Maria Luisa Martinez, Angelito Minglana, Sr., Teofista Minglana, Gerard Minglana, Gilda Minglana-Harwood, Angelito Minglana, Jr., Angelo Minglana, Joseph D. Empey, Amber Orton-Empey, Joseph C. Empey, Dorothy Empey, Henry Empey, Isabelle Empey, Abraham Empey, Richard I. Norby, Pamela J. Norby, Tiffany Allred, Jason Norby, Chelsea Snell, Mason Wells, Chad S. Wells, Kymberly E. Wells, Porter J. Wells, Mia Wells, T.W. (par l'intermédiaire de ses parents et tuteurs légaux Chad S. Wells et Kymberly Wells), et Colby S. Wells

**9. Noms et adresses des représentants des demandeurs**

Joshua D. Branson,
Andrew E. Goldsmith,
Lillian V. Smith,
Christopher C. Goodnow,
James A. Ruck,
Eric J. Maier,
Chase H. Robinett,
Kaleb J. LeGore
Kellogg, Hansen, Todd,
Figel & Frederick, PLLC
1615 M St. NW
Ste. 400
Washington, DC 20036

9

(202) 326-7945
ÉTATS-UNIS D'AMÉRIQUE

Ryan R. Sparacino,
Adam J. Goldstein,
Stacy Wilson
Sparacino PLLC
1920 L Street NW, bureau 835
Washington, DC 20036
ÉTATS-UNIS D'AMÉRIQUE

Matthew Jason Fisher
Sparacino PLLC
150 South Wacker Drive
Suite 2400
Chicago, IL 60606
312-216-5111
ÉTATS-UNIS D'AMÉRIQUE

Lee Wolosky,
Andrew J. Lichtman,
Kathryn Bolas
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Tél. : (212) 728-8000
Fax : (212) 728-8111
ÉTATS-UNIS D'AMÉRIQUE

Todd C. Toral
Jenner & Block LLP
2029 Century Park East
Bureau 1450
Los Angeles, CA 90067-2901
213-239-2294

ÉTATS-UNIS D'AMÉRIQUE

Brent Caslin
Jenner & Block LLP
515 S Flower Street
Suite 3300
Los Angeles, CA 90071
213-239-5100
ÉTATS-UNIS D'AMÉRIQUE

Jason P. Hipp,
Sarah Ann Purtill
Jenner & Block LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1600

ÉTATS-UNIS D'AMÉRIQUE

Alyssa Bernstein,
J.E. Shreve Ariail,
Kyle N. Tramonte
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
202-639-6029
ÉTATS-UNIS D'AMÉRIQUE

Craig W. Carlson
Langdon D. Southworth
Cabinet d'avocats Carlson
100 East Central Texas Expressway
Killeen, TX 76541
254-526-5688
ÉTATS-UNIS D'AMÉRIQUE

Kevin L. Attridge,
Jonathan E. Missner,
Robert B. Gilmore,
Melissa Fox
Stein Mitchell Beato & Missner LLP
2000 K Street, NW, Suite 600
Washington, D.C. 20006
Tél. : (202) 737-7777
Fax : (202) 296-8312
ÉTATS-UNIS D'AMÉRIQUE

Gavriel Mairone, Océane Maher
MM~LAW LLC
875 North Michigan Avenue, bureau 3100
Chicago, IL 60611
Tél. : (312) 253-7444
Fax : (312) 275-8590
ÉTATS-UNIS D'AMÉRIQUE

Amal Clooney, Alisha Mathew
Cabinet d'avocats Amal Clooney
54 Doughty Street
Londres
Royaume-Uni de Grande-Bretagne et d'Irlande du Nord
(44) 204 526 1185

Joseph Tipograph,
Richard D Heideman,
Tracy R. Kalik,
Noel J. Nudelman
Heideman Nudelman & Kalik, PC
5335 Wisconsin Avenue, NW

11

Suite 440
Washington, DC 20015
703-447-3804
ÉTATS-UNIS D'AMÉRIQUE

Joshua D. Arisohn
Arisohn LLC
513 8e Avenue, n° 2
Brooklyn, NY 11215
Téléphone : (917) 656-0569
ÉTATS-UNIS D'AMÉRIQUE

Matthew A. Girardi
Bursor & Fisher, P.A.
50 Main Street, Suite 475
White Plains, NY 10606
Téléphone : (914) 874-0708
ÉTATS-UNIS D'AMÉRIQUE

T. Michael Guiffre,
John L. Murino (pro hac ad litem),
Aryeh S. Portnoy (pro hac ad litem),
Michael J. Williams (pro hac ad litem en attente)
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595
Téléphone : (202) 624-2500
ÉTATS-UNIS D'AMÉRIQUE

## 10. Noms des défendeurs

Lafarge S.A.,
Lafarge Cement Holding Ltd.,
et Lafarge Cement Syria S.A.

## 11. Noms et adresses des représentants des défendeurs

David W. Bowker
Jonathan E. Paikin
Albinas Prizgintas
Michaela S. Wilkes Klein
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC 20036
ÉTATS-UNIS D'AMÉRIQUE

Alyson Zureick
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
ÉTATS-UNIS D'AMÉRIQUE

12

**12. Nom et adresse de la personne à interroger (la « déposante »)**

Hélène Seguin, 263 boulevard Jean Jaurès, 92100 Boulogne-Billancourt, France

**13. Noms et adresses des représentants de la déposante, s'ils sont connus**

Inconnus.

**14. Nature et objet de la procédure et résumé des faits**

Les présentes procédures comprennent neuf actions civiles connexes devant le Tribunal fédéral de district des États-Unis pour le District Est de New York. Les demandeurs réclament des dommages-intérêts au titre de la loi antiterroriste américaine, telle que modifiée par la loi sur la justice contre les commanditaires du terrorisme (« JASTA »), pour des préjudices allégués résultant d'attaques menées par deux organisations terroristes étrangères désignées (« FTO »), l'État islamique d'Irak et de Syrie (« ISIS ») et le Front al-Nusrah (« ANF »), entre 2012 et 2017 en Syrie, en Irak, en Jordanie, en Turquie, en France, en Belgique, en Espagne, en Libye, au Niger et au Liban.[1] Les demandeurs affirment que Lafarge S.A., Lafarge Cyprus et LCS (« les défendeurs ») sont civilement responsables des préjudices subis par les demandeurs en raison du comportement présumé des défendeurs lié à l'exploitation par LCS d'une cimenterie dans le nord de la Syrie au cours des premières années de la guerre civile syrienne. Le Témoin devrait détenir des éléments de preuve se rapportant aux demandes des demandeurs et aux moyens de défense des défendeurs.

Les défendeurs nient toute responsabilité civile envers les demandeurs. Dans leurs réponses aux plaintes respectives des demandeurs, les défendeurs ont invoqué des moyens de défense affirmatifs à l'encontre des demandes des demandeurs, notamment en faisant valoir que toute interaction avec des groupes armés avait été menée par nécessité ou sous la contrainte, et qu'ils s'étaient retirés de tout complot allégué au plus tard en septembre 2014. *Voir Foley c. Lafarge et al.*, n° 1:23-cv-05691 (E.D.N.Y., 3 mars 2026), Dkt. n° 155, p. 158-161.[2]

Les parties procèdent actuellement à l'obtention de preuves concernant les demandes des demandeurs.

---

[1] Voir Foley c. Lafarge et al., n° 1:23-cv-05691 (E.D.N.Y., 5 août 2024), Dkt. n° 68 ; Finan c. Lafarge et al., n° 1:22-cv-07831 (E.D.N.Y., 4 mars 2026), Dkt. n° 140 ; Fields c. Lafarge et al., n° 1:23-cv-00169 (E.D.N.Y., 23 mars 2026), Dkt. n° 119 ; Murad c. Lafarge et al., n° 1:23-cv-09186 (E.D.N.Y., 1er août 2024), Dkt. n° 37 ; Goldman c. Lafarge et al., n° 1:24-cv-01043 (E.D.N.Y., 9 février 2024), Dkt. n° 1 ; Black c. Lafarge et al., n° 1:24-cv-08901 (E.D.N.Y., 30 décembre 2024), Dkt. n° 1 ; Shirley c. Lafarge et al., n° 1:25-cv-04248 (E.D.N.Y., 10 décembre 2025), Dkt. n° 38 ; Wilson c. Lafarge et al., n° 1:25-cv-01975 (E.D.N.Y., 9 avril 2025), Dkt. n° 1 ; et Stallter c. Lafarge et al., n° 1:25-cv-06749 (E.D.N.Y., 5 décembre 2025), Dkt. n° 1.

[2] Les défendeurs ont invoqué des moyens de défense affirmatifs similaires ou identiques dans leurs réponses aux demandes principales des demandeurs dans chacune des actions susmentionnées. Voir Finan c. Lafarge et al., n° 1:22-cv-07831 (E.D.N.Y., 25 mars 2026), Dkt. n° 148, p. 140-142 ; Fields c. Lafarge et al., n° 1:23-cv-00169 (E.D.N.Y., 25 mars 2026), Dkt. n° 124, p. 148-151 ; Murad c. Lafarge et al., n° 1:23-cv-09186 (E.D.N.Y., 28 février 2026), Dkt. n° 86, p. 537-539 ; Goldman c. Lafarge et al., n° 1:24-cv-01043 (E.D.N.Y., 18 mars 2026), Dkt. n° 55, p. 102-104 ; Black c. Lafarge et al., n° 1:24-cv-08901 (E.D.N.Y., 25 mars 2026), Dkt. n° 53, p. 133-136 ; Shirley c. Lafarge et al., n° 1:25-cv-04248 (E.D.N.Y., 25 mars 2026), Dkt. n° 63, p. 146-149 ; Wilson c. Lafarge et al., n° 1:25-cv-01975 (E.D.N.Y., 18 mars 2026), Dkt. n° 53, p. 152-154 ; et Stallter c. Lafarge et al., n° 1:25-cv-06749 (E.D.N.Y., 20 février 2026), Dkt. n° 10, p. 135-138.

13

### 15. Éléments de preuve à obtenir

Les demandeurs sollicitent deux types de preuves : (1) le témoignage sous serment du témoin et (2) les documents et autres pièces du témoin pertinents pour les demandes des demandeurs et les moyens de défense des défendeurs à cet égard.

Témoignage sous serment : Mme Seguin était membre du comité de sécurité de Lafarge. À ce titre, elle s'est rendue en Turquie avec Frédéric Jolibois en octobre 2014 afin de recueillir des informations auprès d'anciens employés de LCS concernant l'évacuation de la cimenterie située dans le nord de la Syrie. À ce titre, les défendeurs souhaitent interroger le témoin sur ses connaissances et son implication dans des questions relatives aux opérations et aux conditions de sécurité des défendeurs en Syrie, tant avant qu'après l'abandon de la cimenterie par les défendeurs. Les défendeurs souhaitent également interroger le témoin sur son emploi chez Lafarge S.A. et sur d'autres faits pertinents pour les demandes des demandeurs et les moyens de défense des défendeurs.

*Documents* : Les défendeurs demandent les documents du témoin relatifs à son travail pour Lafarge S.A., y compris les documents reflétant ses activités, observations et communications concernant les opérations des défendeurs et les conditions de sécurité en Syrie, tant avant qu'après l'abandon par les défendeurs de leur cimenterie dans le nord de la Syrie. Cela comprend, entre autres, les documents relatifs à la visite de la témoin à Gaziantep, en Turquie, du 12 au 14 octobre 2014, ainsi que toute note supplémentaire prise lors des entretiens avec les employés actuels ou anciens des défendeurs. Les catégories spécifiques de documents que les défendeurs sollicitent sont jointes en annexe 2.

### 16. Consentement des demandeurs, des défendeurs et le témoin à la mesure d'obtention de preuves

Les défendeurs ont donné leur consentement aux demandes d'audition de témoins et de communication de documents. Les demandeurs dans les affaires *Foley, Black, Stallter, Goldman, Finan, Shirley* et *Murad* ont donné leur accord aux demandes d'audition de témoins et de communication de pièces. Les demandeurs dans les affaires *Fields* et *Wilson* ne s'opposent pas aux demandes d'audition de témoins et de communication de pièces.

Les défendeurs, avec l'aide du commissaire Blumrosen, contacteront le témoin afin d'obtenir son consentement à l'audition et aux demandes de documents.

### 17. Méthodes ou procédures particulières à suivre

L'audition se déroulera conformément à l'ordonnance de confidentialité (*voir*, *par exemple*, *Foley c. Lafarge et al.*, n° 1:23-cv-05691 (E.D.N.Y.), Dkt. n° 42-1), ainsi que de l'ordonnance et de la stipulation modifiant l'ordonnance de confidentialité, qui est identique dans chacune des neuf actions susmentionnées et a été rendue par la Cour le 6 avril 2026. *Voir, par exemple*, *Foley c. Lafarge et al.*, n° 1:23-cv-05691 (E.D.N.Y.), Dkt. n° 165, jointe en tant que pièce n° 3 (présentée à titre d'exemple représentatif). [3] L'audition se déroulera également conformément au protocole d'audition, qui est identique pour chacune des neuf actions susmentionnées et a été adopté par la Cour le 27 mars 2026. *Voir, par exemple*, *Foley c. Lafarge et al.*, n° 1:23-cv-05691 (E.D.N.Y.), Dkt. n° 162, jointe en tant

---

[3] La même ordonnance et la même stipulation modifiant l'ordonnance de confidentialité ont été rendues le 6 avril 2026 dans chacune des actions susmentionnées, notamment : Finan c. Lafarge et al., n° 1:22-cv-07831 (E.D.N.Y.), Dkt. n° 157 ; Fields c. Lafarge et al., n° 1:23-cv-00169 (E.D.N.Y.), Dkt. n° 130 ; Murad c. Lafarge et al., n° 1:23-cv-09186 (E.D.N.Y.), Dkt. n° 108 ; Goldman c. Lafarge et al., n° 1:24-cv-01043 (E.D.N.Y.), Dkt. n° 69 ; Black c. Lafarge et al., n° 1:24-cv-08901 (E.D.N.Y.), Dkt. n° 62 ; Shirley c. Lafarge et al., n° 1:25-cv-04248 (E.D.N.Y.), Dkt. n° 72 ; Wilson c. Lafarge et al., n° 1:25-cv-01975 (E.D.N.Y.), Dkt. n° 62 ; et Stallter c. Lafarge et al., n° 1:25-cv-06749 (E.D.N.Y.), Dkt. n° 39.

que pièce n° 4 (exemple représentatif).[4] L'audition se déroulera en outre conformément aux Règles fédérales de procédure civile, dans la mesure où le droit français le permet. En outre, l'audition sera convoquée et menée par le commissaire Alexander Blumrosen à Paris, conformément aux protocoles adoptés par la présente Cour et aux conditions imposées par le ministère français de la Justice.

## 18. Date proposée pour l'achèvement de la procédure d'obtention de preuves

La date limite pour l'achèvement de l'obtention de preuves est fixée au 11 septembre 2026. Les parties ont convenu de mener les auditions à la première date convenable à laquelle le commissaire, la déposante et les représentants des parties seront disponibles.

## 19. Précision concernant le privilège ou l'obligation de refuser de produire des pièces en vertu de la loi de l'État d'origine

Ni la présente demande, ni les auditions, ni la participation du commissaire aux auditions ne constituent une renonciation, ni ne peuvent être considérées ou invoquées comme une renonciation, au secret professionnel entre avocat et client, à la doctrine du « work product », ou à tout autre privilège, droit, protection ou interdiction pouvant s'appliquer en vertu des lois de la France, des États-Unis ou de l'État de New York. Les questions relatives au secret professionnel (y compris le secret professionnel français, le secret professionnel avocat-client américain, la doctrine américaine du « work product » et le droit américain de ne pas s'incriminer soi-même prévu par le cinquième amendement) seront soulevées en premier lieu devant le commissaire, toute question non résolue étant réservée à la décision de la juridiction qui a émis la présente demande.

## 20. Autorité ayant désigné le commissaire, sous réserve de l'approbation du ministère de la Justice

Tribunal fédéral de district des États-Unis
District Est de New York
225 Cadman Plaza East
Brooklyn, New York 11201
ÉTATS-UNIS D'AMÉRIQUE

## 21. Commissaire

M. Alexander Blumrosen, Polaris Law
4, avenue Hoche
75008 Paris, France
Tél. : + 33 1 43 18 02 60
ablumrosen@polarislaw.eu

---

[4] Le même protocole d'audition a été inscrit le 27 mars 2026 dans chacune des actions connexes, notamment : Finan c. Lafarge et al., n° 1:22-cv-07831 (E.D.N.Y.), Dkt. n° 155 ; Fields c. Lafarge et al., n° 1:23-cv-00169 (E.D.N.Y.), Dkt. n° 128 ; Murad c. Lafarge et al., n° 1:23-cv-09186 (E.D.N.Y.), Dkt. n° 106 ; Goldman c. Lafarge et al., n° 1:24-cv-01043 (E.D.N.Y.), Dkt. n° 65 ; Black c. Lafarge et al., n° 1:24-cv-08901 (E.D.N.Y.), Dkt. n° 60 ; Shirley c. Lafarge et al., n° 1:25-cv-04248 (E.D.N.Y.), Dkt. n° 70 ; Wilson c. Lafarge et al., n° 1:25-cv-01975 (E.D.N.Y.), Dkt. n° 60 ; et Stallter c. Lafarge et al., n° 1:25-cv-06749 (E.D.N.Y.), Dkt. n° 37.

Est jointe en annexe n° 1 à la présente l'ordonnance de le Tribunal fédéral de district pour le district Est de New York, désignant M. Alexander Blumrosen en tant que commissaire, sous réserve de l'approbation du ministère de la Justice.

**22. Frais**

Tous les frais liés à la présente procédure au titre de la Convention de La Haye, y compris, sans s'y limiter, les honoraires du commissaire, les frais de traduction des actes de procédure et tous frais supplémentaires liés à l'audition, seront à la charge des parties. Chaque partie prendra en charge les honoraires et frais, le cas échéant, de ses propres avocats liés à toute procédure découlant de la présente procédure au titre de la Convention de La Haye.

　　　　Le Tribunal exprime sa gratitude au Ministère de la Justice pour sa courtoisie et son assistance dans cette affaire.

Date :
, 2026
Brooklyn, New York

L'honorable Peggy Kuo
Juge fédérale (Magistrate Judge)
District Est de New York

*Traduction libre*
*Demande d'Entraide (Seguin)*

---

**Pièce 1**

**Laissé intentionnellement en blanc.**

**À remplacer par la proposition d'ordonnance signée.**

**Pièce 2**

*Traduction libre*
*Demande d'Entraide (Seguin)*

---

**TRIBUNAL FÉDÉRAL DE DISTRICT DES ÉTATS-UNIS POUR LE DISTRICT EST DE NEW YORK**

**DEMANDES DE COMMUNICATION DE PIÈCES FORMULÉES PAR LES DÉFENDEURS AUPRÈS D'UN TÉMOIN NON PARTIE**

Conformément à la lettre de demande à laquelle les présentes demandes sont jointes, les défendeurs demandent à Hélène Seguin (le « témoin ») de fournir des réponses écrites aux présentes demandes de production et de produire, aux fins d'inspection ou de copie, les documents énumérés ci-dessous qui sont en la possession, sous la garde ou sous le contrôle du témoin, qu'ils aient été ou non préparés par le témoin ou toute autre personne, et ce, dans les meilleurs délais, aux bureaux du commissaire dûment désigné, M. Alexander Blumrosen, Polaris Law, situé au 4, avenue Hoche, 75008 Paris.

**DÉFINITIONS**

1.      Les défendeurs adoptent par référence toutes les définitions uniformes prévues par la règle civile locale 26.3.

2.      Le terme « Agent » désigne toute Personne agissant en votre nom ou habilitée à agir en votre nom, que cette autorisation soit expresse ou implicite. Le terme « Agent » inclut, sans s'y limiter, toutes les Institutions financières auprès desquelles vous détenez, avez détenu, gérez ou avez géré un Compte.

3.      « ANF » désigne le Front al-Nusrah et tous ses pseudonymes et prédécesseurs, y compris al-Qaïda en Irak (« AQI »), Jabhat al-Nusrah, Jabhet al-Nusra, le Front de la Victoire et le Front al-Nusrah pour le peuple du Levant, ou tout pseudonyme que vous avez utilisé en interne pour désigner cette organisation terroriste étrangère, y compris tous les membres ou agents de cette organisation.

4.      « Les Défendeurs » désignent Lafarge S.A. (« Lafarge »), Lafarge Cement Holding Limited (« Lafarge Cyprus ») et Lafarge Cement Syria S.A. (« LCS »), collectivement et séparément, y compris, sans s'y limiter, tout prédécesseur ou successeur, toute société mère, filiale ou société affiliée directe ou indirecte, ainsi que toute autre entité liée, tout agent ou toute autre personne agissant ou prétendant agir avec ou pour le compte de celle-ci ou de celles-ci.

5.      « Procédure française » désigne, sans limitation de durée, toute procédure civile, pénale, arbitrale, administrative, réglementaire ou autre procédure judiciaire, enquête, action en justice, poursuite ou procès en France, y compris les enquêtes ayant ou non donné lieu à une procédure, concernant, de quelque manière que ce soit, votre relation avec les défendeurs, Tlass, Taleb, l'État islamique, l'ANF, LCS ou toute personne affiliée à l'un d'entre eux ou contrôlée par l'un d'entre eux.

6.      Le terme « y compris » est utilisé pour mettre l'accent sur certains types de documents demandés et ne doit en aucun cas être interprété comme limitant la demande.

7.      « ISIS » désigne l'État islamique d'Irak et de Syrie ainsi que tous ses pseudonymes et prédécesseurs, y compris AQI, l'État islamique d'Irak et du Levant, l'État islamique et l'EIIL, ou tout pseudonyme que vous avez utilisé en interne pour désigner cette organisation terroriste étrangère, y compris tous les membres ou agents de l'une quelconque de ces organisations.

8.     Le terme « Personnel » désigne l'ensemble de vos employés, sous-traitants, consultants, agents ou intermédiaires.

9.     Les termes « lié à » ou « concernant » désignent, sans s'y limiter, les concepts suivants : concernant, constituant, se rapportant à, faisant référence à, décrivant, discutant, incarnant, attestant, consignant, mentionnant, enregistrant, étudiant, analysant, évaluant, estimant, reflétant, se rapportant à, étudiant, sondant, projetant, évaluant, enregistrant, résumant, critiquant, rapportant, commentant, soutenant, réfutant, répondant à, ou impliquant de toute autre manière, en tout ou en partie.

10.     Les termes « vous » ou « votre » désignent le Témoin à titre individuel ainsi que tout Agent ou toute autre Personne agissant ou prétendant agir avec ou pour le compte du Témoin.

11.     Les définitions énoncées ci-dessus s'appliquent à toutes les demandes.

## INSTRUCTIONS GÉNÉRALES

12.     Conformément à la règle fédérale de procédure civile 26(e)(1)(A), les présentes demandes ont un caractère continu, de sorte que si vous découvrez ou obtenez ultérieurement la possession, la garde ou le contrôle de tout document visé par les présentes demandes, vous devrez sans délai mettre ce ou ces documents à la disposition du commissaire à titre de réponses complémentaires aux présentes demandes.

13.     Vous devez produire tous les documents et autres éléments en votre possession, garde ou contrôle, qu'ils soient effectifs ou présumés, que ces documents ou éléments soient détenus directement par vous ou vos mandataires, ou par vos avocats ou leurs employés, mandataires ou enquêteurs. Le terme « possession » inclut, sans s'y limiter, la possession effective par vous, la possession effective par vous conjointement avec une autre personne, ou la possession présumée par vous dans la mesure où vous êtes légalement habilité ou en mesure d'obtenir la possession effective auprès d'une autre personne.

14.     Le singulier inclut le pluriel et vice versa chaque fois qu'une telle interprétation double permet d'inclure dans le champ d'application des présentes demandes tout document qui, sans cela, n'y serait pas inclus.

15.     L'emploi d'un verbe à tout temps, mode ou voix doit être interprété comme l'emploi de ce verbe à tous les temps, modes ou voix nécessaires pour inclure dans le champ d'application d'un sujet toutes les informations qui pourraient autrement être considérées comme hors de ce champ.

16.     L'original ou une copie conforme de chaque document doit être produit. Toute copie d'un document qui diffère de quelque manière que ce soit de l'original ou de toute autre copie dudit document, que ce soit en raison d'une annotation manuscrite (ou autre) ou d'une omission, constituera un document distinct qui doit être produit (que l'original dudit document soit ou non en votre possession, sous votre garde ou sous votre contrôle). Chaque document comprend les addenda, pièces jointes, annexes et brouillons, tels qu'ils se trouvent dans vos dossiers, ainsi qu'une copie de tout dossier physique descriptif. Les informations stockées électroniquement (« ESI ») répondant aux présentes demandes doivent être produites sous forme électronique conformément aux spécifications de format et avec les champs de métadonnées d'accompagnement à convenir entre les parties et/ou selon les ordonnances du tribunal.

17.     Les documents joints les uns aux autres ne doivent pas être séparés. Toutes les pièces jointes et tous les liens ou fichiers annexés ou intégrés doivent être produits si le document ou l'une des pièces jointes répond à l'une de ces demandes de documents. Si une partie quelconque d'un document répond à une partie quelconque des demandes ci-dessous, alors le document entier doit être produit.

18.    Si vous vous opposez à une demande, une définition ou une instruction, vous devez : (i) indiquer clairement à quelle partie ou portion de la demande, de la définition ou de l'instruction s'adresse l'objection ; (ii) exposer les motifs de l'objection ; (iii) indiquer clairement si des documents ont été ou seront retenus sur la base de l'objection ; et (iv) fournir tous les documents qui ne font pas l'objet d'une objection.

19.    Si vous souhaitez retenir tout Document, ou des parties de celui-ci, au motif qu'il bénéficie à juste titre d'un privilège ou d'une autre limitation à la divulgation, il vous est demandé, au moment de répondre aux présentes Demandes, d'exposer de manière précise le motif de privilège ou toute autre raison invoquée pour retenir le Document.  Il vous est en outre demandé de fournir les parties de tous les documents demandés qui ne font pas l'objet d'une revendication de privilège ou d'un autre motif de non-production, en caviardant ou en protégeant d'une autre manière les parties pour lesquelles un privilège est invoqué, si cette technique n'entraîne pas la divulgation des parties pour lesquelles un privilège est invoqué. Pour chaque document ou partie de document que vous retenez en invoquant un privilège ou une autre protection contre la divulgation, il vous est demandé d'identifier tous ces documents ou parties de ceux-ci de manière suffisante pour permettre de les décrire au tribunal afin qu'il se prononce sur le privilège ou tout autre motif de non-production, y compris une liste numérotée des documents pour lesquels un privilège ou une limitation de la divulgation est invoqué, en indiquant : (i) la forme du document (par exemple, mémorandum, lettre, note, courriel, etc.) ; (ii) le nom de chaque personne qui a rédigé, rédigé, envoyé, créé ou initié le document en question ; (iii) le nom de chaque personne à qui le document est adressé ou qui l'a reçu d'une autre manière ; (iv) la date de cette communication ; (v) l'objet général de cette communication (cette description ne doit pas être considérée comme une renonciation au privilège que vous invoquez) ; (vi) l'identification de tout Document ayant fait l'objet de ladite Communication et l'emplacement actuel de ce Document ; (vii) l'identification de tout Document qui consigne, mentionne ou se rapporte à ladite Communication et l'emplacement actuel de ce Document ; (viii) la ou les Demandes auxquelles ces informations répondent ; et (ix) le ou les motifs invoqués pour le privilège ou la limitation de la divulgation, y compris, le cas échéant, l'avocat et le client concernés.

20.    Chaque document demandé dans la présente doit être produit dans son intégralité et sans suppression, expurgation ou excision, que vous considériez l'intégralité du document ou seulement une partie de celui-ci comme pertinente ou répondant à ces demandes.

21.    Tous les documents doivent être numérotés séquentiellement selon le système Bates, avec un numéro unique sur chaque page et un préfixe identifiant la partie qui produit le document.

22.    Les présentes demandes ne sont pas destinées à être redondantes. Chaque demande doit être interprétée indépendamment et, par conséquent, aucune demande ne doit être interprétée comme limitant une autre demande. Il convient de répondre à chaque demande de manière exhaustive et dans la mesure où elle n'est pas couverte par une autre demande.

23.    Les questions relatives à l'interprétation de ces demandes doivent être résolues en faveur de l'interprétation la plus large possible.

24.    Si une demande de document ne peut être satisfaite dans son intégralité, veuillez y répondre dans la mesure du possible, en expliquant pourquoi une satisfaction complète n'est pas possible.

25.    Si vous vous opposez à l'une des demandes de documents énoncées ci-dessous, vous devez exposer vos objections de manière exhaustive par écrit. Si vous vous opposez à une demande concernant un document, la partie concernée ( ) doit être précisée. Si vous vous opposez à une demande ou à une partie d'une demande, vous devez produire tous les documents auxquels votre objection ne s'applique pas.

26.      Sauf indication contraire, la période concernée par les demandes s'étend du 1er janvier 2011 à ce jour (la « Période concernée »).

## DEMANDES DE COMMUNICATION DE DOCUMENTS

**Request for Production No. 1:**

Tous les actes de procédure, mémoires et documents que vous produisez, avez produits, recevez ou avez reçus d'autres parties dans le cadre de toute procédure judiciaire française découlant des activités des défendeurs en Syrie ou du financement direct ou indirect par les défendeurs de l'État islamique (EI) ou de l'ANF, ainsi que toute communication que vous avez eue avec le gouvernement français, le pouvoir judiciaire ou les forces de l'ordre, ou tout service, division ou agent de ceux-ci, dans le cadre de cette affaire civile, de cette enquête et/ou de ces poursuites.

**Demande de production n° 2**

Les relevés téléphoniques ou autres documents permettant d'identifier tous les appels téléphoniques que vous avez passés ou reçus entre le 1er janvier 2012 et le 31 décembre 2014.

**Demande de production n° 3**

Toutes vos entrées d'agenda ou vos emplois du temps pour toute partie de la période comprise entre le 1er janvier 2012 et le 31 décembre 2014.

**Demande de production n° 4**

Tous les documents et communications concernant Ahmad Jamal, Mohammed Taweel (alias Mohammed al Taweel Bin Ibrahim), Abu Bakr al-Baghdadi ou Abu Luqman (alias Ali Musa al-Shawakh).

**Demande de production n° 5**

Toutes les communications entre vous et les défendeurs concernant votre sécurité personnelle ou celle du personnel des défendeurs en Syrie.

**Demande de production n° 6**

Tous les documents et communications traitant de tout risque, menace ou danger réel ou perçu pour vous ou le personnel des défendeurs en Syrie, émanant de tout groupe terroriste ou autre groupe armé opérant en Syrie ou en Irak, y compris tous les documents et communications concernant toute mesure que vous ou les défendeurs avez prise ou envisagé de prendre pour vous protéger contre ces risques, menaces ou dangers.

**Demande de production n° 7**

Tous les documents et communications concernant la résiliation ou la fin de votre contrat de travail avec les défendeurs.

**Demande de production n° 8**

Tous les documents et communications relatifs à tout cas où l'État islamique (ISIS) ou les Front al-Nusrah (ANF) ont infligé ou menacé d'infliger des blessures physiques ou la mort à vous-même ou à tout membre du personnel des défendeurs.

**Demande de production n° 9**

*Traduction libre*
*Demande d'Entraide (Seguin)*

---

Tous les documents et communications relatifs à la visite à Gaziantep, en Turquie, du 12 au 14 octobre 2014, y compris, sans s'y limiter, les notes supplémentaires prises lors des entretiens avec les employés des défendeurs.

*Traduction libre*
*Demande d'Entraide (Seguin)*

24

**Pièce 3**

*Traduction libre*

**Foley c. Lafarge S.A. — Affaire n° 1:23-cv-05691 (NGG) (PK)**

**Finan c. Lafarge S.A. — Affaire n° 1:22-cv-07831 (NGG) (PK)**

**Fields c. Lafarge S.A. — Affaire n° 1:23-cv-00169 (NGG) (PK)**

## ORDONNANCE DE CONFIDENTIALITÉ

Il est ordonné que les dispositions suivantes régissent les revendications de confidentialité dans le cadre de la présente procédure :

(a)  Les documents et informations suivants peuvent être désignés comme « confidentiels », à condition que ces documents ne soient pas publics [cocher toutes les cases applicables] :

⊠ Données commerciales sensibles, telles que des informations confidentielles ou exclusives relatives à la recherche, au développement, à la fabrication, à des activités commerciales ou d'affaires, des secrets de fabrication, des formules spéciales, des questions de sécurité de l'entreprise, des listes de clients, des données financières, des prévisions de ventes, des données de production, des questions relatives aux fusions et acquisitions, et des données relatives aux prix.

⊠ Données personnelles sensibles, telles que les identifiants personnels, les informations financières, les dossiers fiscaux et les dossiers du personnel d'un employeur.

⊠ Dossiers médicaux et juridiques, y compris les dossiers et rapports médicaux.

☐ Antécédents judiciaires non publics.

(b)  Si une partie estime qu'un document non décrit dans le paragraphe ci-dessus devrait néanmoins être considéré comme confidentiel, elle peut en faire la demande au Tribunal. Une telle demande ne sera accueillie que pour motif valable dûment démontré.

(c)  L'avocat de la partie qui produit les documents peut désigner des documents ou des parties de ceux-ci comme confidentiels en apposant la mention « confidentiel » sur chaque page.

Si ces informations sont fournies en réponse à un interrogatoire écrit, l'avocat peut joindre ces informations séparément au corps principal des réponses à l'interrogatoire écrit, marquer ces annexes de la mention « confidentiel » et incorporer par référence les éléments annexés dans les réponses.

Au moment d'une déposition ou dans les 10 jours suivant la réception de la transcription de la déposition, une partie peut désigner comme confidentielles des portions spécifiques de la transcription qui contiennent des éléments confidentiels selon les critères énoncés au paragraphe (a) ci-dessus. Cette désignation doit être effectuée par écrit et signifiée à tous les avocats. Aucune objection ne pourra être soulevée lors de la déposition au motif qu'une réponse permettrait d'obtenir des informations confidentielles. Les transcriptions seront traitées comme confidentielles pendant cette période de 10 jours. Toute portion d'une transcription désignée comme confidentielle sera par la suite

1

*Traduction libre*

traitée comme telle conformément à la présente Ordonnance. La portion confidentielle de la transcription, ainsi que toutes les pièces qui y sont uniquement mentionnées, seront reliées dans un volume séparé portant la mention « Informations confidentielles » apposée par le sténographe.

(d)  Les documents désignés « confidentiels » ne pourront être communiqués qu'aux avocats, aux parties, aux experts, aux témoins effectifs ou potentiels, au personnel du tribunal et aux autres personnes dont la consultation de ces documents est nécessaire à la poursuite ou à la défense de la présente procédure. Toute personne autorisée à consulter des documents confidentiels se verra d'abord remettre une copie de la présente Ordonnance et sera en outre informée de l'obligation de respecter la désignation de confidentialité. Toute personne autorisée à consulter des documents confidentiels qui n'est ni partie ni avocat d'une partie sera tenue de signer un engagement de respecter la présente Ordonnance, joint en Annexe A. Les parties conviennent que tout élément de communication préalable confidentiel produit dans le cadre du présent litige ne pourra être utilisé qu'en relation avec ce litige.

(e)  L'examen des documents et informations confidentiels par les avocats, experts ou consultants des parties au litige ne vaudra pas renonciation à la confidentialité des documents ni aux objections à leur production.

(f)  La divulgation par inadvertance, involontaire ou en chambre du conseil d'un document ou d'une information confidentielle ne sera généralement pas considérée comme une renonciation, totale ou partielle, aux revendications de confidentialité d'une partie. Si, à tout moment avant l'audience au fond, une partie productrice se rend compte que certaines portions des éléments de communication préalable qu'elle a produits auraient dû être désignées comme « confidentielles », elle peut les désigner comme telles en en informant toutes les parties par écrit ; à condition que ces éléments n'aient pas déjà été publiés ou divulgués d'une autre manière, ces portions seront dès lors traitées comme confidentielles en vertu de la présente Ordonnance.

(g)  Si une partie estime qu'un document désigné — ou que la partie productrice cherche à désigner — comme confidentiel ne justifie pas une telle désignation, elle devra d'abord s'efforcer de bonne foi de résoudre ce différend avec l'avocat de la partie adverse. À défaut d'une résolution par les parties, l'une ou l'autre partie peut saisir le Tribunal afin qu'il se prononce sur le bien-fondé de la désignation. Il incombe à la partie revendiquant la confidentialité de démontrer que cette désignation est justifiée.

(h)  Les parties devront se conformer aux Étapes pour le dépôt électronique de documents sous scellés en matière civile du District Est de New York, disponibles à l'adresse https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV.pdf, lorsqu'elles souhaitent demander le dépôt sous scellés d'un document.

(i)  Dans un délai raisonnable après la conclusion du litige, l'ensemble des éléments confidentiels devra être restitué aux parties productrices respectives ou détruit par les destinataires.

(j)  Pour toute requête adressée au Tribunal visée par la présente Ordonnance ou autorisée par celle-ci, le Tribunal peut exercer son pouvoir d'appréciation pour déterminer si la partie ayant gain de cause dans un tel différend peut obtenir le remboursement des frais qu'elle a engagés et, le cas échéant, le montant à accorder.

2

*Traduction libre*

---

    (k)  Le Tribunal conservera sa compétence à l'égard de toutes les personnes soumises à la présente Ordonnance dans la mesure nécessaire pour faire respecter les obligations qui en découlent.

Date : avril 2024

*[Suivent les signatures des avocats des parties.]*

## IL EST AINSI ORDONNÉ.

Date : Brooklyn, New York

Avril 2024

**Peggy Kuo**

*Magistrate Judge (juge fédérale auxiliaire)*

## ANNEXE A

J'ai été informé(e) par les avocats que certains documents ou informations devant m'être communiqués dans le cadre des affaires intitulées Foley c. Lafarge S.A., n° 1:23-cv-05691-NGG-PK, Finan c. Lafarge S.A., n° 1:22-cv-07831-NGG-PK, et Fields c. Lafarge S.A., n° 1:23-cv-00169-NGG-PK, ont été désignés comme confidentiels. J'ai été informé(e) que tous les documents ou informations portant la mention « confidentiel » sont confidentiels par Ordonnance du Tribunal.

Je m'engage par les présentes à ne divulguer aucune information contenue dans ces documents à toute autre personne. Je m'engage en outre à ne pas utiliser ces informations à d'autres fins que celles du présent litige.

DATE : _____

[Signature]

Signé en présence de : _____

(Avocat)

3

*Traduction libre*

*[Traduction de courtoisie de l'anglais vers le français]*

## TRIBUNAL FÉDÉRAL DE PREMIÈRE INSTANCE
## DISTRICT EST DE NEW YORK

**Affaires concernées :**

— Foley c. Lafarge S.A., et al., affaire civile n° 1:23-cv-05691-NGG-PK

— Finan c. Lafarge S.A., et al., affaire civile n° 1:22-cv-07831-NGG-PK

— Black c. Lafarge S.A., et al., affaire civile n° 1:24-cv-08901-NGG-PK

— Shirley c. Lafarge S.A., et al., affaire civile n° 1:25-cv-04248-NGG-PK

— Goldman c. Lafarge S.A., et al., affaire civile n° 1:24-cv-01043-NGG-PK

— Murad c. Lafarge S.A., et al., affaire civile n° 1:23-cv-09186-NGG-PK

— Stallter c. Lafarge S.A., et al., affaire civile n° 1:25-cv-06749-NGG-PK

— Fields c. Lafarge S.A., et al., affaire civile n° 1:23-cv-00169-NGG-PK

— Wilson c. Lafarge S.A., et al., affaire civile n° 1:25-cv-01975-NGG-PK

## STIPULATION ET ORDONNANCE MODIFIANT L'ORDONNANCE DE CONFIDENTIALITÉ

Les parties, par l'intermédiaire de leurs avocats soussignés, conviennent par les présentes et demandent respectueusement au Tribunal de rendre l'Ordonnance suivante modifiant l'Ordonnance de confidentialité précédemment rendue dans la présente Action (ECF n° 42-1) (l'« Ordonnance de confidentialité ») :

CONSIDÉRANT que le Tribunal a rendu l'Ordonnance de confidentialité (ECF n° 42-1) régissant le traitement des éléments confidentiels de la communication préalable dans la présente Action ;

CONSIDÉRANT que le Tribunal a rendu une Stipulation et Ordonnance relatives à la procédure de communication préalable des éléments électroniques (ECF n° 120) (le « Protocole ESI »), qui régit le format, le traitement, le caviardage, les métadonnées et la sécurité des informations stockées électroniquement, et que les parties entendent que la présente modification soit interprétée en cohérence avec le Protocole ESI et ne vienne pas le modifier ;

CONSIDÉRANT que la communication préalable dans la présente Action porte sur des documents et des ESI susceptibles de contenir des données à caractère personnel, y compris des dossiers médicaux, ainsi que des données à caractère personnel relevant des catégories particulières et des données relatives aux condamnations pénales et aux infractions, telles que définies respectivement aux articles 9 et 10 du Règlement général sur la protection des données (Règlement (UE) 2016/679 de l'Union

4

*Traduction libre*

européenne, le « RGPD »), et y compris des données susceptibles d'être soumises aux régimes des États membres de l'Union européenne et de la Suisse en matière de protection des données, de confidentialité et de droit du travail ;

CONSIDÉRANT que les défendeurs estiment que, compte tenu de la nature et du volume des données à caractère personnel en cause dans la présente Action, les responsables du traitement concernés (au sens de l'article 4, paragraphe 7, du RGPD) devraient, en ce qui concerne le traitement de ces données à caractère personnel protégées par le RGPD, mettre en œuvre des garanties supplémentaires conformes aux principes du RGPD ;

CONSIDÉRANT que les parties se sont concertées de bonne foi et conviennent que des modifications limitées de l'Ordonnance de confidentialité sont appropriées pour faciliter et accélérer la communication préalable portant sur des volumes importants de documents tout en protégeant les informations personnelles hautement sensibles ;

## Définitions

« Informations Attorneys' Eyes Only » ou « AEO » désigne un sous-ensemble d'Informations confidentielles hautement sensibles qui inclut, sans s'y limiter :

(a) les données à caractère personnel sensibles relatives à des personnes physiques de l'Union européenne et de la Suisse autres que celles déjà visées par l'Ordonnance de confidentialité ;

(b) les données médicales, y compris, sans s'y limiter, les notes de psychologues, les dossiers médicaux et les tests diagnostiques ;

(c) les données à caractère personnel relevant des catégories particulières au sens de l'article 9 du RGPD ;

(d) les données à caractère personnel relatives aux condamnations pénales et aux infractions au sens de l'article 10 du RGPD ; et

(e) les catégories comparables de données à caractère personnel protégées en vertu des lois sur la protection des données, la confidentialité ou le droit du travail des États membres de l'Union européenne, du Royaume-Uni ou de la Suisse.

Les éléments désignés « ATTORNEYS' EYES ONLY » ne pourront pas être produits avec des caviardages au titre des « données à caractère personnel nécessitant une protection en vertu des lois étrangères applicables en matière de protection des données », au sens où cette expression est utilisée à la Partie IV(3) du Protocole ESI. Pour éviter toute ambiguïté, les éléments désignés « ATTORNEYS' EYES ONLY » peuvent être produits avec des caviardages portant sur « (1) les informations privilégiées, y compris les informations protégées par le secret professionnel et le secret des travaux préparatoires (work product privilege) ; et (2) les informations d'identification personnelle sensibles (« PII »), y compris les numéros de sécurité sociale et les informations bancaires personnelles relatives à des comptes bancaires dont les défendeurs estiment raisonnablement et de

5

*Traduction libre*

bonne foi qu'ils ne sont pas liés aux faits reprochés, qu'elles soient produites sous forme caviardée ou non, conformément au Protocole ESI ». Id.

Afin de maximiser la protection et d'éviter toute production involontaire, les parties conviennent que les défendeurs pourront marquer tous les documents des productions à venir de la mention « ATTORNEYS' EYES ONLY ».

Le terme « Incident relatif aux données » désigne une violation de la sécurité entraînant la divulgation accidentelle ou illicite, ou l'accès accidentel ou illicite, à des Données à caractère personnel ou à des Données relevant des catégories particulières transmises ou stockées dans le cadre de la présente Action.

Le terme « Données à caractère personnel » a le sens qui lui est donné à l'article 4, paragraphe 1, du RGPD, à savoir toute information se rapportant à une personne physique identifiée ou identifiable ; est réputée identifiable une personne qui peut être identifiée, directement ou indirectement, notamment par référence à un identifiant tel qu'un nom, un numéro d'identification, des données de localisation, un identifiant en ligne, ou à un ou plusieurs éléments spécifiques propres à son identité physique, physiologique, génétique, psychique, économique, culturelle ou sociale.

Le terme « Partie destinataire » désigne tout avocat ou toute autre personne autorisée qui reçoit des Données à caractère personnel ou des Informations AEO, ou y accède, en vertu de l'Ordonnance de confidentialité.

## Désignation et divulgation

Une partie productrice peut désigner des éléments de la communication préalable comme « ATTORNEYS' EYES ONLY » lorsque ces éléments contiennent des Informations AEO et que leur divulgation au-delà des restrictions énoncées dans la présente Ordonnance créerait un risque substantiel de préjudice, y compris des risques découlant des lois applicables en matière de protection des données ou de confidentialité.

Production non caviardée. Lorsque les éléments de la communication préalable contiennent des Informations AEO, une partie productrice peut choisir de produire ces éléments sans caviardage, sous réserve d'une désignation « ATTORNEYS' EYES ONLY », au lieu de procéder à un caviardage. Aucune disposition de la présente Ordonnance ne saurait être interprétée comme imposant un caviardage en vertu de l'Ordonnance de confidentialité ou du Protocole ESI lorsque la partie productrice estime raisonnablement qu'une désignation AEO offre une protection appropriée.

Sauf décision contraire du Tribunal ou accord écrit de la partie productrice, les éléments désignés « ATTORNEYS' EYES ONLY » ne pourront être divulgués qu'aux personnes suivantes :

 (a) aux avocats externes inscrits au dossier et à leur personnel d'assistance contentieuse ;

 (b) aux avocats internes (in-house counsel) et à leur personnel d'assistance contentieuse ;

 (c) aux experts ou consultants engagés pour les besoins de la présente Action qui ont signé l'Annexe A et qui ne sont pas dirigeants, administrateurs ou employés d'une partie ; et

6

*Traduction libre*

(d) au Tribunal et au personnel judiciaire.

Les éléments désignés « ATTORNEYS' EYES ONLY » peuvent être utilisés sous forme non caviardée lors des dépositions si le témoin apparaît au regard du document et a déjà eu accès à cet élément dans le cadre de ses fonctions professionnelles.

## Limitation de finalité

Conformément au principe de limitation des finalités énoncé à l'article 5 du RGPD, l'ensemble des Informations AEO divulguées dans le cadre de la communication préalable dans la présente Action ne pourra être utilisé qu'aux fins de la poursuite, de la défense ou du règlement des demandes formulées dans la présente Action, et ne pourra être utilisé à aucune fin secondaire. Sans préjudice de ce qui précède, aucune Partie destinataire n'utilisera de Données à caractère personnel obtenues dans le cadre de la communication préalable à des fins commerciales, de marketing, de profilage, de prise de décision automatisée, de publication journalistique, de recherche sans rapport avec la présente Action, ou à toute autre fin que la conduite du présent litige. Aucune Partie destinataire ne copiera, reproduira ou dupliquera des Données à caractère personnel ou des Informations AEO, sauf dans la mesure raisonnablement nécessaire à la conduite de la présente Action. Toute copie de ce type sera soumise aux mêmes protections que l'original.

## Demandes de caviardage et de modification de désignation

Si une partie souhaite utiliser des éléments désignés « ATTORNEYS' EYES ONLY » à une fin incompatible avec cette désignation, elle devra identifier un nombre raisonnable d'éléments et demander à la partie productrice d'y appliquer des caviardages et de réviser la désignation de confidentialité. Une copie des éléments comportant les caviardages et la désignation de confidentialité révisée devra être fournie dans un délai de cinq (5) jours ouvrables.

## Traitement des ESI

Les documents produits conformément au Protocole ESI et désignés « ATTORNEYS' EYES ONLY » devront être marqués et identifiés selon les mêmes mécanismes que ceux applicables aux autres désignations de confidentialité, notamment l'apposition d'un tampon sur les images TIFF, l'identification sur les espaces réservés des fichiers natifs et le renseignement du champ de métadonnées de confidentialité, conformément au Protocole ESI.

## Sécurité et utilisation des Informations « ATTORNEYS' EYES ONLY »

Conformément au principe d'intégrité et de confidentialité énoncé à l'article 5 du RGPD, l'ensemble des éléments désignés « ATTORNEYS' EYES ONLY » (les « Informations AEO ») devra être traité, transmis et stocké à l'aide de mesures de protection administratives, techniques et physiques

7

*Traduction libre*

raisonnables et appropriées, conformes aux pratiques de sécurité standard du secteur applicables aux données hautement sensibles.

Ces mesures de protection devront inclure, au minimum, des contrôles d'accès limitant la mise à disposition aux personnes autorisées en vertu de la présente Ordonnance, une authentification sécurisée, le chiffrement des Informations AEO en transit et, lorsque cela est techniquement réalisable, au repos, ainsi que des mesures destinées à prévenir tout accès non autorisé, toute divulgation, altération ou perte.

Les Informations AEO ne pourront pas être téléversées vers, traitées par, résumées par, intégrées dans, vectorisées par, classées au moyen de, traduites par, ou autrement divulguées à, tout système d'intelligence artificielle générative accessible au public, tout grand modèle de langage (LLM) reposant sur l'apprentissage automatique, ou tout outil ou service automatisé similaire, y compris les systèmes qui conservent les entrées, les sorties ou autres dérivés à des fins d'entraînement, d'ajustement, d'amélioration du service ou d'utilisation inter-clients. Toute utilisation autorisée d'intelligence artificielle ou d'outils automatisés devra être limitée aux systèmes contrôlés par la Partie destinataire ou ses avocats, experts ou consultants, ou contractuellement restreints à ceux-ci, et configurés de manière à empêcher la conservation, l'utilisation secondaire ou la divulgation des Informations AEO ou de tout dérivé de celles-ci au-delà de ce qui est autorisé en vertu de la présente Ordonnance et du Protocole ESI.

## Notification d'incident relatif aux données

Conformément aux principes de transparence, de confidentialité et d'intégrité énoncés à l'article 5 du RGPD, dès qu'une Partie destinataire a connaissance d'un Incident relatif aux données impliquant des Informations AEO, elle devra en informer la partie productrice par écrit sans retard injustifié.

Cette notification devra inclure, dans la mesure des informations alors connues : (i) une description de la nature de l'Incident relatif aux données, y compris, lorsque cela est possible, les catégories et le nombre approximatif de personnes concernées et d'enregistrements de données concernés ; (ii) le nom et les coordonnées d'un point de contact désigné auprès duquel des informations complémentaires peuvent être obtenues ; (iii) une description des conséquences probables de l'Incident relatif aux données ; et (iv) une description des mesures prises ou envisagées pour remédier à l'Incident relatif aux données, y compris, le cas échéant, les mesures destinées à atténuer ses effets négatifs potentiels.

La Partie destinataire coopérera pleinement avec la partie productrice dans le cadre de l'enquête et de la remédiation relatives à l'Incident, et prendra toutes les mesures raisonnables pour contenir l'Incident et atténuer tout préjudice causé aux personnes concernées.

## Suppression et destruction des Données à caractère personnel

Conformément au principe de limitation de la conservation énoncé à l'article 5 du RGPD, dans un délai de soixante (60) jours à compter de la résolution définitive de la présente Action (ou plus longtemps s'il existe une base juridique justifiant la conservation des données concernées pendant une période plus longue), chaque Partie destinataire devra détruire de manière sécurisée toutes les

8

*Traduction libre*

Informations AEO reçues au cours de la communication préalable. La destruction sera effectuée à l'aide de méthodes raisonnablement conçues pour rendre les données définitivement irrécupérables, y compris, le cas échéant, par la suppression sécurisée des fichiers électroniques et le déchiquetage des documents physiques.

Date : 3 avril 2026

*[Suivent les signatures des avocats des parties.]*

**IL EST AINSI ORDONNÉ.**

Date : Brooklyn, New York

6 avril 2026

Peggy Kuo

*Magistrate Judge (juge fédérale auxiliaire)*

9

*Traduction libre*     25
*Demande d'Entraide (Seguin)*

**Pièce 4**

**TRIBUNAL FÉDÉRAL DE PREMIÈRE INSTANCE**

**DISTRICT EST DE NEW YORK**

| | |
|---|---|
| CHARISS FINAN, et al.,<br>Demandeurs,<br>c.<br>LAFARGE S.A., et al.,<br>Défendeurs. | Affaire n° 22-cv-07831-NGG-PK |
| DIANE FOLEY, et al.,<br>Demandeurs,<br>c.<br>LAFARGE S.A., et al.,<br>Défendeurs. | Affaire n° 23-cv-05691-NGG-PK |
| JASON BLACK, et al.,<br>Demandeurs,<br>c.<br>LAFARGE S.A., et al.,<br>Défendeurs. | Affaire n° 24-cv-08901-NGG-PK |
| SUSAN SHIRLEY, et al.,<br>Demandeurs,<br>c.<br>LAFARGE S.A., et al.,<br>Défendeurs. | Affaire n° 25-cv-04248-NGG-PK |
| NADIA MURAD, et al.,<br>Demandeurs,<br>c.<br>LAFARGE S.A., et al.,<br>Défendeurs. | Affaire n° 23-cv-09186-NGG-PK |
| SUCCESSION D'AVRAHAM GOLDMAN, et al.,<br>Demandeurs,<br>c.<br>LAFARGE S.A., et al.,<br>Défendeurs. | Affaire n° 24-cv-01043-NGG-PK |
| HELEN JANE WILSON, et al.,<br>Demandeurs,<br>c.<br>LAFARGE S.A., et al.,<br>Défendeurs. | Affaire n° 25-cv-01975-NGG-PK |
| CHRISTINE STALLTER, et al.,<br>Demandeurs,<br>c.<br>LAFARGE S.A., et al.,<br>Défendeurs. | Affaire n° 25-cv-06749-NGG-PK |
| TAMARA FIELDS, et al.,<br>Demandeurs,<br>c. | Affaire n° 23-cv-00169-NGG-PK |

1

*Traduction libre*

| | |
|---|---|
| LAFARGE S.A., et al.,<br>Défendeurs. | |

**STIPULATION ET ORDONNANCE**

**ÉTABLISSANT LE PROTOCOLE DE DÉPOSITION ET L'UTILISATION DE LA**

**COMMUNICATION PRÉALABLE DES PIÈCES (DISCOVERY) DANS LES ACTIONS**
**CONNEXES**

Conformément à la Règle 30 des Règles fédérales de procédure civile (« FRCP »), les parties aux neuf affaires susmentionnées (les « Actions connexes ») ont conjointement proposé un protocole (le « Protocole ») destiné à régir les dépositions et l'utilisation de la communication préalable des pièces dans ces actions. Après examen du Protocole, le Tribunal adopte la proposition des parties. La présente Stipulation et Ordonnance établissant le Protocole de déposition et l'utilisation de la communication préalable des pièces dans les Actions connexes (l'« Ordonnance ») s'applique et régit les dépositions, la production de documents, les réponses aux interrogatoires écrits et les réponses aux demandes d'aveux dans les Actions connexes.

***

**I. DISPOSITIONS GÉNÉRALES**

1. Sauf disposition expresse contraire de la présente Ordonnance, celle-ci ne modifie ni n'affecte l'applicabilité des FRCP, des Règles locales du Tribunal fédéral de première instance pour le District Est de New York (« LR »), des Règles fédérales relatives à la preuve (« FRE ») ou du droit applicable.

2. Tous les documents qui ont été ou seront produits par une partie dans toute Action connexe sont par les présentes réputés produits dans toutes les Actions connexes, sauf que les documents spécifiquement désignés par la partie productrice comme étant produits dans une ou plusieurs Actions seulement ne seront pas réputés produits dans toute autre Action connexe. Les parties s'efforceront de partager les réponses aux interrogatoires écrits et aux demandes d'aveux qu'elles fournissent dans chaque Action connexe avec les avocats des autres Actions connexes. Les interrogatoires écrits et les demandes d'aveux ainsi que les réponses qui y sont apportées, signifiés dans l'une quelconque des actions Finan, Foley, Black, Shirley, Murad, Goldman et Stallter, produisent leurs effets dans chacune de ces actions, mais non dans les actions Wilson et Fields. Les interrogatoires écrits et les demandes d'aveux ainsi que les réponses qui y sont apportées, signifiés dans l'une ou l'autre des actions Wilson et Fields, produisent leurs effets dans ces deux actions, mais non dans les actions Finan, Foley, Black, Shirley, Murad, Goldman et Stallter.

3. Une déposition factuelle ou de tiers recueillie dans toute Action connexe est par les présentes réputée recueillie dans toutes les Actions connexes. Une déposition d'expert recueillie dans toute Action est par les présentes réputée recueillie dans toutes les Actions connexes dans lesquelles cet expert est désigné comme tel.

2

*Traduction libre*

---

4.  L'ensemble des dépositions, documents, réponses aux interrogatoires écrits et réponses aux demandes d'aveux est soumis aux Ordonnances de confidentialité rendues par le Tribunal dans chaque Action connexe.

## II. DÉPOSITIONS

5.  Sauf circonstances particulières ou modification d'un commun accord, les conditions énoncées dans la présente Ordonnance régissent toutes les dépositions dans chacune des Actions connexes, y compris, sans s'y limiter, les dépositions factuelles (y compris les dépositions au titre de l'article 30(b)(6)) et les dépositions d'experts (dans la mesure où un expert est désigné pour témoigner dans plus d'une Action connexe), étant entendu qu'aucune disposition de la présente Ordonnance n'a pour objet ni ne saurait servir de fondement à la reprogrammation de la déposition de Guillaume Roux déjà fixée.

6.  Les parties coopéreront de bonne foi pour fixer les dates des dépositions. Les parties devront fournir un préavis écrit raisonnable indiquant la date, l'heure, le lieu, l'identité du témoin et toute demande de documents conformément à la FRCP 30. Les parties feront tout leur possible pour rendre les témoins disponibles pour une déposition à une date convenant aux parties et sans retard injustifié. En règle générale, les témoins de fait seront entendus à proximité de leur domicile ou de leur lieu de travail. Si un témoin est un ancien employé d'une partie et n'est pas représenté par l'avocat d'une partie, dès réception d'une notification de déposition concernant cet ancien employé, ladite partie devra, dans les 14 jours ouvrables suivant la notification de déposition, indiquer la date de départ et la dernière adresse connue de l'ancien employé, préciser si l'avocat de la partie peut accepter la signification de la notification ou s'il sera nécessaire d'adresser une assignation à l'ancien employé, indiquer si l'avocat de la partie représentera celle-ci dans le cadre de la déposition et, dans le cas contraire, fournir le nom et les coordonnées de l'avocat du témoin ou préciser que le témoin n'est pas représenté (ou que son statut de représentation est inconnu). Aucune disposition de la phrase précédente n'a pour objet ni ne saurait empêcher une partie de chercher à obtenir la déposition d'un tel témoin par voie d'assignation ou par d'autres moyens.

*Note du protocole : le terme « témoin » tel qu'il est utilisé dans le Protocole est équivalent au terme « déposant ».*

7.  Toutes les assignations à comparaître pour une déposition seront signifiées à toutes les parties simultanément à la signification au témoin. Si l'assignation à comparaître exige également la production de documents, d'informations stockées électroniquement ou d'objets tangibles, alors, conformément à la FRCP 45(a)(4), la partie qui signifie l'assignation doit d'abord fournir une notification et une copie de l'assignation à chaque partie avant que celle-ci ne soit signifiée à la personne à laquelle elle est adressée. Si une partie signifie une assignation pour la production de documents et exigeant la comparution à une déposition, la partie qui signifie cette assignation doit fixer la date de la déposition au moins 14 jours après la date de production fixée pour l'assignation à produire des documents ; et si la partie qui signifie cette assignation accepte de reporter la date de production des documents de manière à ce que le délai entre la date de production reportée et la date prévue pour la déposition soit inférieur à 14 jours, la date prévue pour la déposition doit être reportée à au moins 14 jours après la date de production reportée, sauf consentement de toutes les parties à un délai inférieur à 14 jours.

3

*Traduction libre*

8.  Sauf stipulation contraire des parties, les dépositions se dérouleront en personne ; les parties sont libres de fournir un accès par vidéoconférence pendant la déposition, à condition que l'avocat de la partie défenderesse à la déposition et tout avocat chargé de l'interrogatoire soient présents en personne.

9.  À l'exception des dépositions des experts et des demandeurs nommément désignés, les avocats de toutes les parties et leurs experts sont habilités à assister à toutes les dépositions, y compris celles de tiers, peuvent contre-interroger les témoins conformément aux conditions du Protocole ci-dessous et obtenir une copie de la transcription de la déposition. Les témoins de fait ne sont pas autorisés à assister aux dépositions d'autres témoins, sauf qu'un mineur faisant l'objet d'une déposition peut être accompagné d'un parent ou d'un tuteur, même si ce parent ou ce tuteur est également un témoin de fait effectif ou potentiel. Si le témoin est un expert, seules les parties et leurs avocats dans l'Action connexe dans laquelle l'expert est désigné peuvent y assister.

10. Si des informations sont soumises à l'Ordonnance de confidentialité de telle sorte qu'elles ne peuvent être divulguées à certaines personnes présentes ou participantes à une déposition, la personne concernée ne sera pas autorisée à participer aux portions de la déposition au cours desquelles ces informations soumises à l'Ordonnance de confidentialité sont discutées et n'aura pas le droit d'obtenir une copie de la portion de la transcription contenant ces informations et témoignages.

11. La partie qui a émis la première notification ou la première assignation est responsable de la prise en charge de tous les frais et coûts liés au lieu de la déposition, au vidéaste et au sténographe judiciaire. La partie qui a émis la première notification ou la première assignation s'assurera qu'un lien vidéo ou audio vers la déposition en direct est mis à la disposition des avocats autorisés à y assister mais qui n'ont pas l'intention d'interroger le témoin. Aucun participant à une déposition — c'est-à-dire aucun déposant, aucun avocat de la partie défenderesse à la déposition, ni aucun avocat chargé de l'interrogatoire — ne peut participer à une déposition en personne à distance, sauf accord des parties.

## A. Nombre et durée maximale des dépositions

12. Les parties conviennent de se concerter au sujet des modifications éventuelles à apporter aux limites du nombre de dépositions prévues à la FRCP 30(a)(2)(A)(i).

13. En règle générale, les dépositions des parties, y compris les dépositions au titre de l'article 30(b)(6), et les dépositions d'experts ne devront pas durer plus de 7 heures. Si des demandeurs issus de plusieurs Actions connexes souhaitent poser des questions, ils devront se coordonner et se répartir le temps disponible entre eux. La partie qui n'a pas signifié la notification peut contre-interroger le témoin à l'issue de l'interrogatoire principal pendant une durée maximale d'une heure, que le contre-interrogatoire dépasse ou non la limite horaire applicable. Les parties peuvent convenir de prolonger la limite de 7 heures dans un cas particulier et peuvent demander au Tribunal une dérogation à cette limite si elles ne parviennent pas à un accord.

*Note : tous les délais relatifs aux dépositions se réfèrent au temps de prise effective des témoignages.*

4

*Traduction libre*

14. En règle générale, les dépositions de témoins tiers, y compris d'anciens employés d'une partie, ne devront pas durer plus de 7 heures. La partie qui n'a pas délivré l'assignation peut contre-interroger le témoin à l'issue de l'interrogatoire principal pendant une durée maximale d'une heure, que le contre-interrogatoire dépasse ou non la limite horaire applicable. Si des demandeurs issus de plusieurs Actions souhaitent poser des questions, ils se coordonneront et se répartiront le temps disponible entre eux. Les parties peuvent convenir de prolonger la limite de 7 heures dans un cas particulier et peuvent demander au Tribunal une dérogation à cette limite si elles ne parviennent pas à un accord. En outre, si les demandeurs et les défendeurs souhaitent chacun faire déposer un témoin tiers, la déposition ne durera pas plus de 14 heures et sera répartie à parts égales entre les défendeurs d'une part et les demandeurs de toutes les Actions connexes d'autre part. Si l'avocat d'un tiers procède à un interrogatoire du témoin, le temps consacré à cet interrogatoire ne sera pas décompté des limites de temps imposées à l'une ou l'autre des parties.

15. Si la durée totale enregistrée d'une déposition dépasse 7 heures dans une même journée, la partie restante de la déposition se déroulera un second jour, sauf accord contraire entre les parties, le témoin, le sténographe judiciaire et le vidéaste.

16. Une fois qu'un témoin a été notifié ou assigné par l'un des demandeurs, il ne pourra être notifié ou assigné à nouveau par les demandeurs dans aucune des Actions connexes, sauf accord de toutes les parties. De même, si un témoin a été notifié ou assigné par les défendeurs, il ne pourra être notifié ou assigné à nouveau par les défendeurs sans l'accord des parties. Si les demandeurs et les défendeurs notifient ou assignent le même témoin, les parties feront tout leur possible pour que la déposition ait lieu sur des journées consécutives.

17. Tous les délais applicables aux dépositions seront prolongés de moitié si le témoin a besoin d'un interprète. Voir infra Section II.D.

**B. Logistique sur place**

18. Sauf accord contraire entre les parties qui interrogent le témoin et ce dernier, les témoins sont autorisés à se faire accompagner physiquement par leur avocat. Si le témoin est un expert, il est en outre autorisé à se faire accompagner physiquement par son équipe. La présence de ces personnes doit être conforme à toute LR applicable et doit être consignée au procès-verbal. Si la déposition se déroule par vidéoconférence, l'avocat ou les membres de l'équipe accompagnant le témoin doivent également apparaître à la caméra pendant toute la durée du témoignage.

19. Les parties conviennent qu'un vidéaste accrédité ou certifié sera engagé pour réaliser un enregistrement vidéo de chaque déposition. L'enregistrement vidéo de la déposition devra cadrer le témoin de manière à ce qu'une distance raisonnable autour du témoin de chaque côté soit visible. L'enregistrement vidéo de la déposition ne devra pas inclure les avocats ou les autres personnes présentes à la déposition.

5

## C. Pièces de la déposition

20. Pour toutes les dépositions, les parties feront des efforts raisonnables pour communiquer à l'avance la liste des participants. L'avocat qui mène l'interrogatoire devra fournir des copies papier de toutes les pièces qu'il souhaite faire marquer, soit une pour le sténographe judiciaire, une pour le témoin, une pour l'avocat de la partie défenderesse à la déposition, et une pour chacun des sept autres avocats présents au maximum, à l'exclusion de l'interrogateur. Les pièces n'ont par ailleurs pas besoin d'être fournies au sténographe judiciaire, à l'avocat de la partie défenderesse à la déposition ou aux autres avocats avant d'être marquées pour le procès-verbal.

21. Pour toutes les dépositions, les pièces seront marquées de manière séquentielle avec un préfixe comprenant « Défendeur » ou « Demandeur » suivi du prochain numéro disponible après la dernière pièce marquée lors de la déposition précédente (par exemple, Pièce Défendeur n° 1). Les parties feront tout leur possible pour ne pas attribuer un numéro de pièce différent à une pièce déjà marquée lors d'une déposition antérieure, mais utiliseront plutôt la pièce précédemment marquée. Le sténographe judiciaire ou le prestataire désigné tiendra le registre officiel des pièces.

22. Pour toutes les dépositions, l'avocat qui interroge identifiera la pièce, pour les besoins du procès-verbal, par son numéro Bates de début et de fin. Le témoin peut demander à consulter les fichiers natifs pour les feuilles de calcul, les fichiers CAO ou les éléments similaires, et l'avocat qui interroge n'est pas tenu de fournir ces fichiers natifs sous forme de copies physiques, mais peut le faire s'il le souhaite.

23. Le témoin disposera d'un délai suffisant pour examiner la pièce avant de répondre à toute question s'y rapportant.

24. Tout document examiné, ou toute note prise, par un témoin à tout moment après le début de la déposition et avant sa conclusion devra être conservé et soit mis à la disposition des avocats de toutes les parties, soit versé au procès-verbal de la déposition.

25. À l'issue de la déposition, le prestataire chargé de la gestion des pièces distribuera les copies tamponnées au sténographe judiciaire et à l'ensemble des avocats présents.

## D. Interprètes

26. Les parties se concerteront sur les circonstances justifiant le recours à des interprètes choisis par les parties ou à des interprètes neutres lors des dépositions, y compris le délai de préavis approprié et le nombre d'interprètes.

27. Toutes les dépositions se dérouleront en anglais. À défaut d'accord entre les parties, pour tout témoin qui, au moins 14 jours avant la déposition, déclare ne pas maîtriser suffisamment l'anglais pour comprendre les questions posées en anglais ou pour y répondre, les parties feront appel à un interprète neutre.

28. La partie qui a notifié la déposition prendra en charge les frais liés à l'engagement d'un traducteur officiel et qualifié pour la déposition de tout témoin ayant besoin d'un traducteur

6

*Traduction libre*

pour répondre aux questions en anglais. L'avocat de toute partie peut amener son propre traducteur à la déposition afin de l'assister. Si une partie insiste pour recourir à son propre interprète lors d'une déposition, elle en assumera les frais.

29. Toute objection à la traduction doit tenir compte des exigences de la FRCP 30(c)(2).

**E. Dispositions diverses**

30. Le témoin peut examiner et signer la transcription officielle fournie par le sténographe judiciaire, en signalant toute erreur dans le délai prévu par la FRCP 30(e).

31. Lorsqu'un témoin est représenté par un avocat qui ne représente pas une partie aux Actions connexes (par exemple, un tiers ou un employé d'une partie disposant d'un avocat distinct), la partie notifiante devra fournir une copie de l'Ordonnance de confidentialité applicable à l'avocat de ce témoin, accompagnée de l'assignation à comparaître ou de la notification de déposition. Les parties feront tout leur possible pour que les témoins tiers et leurs avocats se conforment au Protocole.

32. Les parties peuvent modifier ces procédures de commun accord, le cas échéant, et se réservent le droit de demander des modifications raisonnables de ces procédures, le cas échéant, dans des cas particuliers.

Date : 26 mars 2026

*[Suivent les signatures des avocats des parties.]*

**IL EST AINSI ORDONNÉ.**

Date : Brooklyn, New York

27 mars 2026

Peggy Kuo

*Magistrate Judge (juge fédérale auxiliaire)*

7